IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIONA JORDAN, | ) | Case No.: 07-CV-6452 |
|     Plaintiff, | ) | |
| | ) | Judge: David H. Coar |
| v. | ) | |
| | ) | Magistrate Judge: Morton Denlow |
| R&O AURORA, INC., | ) | |
|     Defendant. | ) | |

## PLAINTIFF'S MOTION TO COMPEL

NOW COMES Plaintiff, Kiona Jordan, by her undersigned attorney, and requests that the Honorable Court compel Defendant, R&O Aurora, Inc., to provide full responses to Plaintiff's written discovery requests pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure. In support of said motion, Plaintiff states as follows:

1. That Plaintiff served her first set of interrogatories and production requests on January 23, 2008.

2. That Defendant served its answers to Plaintiff's first set of interrogatories and production requests on March 03, 2008. (Relevant portions attached as Exhibit A).

3. That Plaintiff served her second set of interrogatories on March 26, 2008.

4. That on March 28, 2008, Plaintiff's counsel sent Defendant's counsel a letter requesting supplemental answers. (Attached as Exhibit B).

5. That on April, 10, 2008, Defendant's counsel sent Plaintiff's counsel an e-mail indicating that he would be responding to the March 28, 2008 letter. (Attached as Exhibit C).

6. That on April 25, 2008, Plaintiff's counsel wrote Defendant's counsel informing him that a motion to compel would be filed if no response was given. (Attached as Exhibit D).

7. That Defendant served its answers to Plaintiff's second set of interrogatories on April 28, 2008. (Attached as Exhibit E).

8. That on May 01, 2008, Defendant's counsel wrote a letter to Plaintiff's counsel responding to the March 28, 2008 letter. (Attached as Exhibit F).

9. That on May 01, 2008, Plaintiff's counsel sent Defendant's counsel a letter asking that Defendant's response to Plaintiff's second set of interrogatories be supplemented. (Attached as Exhibit G).

10. That on May 07, 2008, Plaintiff's counsel sent Defendant's counsel an e-mail inquiring into the possibility of doing a Rule 37.2 telephone conference to try to resolve the discovery issues.

11. That on May 13, 2008, the Parties had a 37.2 telephone conference in attempt to resolve the discovery issues.

12. That on May 13, 2008, Plaintiff's counsel sent Defendant's counsel an e-mail with additional legal authority relating to some of the discovery issues. (Attached as Exhibit H).

13. That on May 22, 2008, Plaintiff's counsel sent another letter to Defendant's counsel addressing additional concerns raised by Defendant's counsel. (Attached as Exhibit I).

14. That interrogatory number 5 asks Defendant to identify each employee who has alleged, complained or reported that he/she was sexually discriminated against, sexually harassed or subjected to retaliatory conduct by Lewis Gregg and for each person identified, state the dates, nature and particulars of his/her allegations.

15. That Defendant has only provided a partial response to interrogatory number 5 in that it responded by providing documents that identify the names of the individuals and the allegations of sexual harassment that they made against Lewis Gregg. The documents produced fail to provide the contact information of these individuals.

16. That similarly, Defendant has indicated that it would supplement its response to interrogatory number 4 by providing the last known contact information of non-supervisors and non-managers who worked with Lewis Gregg.

17. That Paragraph D of the "Definitions and Instructions" of the interrogatories defines

"Identify" when used in reference to an individual person, includes the present or last known residence and business address, present or last known telephone number. (Attached as Exhibit J).

18. In *Sciafe v. Boenne*, the district court held that the non-movant must provide the contact information of certain witnesses as required by the Fed. R. Civ. P. 26(a)(1)(A). 2000 U.S. Dist. LEXIS 7973 **12 (N.D. Ind. 2000). (Attached as Exhibit K).

19. That interrogatory number 7 requests that Defendant identify each person that has been disciplined or evaluated by Lewis Gregg, including but not limited to any of the following: verbal warnings or reprimands, written warnings or reprimands, suspensions or terminations, written or unwritten performance evaluations. Production request number 28 seeks documents relating to the same.

20. That in its answer to the complaint, Defendant has asserted the *Ellerth/Faragher* affirmative defense. Plaintiff is in need of the requested information in order to show that Lewis Gregg was a supervisor under Title VII during the relevant period. Defendant has indicated that Lewis Gregg was Plaintiff supervisor as pleaded in its answer to the complaint. However, simply showing that the harasser had the title "supervisor" is insufficient to reach the finding that the harasser was a supervisor under Title VII and failure to put on evidence of the harasser's supervisory status would instead require that liability be determined under the co-worker standard. The Seventh Circuit has stated that there must be evidence that the harasser

had the authority to take tangible employment actions such as hire, fire, promote, demote, transfer or discipline against the plaintiff and her co-workers. *See Valentine v. City of Chicago*, 452 F.3d 670 (7th Cir. 2006).

21. That in its response to interrogatory number 7, Defendant has stated that Lewis Gregg did not take any disciplinary action or participate in the performance evaluation of Plaintiff. The requested information and documents are needed to show that Lewis Gregg nevertheless had the authority to take tangible employment actions against Plaintiff.

22. That interrogatory number 12 and production request number 8 seek information and documents to all other sexual harassment charges and lawsuits filed against Defendant pertaining to sex discrimination, sexual harassment and retaliation. Defendant has indicated that it will produce the requested information but has not done so as of today. Plaintiff will withdraw her request that Defendant be compelled to produce the requested information if it provides the information prior to the hearing of this instant motion. However, Plaintiff has moved to compel this information and documents as she has been seeking the same for over two months.

23. That production requests 38 and 39 seek the job descriptions and personnel file of Amanda Olsen. Defendant has indicated that it would provide the job description of Amanda Olsen if any such documents exists. (See Exhibit F). Defendant has yet to state whether it has located the job description for this individual.

24. That Defendant has also stated that it will produce the portions of Amanda Olsen's personnel file relating to EEO and Human resource matters. (Defendant's letter of June 06, 2008 attached as exhibit L). However, production request 39 requests the entire personnel file of Amanda Olsen.

25. In *Brunker v. Schwan's Food Service, Inc.*, the district court stated that a "supervisor's personnel file is discoverable if that supervisor participated in the actions on which the plaintiff's case is based." 2006 U.S. Dist. LEXIS 41704, * 6 (N.D. Ind. June 21, 2006). (Attached as exhibit M).

26. That in Count II of Plaintiff's complaint, she has alleged retaliatory transfer, suspension, and demotion. Defendant acknowledges that Amanda Olsen was the decision-maker regarding the suspension and transfer of Plaintiff. (See exhibit L).

27. That Plaintiff's counsel has suggested that any sensitive information such as medical records and or personal information be redacted from the personnel file. Plaintiff's counsel has also expressed his willingness to enter into a mutually agreeable protective order. Defendant has never provided a draft of the protective order. (See Exhibit B).

28. That production requests 45, 49, 50, and 51 seek certain financial records that are necessary to establish jurisdiction, the cap for damages and punitive damages. Defendant has indicated that it would produce the requested documents if Plaintiff survives summary judgment and

if she enters into a protective order. Plaintiff has requested that a draft of the proposed protective order. Plaintiff has also requested that the proposed protective order contain language that the documents will be produced after the close of discovery should any of her claims survive motion for summary judgment. (See Exhibit I). Defendant has failed to provide a draft of the protective order.

29. That production request 62 requested a privilege log. Defendant initially objected to producing a privilege log. On May 01, 2008, Defendant agreed to produce a privilege log. The request for a list of documents which are being withheld from production by virtue of any privilege of non-production is not outside the scope of Fed. R. Civ. P. 34. That Fed. R. Civ. P. 26(b)(5) specifically requires the objecting party who stakes a claim of privilege to describe the nature of the documents, communications, or things not produced in a manner that, without revealing information itself privileged, will enable the other party to assess the applicability of the privilege. Failure to abide by Fed. R. Civ. P. 26(b)(5) may result in the waiver of the privilege. *See Ritacca v. Abbot Laboratories,* 2001 U.S. Dist. LEXIS 4366, *335 (N.D. Ill. 2001) (Attached as Exhibit N). Defendant has had over two months to produce the privilege log and has failed to do so. This Court should hold that Defendant has waived its privileges.

30. That interrogatory number 1 from Plaintiff's second set of interrogatories states, "State the date and each reason why Louis Greg [sic] was terminated from Defendant, identify each individual who may have knowledge of any facts regarding such, and identify what

knowledge each such person may have." Defendant initially objected to the interrogatory. (See Exhibit E). It has since directed Plaintiff to Lewis Gregg's personnel file which it only produced this week.

31. That the personnel file includes a separation notice. The separation notice does not indicate the reasons for separation. The file also contains a document from Defendant to the Illinois Department of Employment Security indicating that he was terminated for harassment. However, Section 1900 of the Unemployment Insurance Act explicitly precludes the admission into evidence of any information obtained during the administration of said act. 820 ILCS 405/1900. The file also contains notes of the two female employees who accused him of harassment and the names of the interviewers. However, it is not known if other individuals have knowledge of the reason for Lewis Gregg's termination. As such, Defendant should be compelled to provide a complete answer to this interrogatory.

                                          Respectfully Submitted,
                                          Kiona Jordan,

                                          /s Mark Pando
                                          One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110

## CERTIFICATE OF SERVICE

 I hereby certify that I have on this 11th day of June 2008, served a true and accurate copy of the foregoing *Plaintiff's Motion To Compel*, to Defendant's counsel by first class mail to the following:

Brian Ekstrom, Esq.
Hubbard & O'Conner, Ltd.
900 West Jackson Boulevard, Six West
Chicago, Illinois 60607

                Respectfully Submitted,
                Kiona Jordan,


                /s Mark Pando
                One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110