IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIONA JORDAN,<br>Plaintiff,<br><br>v.<br><br>R&O AURORA, INC.,<br>Defendant. | Case No.: 07-CV-6452<br><br>Judge: David H. Coar<br><br>Magistrate Judge: Morton Denlow |

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

Defendant, R&O Aurora, Inc. ("R&O"), by and through its attorneys, John O'Connor and Brian Ekstrom of Hubbard & O'Connor, Ltd. and Matthew Pappas of Pappas & Schnell, hereby answer Plaintiff Kiona Jordan's ("Jordan" or "Plaintiff") First Set of Interrogatories Directed to Defendant as follows:

### GENERAL OBJECTIONS

Defendant has the following general objections to Plaintiff's First Set of Interrogatories Directed to Defendant:

1. Defendant objects to Plaintiff's First Set of Interrogatories to the extent they are vague, ambiguous, overbroad, unduly burdensome, call for a legal conclusion and seek information that is confidential, unlikely to lead to the discovery of admissible evidence, irrelevant, privileged, the subject of attorney client privilege and attorney work product, an improper subject of inquiry under Federal Rules of Civil Procedure 26 and 33 or in Plaintiff's possession or otherwise equally available to Plaintiff.

-1-



evidence and already in Defendant's possession. Without waiving said objections, Ray Ebner supervised Plaintiff from her date of hire, December 7, 2005, until on or about June 26, 2006. Lewis Gregg supervised Plaintiff from on or about June 26, 2006 until on or about July 5, 2006. Norma Vargas supervised Plaintiff from on or about July 5, 2006 until she resigned, her last day of work being on or about July 26, 2006. Pursuant to FRCP 33, see also the documentation identified in Defendant's Rule 26(a) Disclosures. Investigation continues and this answer will be supplemented when further information becomes available.

3. Identify each person who supervised Louis Greg ("Greg"), to whom Greg reported, or who gave directions to Greg during his employment with Defendant and for each person identified, state the time period of said supervision.

**Answer:** Defendant objects to interrogatory no. 3 on the basis that it seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Lewis Gregg was supervised by Don Chapman during the period he supervised Plaintiff.

4. Identify each present or former employees of Defendant who have worked in the same department as Greg or under his supervision, and for each person identified, state his/her dates of employment and/or dates of such supervision.

**Answer:** Defendant objects to interrogatory no. 4 on the basis that it is overly broad and unduly

—3—

burdensome, seeks information that is not relevant and it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, pursuant to FRCP 33, see also the information and documentation identified in Defendant's Rule 26(a) Disclosures. As of July 2006, the following individuals reported to Lewis Gregg: Angela Haros, Clarissa James, Marlen Limon, Taquilla Stephens, Francis Frigo, Allen Helm, Jon Johnson, Christopher Perry, Terri Lane, Lou Autman, Percy Dukes, Angel Gonzalez, Agustin Matamoros, Gerardo Calderon, Richard Heft, Stanley Keen, Crescencio Martines and Charles Martin. Investigation continues and this answer will be supplemented when further information becomes available.

5. Identify each employee, including Plaintiff, who has alleged, complained or reported that he/she was sexually discriminated against, sexually harassed or subjected to retaliatory conduct by Greg and for each person identified, state the dates, nature and particulars of his/her allegations.

**Answer:** Defendant objects to interrogatory no. 5 on the basis that it is overly broad and unduly burdensome, seeks information that is not relevant, is not reasonably calculated to lead to the discovery of admissible evidence and seeks information already within the possession of Plaintiff's counsel. Subject to and without waiving these objections, no employee made any such allegations, complaints or reports against Gregg at or prior to the time Plaintiff made such allegations. See documents identified in Defendant's Rule 26(a)(1) disclosures.

-4-

6.  Identify each position held by Greg during his employment with Defendant and for each position identified, state the dates, his job duties, his supervisor and subordinates while in said position.

**Answer:** Defendant objects to interrogatory no. 6 on the basis that it is overly broad and unduly burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, Gregg was a forklift driver from the time of his hire on or about April 18, 2005 until on or about June 26, 2006, during which time he was supervised at various times by Sam Stockton, Norma Vargas and Juanita Hernandez. Starting on or about June 26, 2006 he held the position of supervisor in the kitter department during the relevant time period that he supervised Plaintiff. Gregg supervised the kitters, whose job duties included ordering materials, picking up parts, building kits and driving fork lifts. Gregg's supervisor was Don Chapman.

7.  Identify each person that has been disciplined or evaluated by Greg, including but not limited to any of the following: verbal warnings or reprimands, written warnings or reprimands, suspensions or terminations, written or unwritten performance evaluations.

**Answer:** Defendant objects to interrogatory no. 7 on the basis that it is overly broad and unduly burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Defendant further objects on the grounds that interrogatory no. 7 seeks information that may violate the privacy rights of third parties. Without waiving these objections, during the time Gregg supervised Plaintiff, he did not give Plaintiff any

discipline or evaluation.

8. Identify each class and/or position held by Plaintiff, the dates that she held each such position, the name of each person who participated in the decision to place her in said class or position, and each fact supporting each reason that she was place [sic] in said class and/or position.

**Answer:** Defendant objects to interrogatory no. 8 on the basis that it is overly broad, unduly burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence and seeks information already in Plaintiff's possession. Without waiving these objections, Plaintiff was hired by Defendant as a "floater" on December 7, 2005, she was moved to a "kitter" position on or about January 30, 2006 but may have been performing kitter duties before that. On or about July 5, 2006, Plaintiff was moved to a "repack" position by human resources director Amanda Olson and project manager Don Chapman in order to move her away from Lewis Gregg and accommodate her request. Pursuant to FRCP 33, see also documents Bates-stamped Nos. 1 to 93.

Investigation continues.

9. For each position or class identified in number 9 [sic] above, describe the duties of each such position or class, the location where Plaintiff worked in said position and identify each person who may be aware of any facts relating to the decision to place Plaintiff in said class or position.

-6-

**Answer:** Defendant objects to interrogatory no. 11 on the basis that it is overly broad, unduly burdensome, seeks information that is not relevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, pursuant to FRCP 33, see documents identified in Defendant's Rule 26(a) disclosures Bates-stamped 1-93.

12. Describe in detail all sex discrimination, harassment, and/or retaliation charge(s), lawsuit(s), and/or complaint(s), including internal complaints and grievances, made against Defendant or any of its employees from 2001 to the present. In your description of each such matter, state:

    a. the name of the complaining party, charging party or plaintiff;
    b. the name of the agency or court with whom the charge or suit was filed;
    c. the charge number, case number or any other identifying number of each such claim;
    d. the acts of discrimination alleged; and
    e. the disposition of the matter.

**Answer:** Defendant objects to interrogatory no. 12 on the basis that it is overly broad, unduly burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see response to interrogatory no. 5.

13. Identify each person(s) who Defendant believe [sic] has any information or knowledge of

-8-

18. State each fact and/or witness that may support Defendant's defense that Plaintiff's potential recovery is barred in whole or in part because Defendant exercised reasonable care to prevent and correct promptly any harassing, discriminatory, or retaliatory behavior and Plaintiff unreasonably failed to take advantage of preventive and corrective opportunities provided by Defendant or to avoid harm otherwise.

**Answer:** See Defendant's Rule 26(a) Disclosures and documents produced generally and documents Bates-stamped 1-93. See also Plaintiff's Complaint and charge. Facts supporting Defendant's defenses include, among others, Defendant's sexual harassment policy, Defendant's sexual harassment training procedures, the investigation conducted by Defendant pursuant to Plaintiff's complaint, the discipline of accused harasser Lewis Gregg and the transfer of Plaintiff at her request to another shift.

Investigation continues.

Respectfully Submitted,
R&O Aurora, Inc.,

*[signature]*

One of Its Attorneys

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIONA JORDAN, ) | Case No.: 07-CV-6452 |
| Plaintiff, ) | |
| ) | Judge: David H. Coar |
| v. ) | |
| ) | Magistrate Judge: Morton Denlow |
| R&O AURORA, INC., ) | |
| Defendant. ) | |

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST SET OF PRODUCTION REQUESTS DIRECTED TO DEFENDANT

Defendant, R&O Aurora, Inc., by and through its attorneys, John O'Connor and Brian Ekstrom of Hubbard & O'Connor, Ltd. and Matthew Pappas of Pappas & Schnell, hereby answer Plaintiff Kiona Jordan's ("Jordan" or "Plaintiff") First Set of Production Requests Directed to Defendant as follows:

## GENERAL OBJECTIONS

Defendant has the following general objection to Plaintiff's First Set of Production Requests Directed to Defendant:

1. Defendant objects to Plaintiff's First Set of Production Requests to the extent they are vague, ambiguous, overbroad, unduly burdensome, call for a legal conclusion and seek information that is confidential, unlikely to lead to the discovery of admissible evidence, irrelevant, privileged, the subject of attorney client privilege and work product, an improper subject of inquiry under Federal Rules of Civil Procedure 26 and 34 or in Plaintiff's possession or otherwise equally available to Plaintiff.

-1-

27. The job description(s) for the position(s) held by Louis Greg since the beginning of his employment with Defendant.

**RESPONSE:** Defendant objects to request no. 27 on the basis that it seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, Defendant will produce any responsive documents, if such documents exist, for the supervisor position held by Lewis Gregg when he was Plaintiff's supervisor. Investigation continues.

28. All disciplinary actions authored, issued, signed or given by Louis Greg to any of Defendant's employees during his employment with Defendant.

**RESPONSE:** Defendant objects to request no. 28 on the basis that it is overly broad, unduly burdensome, seeks information that is irrelevant and it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving said objections, see document identified in Defendant's Rule 26(a)(1) disclosures.

29. All performance evaluations authored, signed or given to any employees by Louis Greg at any time during his employment with Defendant.

**RESPONSE:** No responsive documents exist.

30. The job description(s) for the position(s) held by Leslie McGinnest since the beginning of her employment with Defendant.

**RESPONSE:** Defendant objects to request no. 30 on the grounds it seeks information

-9-

8. All documents which relate to any sex discrimination, sexual harassment or retaliation, assault or battery lawsuit, charge or complaint, including internal grievances, made or filed against Defendant from 2001 to the present.

**RESPONSE:** Defendant objects to interrogatory no. 8 on the basis that it seeks information that is overly broad, unduly burdensome, seeks irrelevant information and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see documents identified in Defendant's Rule 26(a)(1) disclosures.

9. All documents which relate to any sex discrimination, sexual harassment or retaliation, assault or battery lawsuit, charge or complaint, including internal grievances, made or filed against Louis Greg during his employment with Defendant.

**RESPONSE:** See response to request no. 8.

10. All written statements or communication regarding Plaintiff, this lawsuit or the underlying charges.

**RESPONSE:** Defendant objects to interrogatory no. 10 on the basis that is seeks information protected by the attorney client privilege and the work product doctrine. Without waiving these objections, see Defendant's Rule 26(a)(1) disclosures.

11. All documents or internal memoranda relating to Defendant's formal or informal policies regarding the issuance of write-ups, reprimands, suspensions and/or warnings to employees.

—4—

is irrelevant and it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, no responsive documents exist.

35. Ray Abner's entire personnel file, including but not limited to his resume, application for employment, all performance evaluations, warnings, write-ups and internal investigations.

**RESPONSE:** Defendant objects to request no. 35 on the basis that it is overly broad, unduly burdensome, seeks information the production of which would violate the privacy rights of third parties, seeks information that is irrelevant and it is not reasonably calculated to lead to the discovery of admissible evidence.

36. The job description(s) for the position(s) held by Bob McGee since the beginning of his employment with Defendant.

**RESPONSE:** Defendant objects to request no. 36 on the basis that it seeks information that is irrelevant and it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, no responsive documents exist.

37. Bob McGee's entire personnel file, including but not limited to his resume, application for employment, all performance evaluations, warnings, write-ups and internal investigations.

**RESPONSE:** See response to request no. 35.

38. The job description(s) for the position(s) held by Amanda Olson since the beginning of her employment with Defendant.

-11-

**RESPONSE:** Defendant objects to request no. 38 on the basis that it seeks information that is irrelevant and it is not reasonably calculated to lead to the discovery of admissible evidence. Subject to and without waiving these objections, no responsive documents exist.

39. Amanda Olson's entire personnel file, including but not limited to her resume, application for employment, all performance evaluations, warnings, write-ups and internal investigations.

    **RESPONSE:** See response to no. 35.

40. All statements obtained during Defendant's internal investigation of Plaintiff's complaint.

    **RESPONSE:** See documents identified in Defendant's Rule 26(a)(1) Disclosures, Bates-stamped 42-53.

41. All job description for the Kitter position.

    **RESPONSE:** See document Bates-stamped 126, R-O Employee Requisition for the Kitter position to be made available for inspection and copying at Plaintiff's expense

42. All job descriptions for the repack position.

    **RESPONSE:** Any responsive documents will be produced. Investigation continues.

43. All documents which Defendant will or may offer as exhibits at the trial of this case.

    **RESPONSE:** Defendant has not yet determined which documents it will or may offer as

-12-

exhibits at the trial of this case. Investigation continues.

44. All documents or other communication relating to any employment benefits offered to Defendant's employees in the period starting in 2006 to the present. Such material includes documents or things relating to:

   a. Any 401(k) plan provided by Defendant to any employees;
   b. Any health insurance benefits provided by Defendants to any employees;
   c. Any life insurance benefits and/or annuities provided by Defendant to any employees;
   d. Any profit sharing, retirement, or pension plans provided by Defendant to any employees;
   e. Any transportation, child-care, vacation, sick-time, and medical benefits provided by Defendant to any employees;
   f. Any bonus or incentive plans provided by Defendant to any employees;
   g. All other benefits provided by Defendant to any employees.

   **RESPONSE:** Defendant objects to request no. 44 on the basis that it is overly broad, unduly burdensome, seeks information that is irrelevant and it is not reasonably calculated to lead to the discovery of admissible evidence.

45. Defendant's audited and unaudited financial statements and federal income tax returns including supporting schedules for the period starting in 2004 to the present.

   **RESPONSE:** Defendant objects to request no. 45 on the basis that it is overly broad, unduly burdensome, seeks irrelevant information and it is not reasonably calculated to lead to the discovery of admissible evidence.

46. Defendant's articles of incorporation.

   **RESPONSE:** Defendant objects to request no. 46 on the basis that it is overly broad, unduly

—13—

burdensome, seeks irrelevant information, is not reasonably calculated to lead to the discovery of admissible evidence and seeks information that is available to Plaintiff from the Secretary of State of Illinois.

47. For each expert witness consulted or expected to testify, provide:

    a. His/her resume;
    b. A description of his opinions and the bases for such opinions; and
    c. A list of all documents and things reviewed or prepared in connection with his/her opinion.

**RESPONSE:** Defendant objects to request no. 47 on the basis that it goes beyond the scope of Rule 26(a)(1) and Rule 34 and seeks information that is privileged. Subject to and without waiving these objections, Defendant has not yet determined what, if any, expert witness(es) it expects will or may testify but will supplement this response for testimony of any expert witness pursuant to Rules 26 and 34.

48. Any documents referred to in Defendant's response to any of the interrogatories propounded by Plaintiff.

**RESPONSE:** See documents produced generally and identified in Defendant's Rule 26(a)(1) Disclosures.

49. Defendant's employer's quarterly tax returns (Form 941) for each quarter during 2004 to the present, including all attachments.

**RESPONSE:** Defendant objects to request no. 49 on the basis that it is overly broad, unduly burdensome, seeks irrelevant information and it is not reasonably calculated to lead to the discovery

of admissible evidence.

50. Defendant's Illinois Employer's Contribution and Wage Report (Form 1-99) for 2004 to the present.

**RESPONSE:** Defendant objects to request no. 50 on the basis that it is overly broad, unduly burdensome, seeks irrelevant information and it is not reasonably calculated to lead to the discovery of admissible evidence.

51. Defendant's payroll records reflecting the total number of employees of Defendant's for the period from 2004 to the present.

**RESPONSE:** Defendant objects to request no. 51 on the basis that it is overly broad, unduly burdensome, seeks irrelevant information and it is not reasonably calculated to lead to the discovery of admissible evidence.

52. All documents filed with any governmental agency concerning Defendant's employment practices from 2004 to the present. Such documents include, but are not limited to, those filed pursuant to 29 C.F.R. 1602, EEO-1 reports, and Employer Information Reports.

**RESPONSE:** Defendant objects to request no. 52 on the basis that it is overly broad, unduly burdensome, seeks irrelevant information and it is not reasonably calculated to lead to the discovery of admissible evidence.

53. All documents if any, reflecting that Defendant exercised reasonable care to prevent and

**RESPONSE:** See Defendant's Rule 26(a)(1) Disclosures.

62. A list of all documents which are being withheld from production by virtue of any privilege of non-production or for any other reason. (This list should identify each document by its name, date, author, and recipient and specify the reason for withholding it from production).

**RESPONSE:** Defendant objects to request no. 62 on the basis that it is overly broad, unduly burdensome, and is outside the scope of Rule 34.

Respectfully Submitted,
R&O Aurora, Inc.,

_____
One of Its Attorneys

John O'Connor
Brian Ekstrom
Hubbard & O'Connor, Ltd.
900 West Jackson Boulevard
Six West
Chicago, Illinois 60607
(312) 421.5960

Matthew P. Pappas
PAPPAS & SCHNELL, P.C.
1617 Second Avenue, Suite 300
Rock Island, IL 61201
Telephone: (309) 788-7110