# ASONYE & ASSOCIATES
### LAW OFFICE
11 SOUTH LASALLE STREET
SUITE 2140
CHICAGO, ILLINOIS 60603
PHONE: 312-795-9110   FACSIMILE: 312-795-9114
www.aa-law.com

UCHE O. ASONYE  uche@aa-law.com
MARK PANDO  mark@aa-law.com
CRAIG T. PAPKA  craig@aa-law.com

March 28, 2008

Mr. Brian Ekstron, Esq.
Hubbard & O'Connor, Ltd.
900 West Jackson Boulevard, Suite 6 West
Chicago, Illinois 60607

    Re:    *Jordan v. R&O Aurora, Inc.*
           Case No.: 07-CV-6452

Dear Brian:

I have reviewed your responses to Plaintiff's first set of discovery requests. Some of your responses to the discovery requests are insufficient. I ask that you supplement your responses for the following:

*Plaintiff's First Set of Interrogatories:*

- interrogatory number 4 asks Defendant to identify each present or former employees of Defendant who have worked in the same department as Lewis Gregg or under his supervision, and for each person identified, state his/her dates of employment and/or dates of such supervision. You object on the grounds that the interrogatory is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the interrogatory is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the identity of each present or former employees of Defendant who have worked in the same department as Lewis Gregg or under his supervision is relevant as the former employees may have observed the conduct of Lewis Gregg towards Plaintiff or themselves been subjected to the same conduct. Finally, without waiving your objections, you list a number of individuals without fully identifying them pursuant to paragraph D of the "Definitions and Instructions" of the interrogatories. Please produce the last known contact information for all non-managerial and non-supervisory employees. *See*



*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

*Sciafe v. Boenne*, 2000 U.S. Dist. LEXIS 7973 **12 (N.D. Ind. 2000).

- interrogatory number 5 asks Defendant to identify each employee, including Plaintiff, who has alleged, complained or reported that he/she was sexually discriminated against, sexually harassed or subjected to retaliatory conduct by Lewis Gregg and for each person identified, state the dates, nature and particulars of his/her allegations. You object on the grounds that the interrogatory is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the interrogatory is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the identity of each employee who has alleged, complained or reported that he/she was sexually discriminated against, sexually harassed or subjected to retaliatory conduct by Lewis Gregg is relevant as it shows Lewis Gregg's discriminatory motive, intent, preparation, and absence of mistake. *See Fed. R. Evid. 404(b); See also Molnar v. Lloyd Booth, et. al.*, 2000 U.S. App. LEXIS 24501, *603 (7th Cir. 2000). Finally, without waiving your objection, you answer by indicating that "no employee made any such allegations, complaints, or reports against [Lewis] Gregg *at or prior* to the time Plaintiff made such allegations." (*emphasis added*). This interrogatory does not specify disclosure of said allegations, complaints, or reports to a time period of at or prior to the time Plaintiff made such allegations, rather, includes the time period up to the present time period. *See Gaul v. Zep. Mfg. Co.*, 2004 U.S. Dist. LEXIS 1990 (E.D. Penn. 2004) (temporal scope of 5 years back is appropriate in Title VII case); *EEOC v. Autozone, Inc.*, 258 F.Supp. 2d 822 (W.D. Tenn. 2003) (collecting cases allowing discovery five years prior to alleged discrimination and two years post-charge investigation). It should be noted that it has come to light that another female employee has accused Lewis Gregg of sexual harassment after Plaintiff made allegations against Lewis Gregg. As such, please supplement your response with all allegations, complaints, or reports of sexual harassment against Lewis Gregg.

- interrogatory number 7 asks Defendant to identify each person that has been disciplined or evaluated by Lewis Gregg, including but not limited to any of the following: verbal warnings or reprimands, written warnings or reprimands, suspensions or terminations, written or unwritten performance evaluations. You raise numerous objections, including the interrogatory is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence, and the information may violate the privacy rights of third party individuals. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). I am not opposed to the redaction of sensitive material of these individuals. Further, the identity of each person that has been disciplined by Lewis Gregg is relevant as you have placed the documents at issue by asserting the *Ellerth/Faragher* affirmative defense. *See Jones v. Scientific Colors, Inc.*,

*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

2001 U.S. Dist. 10753, *2 (N.D. Ill. 2001); *Quiroz v. Hartgrove Hospital*, 1998 U.S. Dist. LEXIS 7194 (N.D. Ill. April 24, 1998); *Johnson v. Rauland-Borg Corp.*, 961 F. Supp. 208, 211 (N.D. Ill. 1997); *Payton v. N.J. Turnpike Authority*, 73 FEP Cases 1149 (1997); *Pray v. New York Ballet Company*, 73 FEP Cases 1714 (S.D.N.Y. 1997); *Brownell v. Roadway Packaging System, Inc.*, 185 F.R.D. 19, 76 Empl. Prac. Dec. 46 (N.D.N.Y. 1999); *Harding v. Dana Transport, Inc.*, 914 F.Supp. 1084, 1099 (D. N.J. 1996); and *Worthington v. H. Endee*, 177 F.R.D. 113 (N.D.N.Y. 1998). Finally, you respond without waiving said objections that "during the time [Lewis] Gregg supervised Plaintiff, he did not *give Plaintiff* any discipline or evaluation." *(emphasis added)*. Please note the interrogatory is not limited in scope to only Lewis Gregg's discipline to Plaintiff, rather, the interrogatory encompasses each person that has been disciplined or evaluated by Lewis Gregg.

- interrogatory number 12 asks Defendant to describe in detail all sex discrimination, harassment, and/or retaliation charge(s), lawsuit(s), and/or complaint(s), including internal complaints and grievances, made against Defendant or any of its employees from 2001 to the present. You object on the grounds that the interrogatory is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the interrogatory is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). The description in detail of all sex discrimination, harassment, and /or retaliation charge(s), lawsuit(s), and/or complaint(s), including internal complaints and grievances, made against Defendant or any of its employees from 2001 to the present is relevant as you have placed the documents at issue by asserting the *Ellerth/Faragher* affirmative defense. *See Jones v. Scientific Colors, Inc.*, 2001 U.S. Dist. 10753, *2 (N.D. Ill. 2001); *Quiroz v. Hartgrove Hospital*, 1998 U.S. Dist. LEXIS 7194 (N.D. Ill. April 24, 1998); *Johnson v. Rauland-Borg Corp.*, 961 F. Supp. 208, 211 (N.D. Ill. 1997); *Payton v. N.J. Turnpike Authority*, 73 FEP Cases 1149 (1997); *Pray v. New York Ballet Company*, 73 FEP Cases 1714 (S.D.N.Y. 1997); *Brownell v. Roadway Packaging System, Inc.*, 185 F.R.D. 19, 76 Empl. Prac. Dec. 46 (N.D.N.Y. 1999); *Harding v. Dana Transport, Inc.*, 914 F.Supp. 1084, 1099 (D. N.J. 1996); and *Worthington v. H. Endee*, 177 F.R.D. 113 (N.D.N.Y. 1998). Finally, you respond without waiving said objections by directing Plaintiff to see the response to interrogatory number 5. You respond to interrogatory number 5 in part by answering that "no employee made any such allegations, complaints, or reports against [Lewis] Gregg *at or prior* to the time Plaintiff made such allegations." *(emphasis added)*. Please note the interrogatory is not limited in scope to only Plaintiffs allegations against Lewis Gregg, rather, the interrogatory encompasses each complaint of sexual discrimination, sexual harassment, or retaliation against Lewis Gregg and seeks information from 2001 to the present. *See Gaul v. Zep. Mfg. Co.*, 2004 U.S. Dist. LEXIS 1990 (E.D. Penn. 2004) (temporal scope of 5 years back is appropriate in Title VII case); *EEOC v. Autozone, Inc.*, 258 F.Supp. 2d 822 (W.D. Tenn. 2003) (collecting cases allowing discovery five years prior to alleged discrimination and two years post-charge investigation).

*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

*Plaintiff's First Request for Production of Documents:*

- production request number 4 seeks Lewis Gregg's entire personnel file. You object on the grounds that the request is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the production request is relevant as it goes to show the supervisory status of the harasser, and is also relevant pertaining to information of warnings or documentation of inappropriate behavior contained therein. *See Saket v. American Airlines, Inc.*, 2003 U.S. Dist. LEXIS 2797 (N.D. Ill. 2003); *Byers v. Illinois State Police*, 2002 U.S. Dist. LEXIS 9861 (N.D. Ill. 2002); *Fox-Martin v. H.J. Heinz Operations*, 2003 U.S. Dist. LEXIS 23571 (D. Kan. 2003).

- production request number 5 seeks the personnel files of any of Defendant's employees who engaged in the same or similar conduct to that for which Plaintiff was transferred, suspended and demoted for the period of 2003 to the present. You object on the grounds that the request is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the production request is relevant as it provides comparative measures and a factual basis for individuals that engaged in similar conduct as plaintiff and did not suffer any adverse action in the form of a transfer, suspension or demotion.

- production request number 8 seeks documents which relate to any sex discrimination, sexual harassment or retaliation, assault or battery lawsuit, charge or complaint, including internal grievances, made or filed against Defendant from 2001 to the present. You object on the grounds that the request is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You also direct Plaintiff to Defendant's initial disclosures. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Your initial disclosures merely identify documents relating to Plaintiff's allegations in her respective complaints. The production request, however, seeks all documents which relate to *any* sex discrimination, sexual harassment or retaliation, assault or battery lawsuit, charge or complaint, including internal grievances, made or filed against Defendant from 2001 to present. Further, this production

*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

request is relevant as it goes to Defendant's first affirmative defense claiming it had in place reasonable measures to prevent and remedy harassment.

- production request number 26 seeks job description(s) for each of the position(s) held by Plaintiff since the beginning of her employment with Defendant. You object on the grounds that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. You also direct Plaintiff to see the R-O Employee Requisition form for the "kitter" position. This information is relevant as it goes to re-but Defendant's defense that Plaintiff suffered an adverse employment action. Further, this request goes to prove Plaintiff's allegations in Count II of her complaint that states she was retalitorility transferred, suspended and demoted. Also, Defendant's direction to Plaintiff to see the R-O Employee requisition form is insufficient as Defendant has not produced all job descriptions for each of the positions held by Plaintiff since the beginning of her employment with Defendant.

- production request number 28 seeks all disciplinary actions authored, issued, signed or given by Lewis Gregg to any of Defendant's employees during his employment with Defendant. You object on the grounds that the request is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You also direct Plaintiff to Defendant's initial disclosures. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). This request goes to the theory of liability, corresponds directly to Defendant's first affirmative defense, and Lewis Gregg's supervisory status. Further, only documents produced in your initial disclosures contain items of disciplinary actions given to Lewis Gregg. The interrogatory seeks disciplinary actions authored, issued, signed or given by Lewis Gregg to any of Defendant's employees not given to Lewis Gregg. Please supplement said interrogatory.

- production request numbers 30 through 39 seeks job descriptions and personnel files for Leslie McGinnest, Keith Cecil, Ray Abner, Bob McGee, and Amanda Olsen. You object on the grounds that the request is unduly burdensome, seeks information which would violate the privacy rights of third parties, and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). I'm not opposed to the redaction of sensitive material of these individuals. Further, the personnel files and all job descriptions of positions held by said individuals are relevant given that they may be individuals who played a key role in the retaliatory transfer, suspension and/or demotion of Plaintiff. *See Sykes v. Target Stores*, 2002 U.S. Dist. LEXIS 6627 (N.D. Ill.

***Jordan v. R&O Aurora, Inc.***
***Case No.: 07-CV-6452***

2002); *Brunker v. Schwan's Food Service, Inc.*, 2006 U.S. Dist. LEXIS 41704 (N.D. Ind. 2006); *Fox-Martin v. H.J. Heinz Operations*, 2003 U.S. Dist. Lexis 23571 (D. Kan. 2003).

- production request number 44 seeks all documents or other communication relating to any employment benefits offered to Defendant's employees in the period starting in 2006 to the present. You object on the grounds that the request is unduly burdensome, seeks information which would violate the privacy rights of third parties, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the documents or other communications relating to any employment benefits offered to Defendant's employees in the period starting in 2006 and running until the present is relevant as it provides comparative measures and a factual basis for similarly situated individuals who did not suffer an adverse employment actions as well as a comparative measure and factual basis for the calculation of damages.

- production request number 45 seeks Defendant's audited and unaudited financial statements and federal income tax returns including supporting schedules for the period of 2004 until the present. You object on the grounds that the request is unduly burdensome, seeks information which would violate the privacy rights of third parties, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). As you know, Plaintiff has requested punitive damages in her complaint and is entitled to the documentation as it relates to said relief. *See EEOC v. Staffing Network, L.L.C.*, 2002 U.S. Dist. LEXIS 21318, 14 (N.D. Ill. 2002). I am willing to enter into a protective order to protect the disclosure of your client's sensitive financial information.

- production requests 49 through 51 seek Defendant's quarterly tax returns (Form 941), Employer's Contribution and Wage Report (Form I-99), and Defendant's payroll records reflecting the total number of employees of Defendant from 2004 until the present. You object on the grounds that the request is unduly burdensome, seeks information which would violate the privacy rights of third parties, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the quarterly tax returns, Employer's Contribution and Wage Report, and Defendant's payroll records are relevant as they provide help to establish the number of employees employed by Defendant. Plaintiff is required to provide evidence to establish jurisdiction and to determine

*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

>  the cap for damages. Testimony from an employee of Defendant is not enough for Plaintiff to meet her burden. *See Mizwicki v. Gerald Helwig, D.C., P.C.*, 196 F.3d 828 (7th Cir. 1999). I am willing to enter into a protective order to protect the disclosure of your client's sensitive financial information.

- production request number 62 requests a list of documents which are being withheld from production by virtue of any privilege of non-production or for any other reasons. You object on the grounds that the request is unduly burdensome and outside the scope fo Rule 34. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the request for a list of documents which are being withheld from production by virtue of any privilege of non-production is not outside the scope of Rule 34. *Fed. R. Civ. P. 26(b)(5)* specifically requires the objecting party who stakes a claim of privilege to describe the nature of the documents, communications, or things not produced in a manner that, without revealing information itself privileged, will enable the other party to assess the applicability of the privilege. Failure to abide by *Fed. R. Civ. P. 26(b)(5)* may result in the waiver of the privilege. *See Ritacca v. Abbot Laboratories*, 2001 U.S. Dist. LEXIS 4366, *335 (N.D. Ill. 2001).

- production request numbers 7, 10, 15, 19, 25, are all objected to in part on the grounds that the request seeks information protected by the attorney-client privilege and work product doctrine. This objection is insufficient pursuant to *Fed. R. Civ. P. 26(b)(5)* which specifically requires the objecting party who stakes a claim of privilege to describe the nature of the documents, communications, or things not produced in a manner that, without revealing information itself privileged, will enable the other party to assess the applicability of the privilege.

I await to hear your response on the above discovery issues.

Very truly yours,

Mark Pando

MP/jdk