**HUBBARD & O'CONNOR, LTD.**
ATTORNEYS AT LAW
900 WEST JACKSON BOULEVARD
SIX WEST
CHICAGO, ILLINOIS 60607

(312) 421-5960
FACSIMILE: (312) 421-5310

ELIZABETH L. HUBBARD
JOHN CAMPBELL O'CONNOR
BRIAN EKSTROM

*Via Facsimile*

May 1, 2008

Mark Pando
Asonye & Associates
11 South LaSalle Street
Suite 2140
Chicago, IL 60603
FAX: 312-795-9114

Re:   **Jordan v. R&O Aurora, Inc., No. 07 C 6452**

Dear Counsel:

This letter is sent in the spirit of Local Rule 37.2 and is in response to your correspondence dated March 28, 2008.

In response to your concerns about Interrogatory No. 4, the interrogatory is overly broad and unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it does not have any temporal limitation, seeks the identity of employees who worked with Gregg when he was not a supervisor and seeks the identity of employees who may have never even worked with Gregg but were at some point in the same department. We have provided a list of employees who worked with Gregg during the relevant time period during which he was a supervisor and will supplement this response with the last known addresses for the non-supervisory employees named in our response to Interrogatory No. 4. In the event you can explain why Plaintiff would be entitled to additional information in response to this interrogatory, we are willing to further discuss the matter with you.

In response to your concerns about Interrogatory No. 5, the interrogatory is overly broad and unduly burdensome because it does not limit the time period at all or even limit complaints against Gregg to those by defendant employees and includes the Plaintiff, who is the subject of this case and defendant need not parrot the Plaintiff's allegations back to her. The only complaint against Gregg for the relevant time period is the one made by the Plaintiff. Any complaints that may have been made against Gregg after Plaintiff's discharge are not relevant to the reasons for Plaintiff's discharge or any of the allegations she has made because they could not possibly have been within Defendant's knowledge prior to their occurrence. In your letter you assert that post-discharge complaints against Gregg are relevant to "discriminatory motive, intent, preparation, and absence of mistake."

EXHIBIT F

**HUBBARD & O'CONNOR, LTD.**

However, you fail to explain how such matters would be relevant to these issues. With regard to your citation to *Molnar v Lloyd Booth, et al.*, 2000 U.S. App. LEXIS 24501 (7th Cir. 2000), it is not persuasive because it deals only with a former employee's allegation of harassment by a supervisor prior to the events at issue in that case. While pre-discharge complaints against Gregg may or may not be relevant in this case, any complaints against Gregg after the plaintiff was no longer within contact of Gregg could not be relevant to establish any issue relevant to this case. You cite *Gaul v. Zep Manufacturing Co.*, 2004 U.S. Dist. LEXIS 1990 (E.D. Penn. 2004) which is not persuasive because that Court was only determining how far back in time predating the liability period discovery could be conducted. That is not an issue in this case. You also cite *EEOC v. Autozone, Inc.*, 258 F.Supp. 2d 822 (W.D. Tenn. 2003), which was a class action pattern and practice case in which the plaintiffs showed ongoing discrimination over the course of years and the court there indicated that the context before and after the discrimination was important to show that the discrimination was ongoing. The court did not allow the plaintiff's discovery period up to the then-present time. As such, we do not agree to disclose any complaints against Gregg made after the departure of Plaintiff from Defendant. Again, if you can explain how such after-the-fact possible events are relevant to an issue in this case or provide citation authority for your position, we are willing to further discuss the matter with you.

Likewise, Interrogatory No. 7 is overly broad and unduly burdensome because discipline of by Gregg of employees other than Plaintiff is not relevant and Defendant should not be made to identify all individuals disciplined, including verbally reprimanded by Gregg, that have nothing to do with this case. This information would also violate the privacy of third parties not involved in this case. You have asserted that this information is relevant because defendant has asserted the *Faragher/Ellerth* defense and cited numerous cases which do not appear to address the issue or persuade us that discipline issued by Gregg to other employees is in any way relevant to the action that the defendant took in this matter pursuant to the plaintiff's alleged complaint. *Jones v. Scientific Colors, Inc.*, 2001 U.S. Dist. 10753, and each of the other cases you cite in support of your position simply support the proposition that the plaintiff's investigative file is discoverable. That is not at issue in this case and we have already produced the plaintiff's investigation file. As such, absent explanation as to how Gregg's discipline of others could lead to the discovery of admissible evidence relevant to the affirmative defense or other issues in this case, it is our position that the identities of any other individuals disciplined by Gregg other than the plaintiff is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 12 is overly broad and unduly burdensome because it seeks information relating to complaints made by people other than Plaintiff. This information is also not relevant to plaintiff's allegations or the reasons for her termination and would violate the privacy of third parties not involved in this case. Further, you again claim that because we have asserted the *Faragher/Ellerth* defense that this information becomes relevant although you have not explained in what way such information relates to the actions taken by defendant pursuant to the plaintiff's alleged complaint. Further, the cases you cite do not support this assertion. As such, it is our position that we do not intend to disclose complaints made to Defendant other than those made by the plaintiff. Note that we have agreed to produce information regarding any complaints against Gregg prior to

2

**HUBBARD & O'CONNOR, LTD.**

Plaintiff's termination. I fail to see how complaints relating to other supervisors that are not the subject of Plaintiff's complaint could possibly be relevant to her claims or our affirmative defenses. If you are willing to explain how complaints against other supervisors could possibly be relevant and provide citation authority for that proposition we are willing to further discuss the matter with you.

We objected to Document Request No. 4, which seeks Lewis Gregg's entire personnel file, on the basis that it is overly broad and unduly burdensome because it seeks documents completely unrelated to this case. We agree that certain documents related to plaintiff's allegations in this case may be contained in Gregg's file and may be relevant to this case, but not the entire file. You claim that the file is relevant to Gregg's supervisory status but it is not disputed that Gregg was the Plaintiff's supervisor during a period of time of her employment and documents reflecting this fact have been produced. You further claim that information relating to warnings or documentation of inappropriate behavior is contained therein. We are willing to produce such to the extent that they relate to the plaintiff or to any other complaints made about Gregg as a supervisor at or prior to the time he supervised Plaintiff.

Request No. 5 is overly broad and unduly burdensome and irrelevant because it would include people who are not supervised by Gregg or have any bearing on the plaintiff's claims or the affirmative defenses in this case and would violate the privacy rights of third parties not involve din this case. Further, it is unclear what job action the request is referring to with respect to the plaintiff or to what conduct of plaintiff the request is referring. If you are willing to identify the job action to which the request refers and to what conduct of plaintiff the request refers and explain how this information would be relevant we are willing to further discuss the matter with you.

Request No. 8 is overly broad and unduly burdensome because documents relating to complaints by employees other than plaintiff's do not shed light on the allegations in this case and their disclosure would violate the privacy of third parties. You assert that they are relevant to Defendant's first affirmative defense that it had in place reasonable measures to prevent and remedy harassment. The documents relating to the investigation of Plaintiff's complaints address this issue as well as other documents produced by defendant that address its policies and procedures to prevent and remedy harassment. Also, see our response to Interrogatory No. 12, above.

With respect to Request No. 26 seeking job descriptions, defendant has already produced the employee requisition form for the "kitter" position. Defendant is not aware of other responsive documents that describe any positions held by Plaintiff but if any such responsive documents are discovered in the investigation of this case, they will be timely produced.

Our position with respect to Request No. 28 is the same as with Interrogatory No. 7, addressed above, in that discipline issued by Lewis Gregg to employees other than the Plaintiff is not relevant. Your assertions that these documents go to the theory of liability, supervisory status and correspond directly to Defendant's first affirmative defense are not persuasive. As stated above, Defendant admits that Gregg was Plaintiff's supervisor for a period during her employment. In light of this fact, we fail to see how discipline issued by

**HUBBARD & O'CONNOR, LTD.**

Gregg to individuals other than the plaintiff is relevant to any issue in this case. Again, we are willing to discuss with you any explanation as to why such information could be relevant.

Your argument that the personnel files and job descriptions sought in Requests numbered 30-39 are relevant is not persuasive because there is no indication that any documents relevant to Plaintiff's allegations or Defendant's defenses would be contained in any of the requested documents. We will agree to produce any non-privileged documents available that relate to Plaintiff's allegations that may be contained in any of the personnel files sought but will not produce the entire personnel files because the requests are overly broad, unduly burdensome, seek information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and violate the privacy rights of other employees. Further, it is believed that defendant does not possess responsive job descriptions for the named individuals. Should responsive job descriptions be found in the course of the investigation of this case they will be timely produced. It should be noted that Leslie McGinnest is not and has never been an employee of Defendant.

Request No. 44 is overly broad and unduly burdensome because it asks for information relating to all employees, not just employees that were in similar positions and earned similar compensation to plaintiff. It would further require the production of documents relating to the benefits received by specific individuals other than Plaintiff which would violate their privacy and would have no relevance to this case. Further, Defendant has produced its Employee Manual in this case which addresses the benefits available to employees.

With respect to Request Nos. 45 and 49 through 51, we will need to get back to you on these issues with respect to sensitive company documents and would need to discuss the terms of an agreed protective order for any documents that we do agree to produce.

With respect to the issue you raised regarding privileged documents, we will provide a privilege log as required under FRCP 26(b)(5).

In the spirit of Rule 37.2, we are willing to further discuss these issues and consider any further explanations and authorities for the positions taken by Plaintiff on these issues.

Best regards,

Brian Ekstrom
HUBBARD & O'CONNOR, LTD.

BE/be
CC:   Matt Pappas
      R&O Specialties, Inc.