# ASONYE & ASSOCIATES

LAW OFFICE
11 SOUTH LASALLE STREET
SUITE 2140
CHICAGO, ILLINOIS 60603
PHONE: 312-795-9110    FACSIMILE: 312-795-9114
www.aa-law.com

UCHE O. ASONYE
MARK PANDO

uche@aa-law.com
mark@aa-law.com

May 01, 2008

**Via E-mail and First Class Mail**
Mr. Brian Ekstron, Esq.
Hubbard & O'Connor, Ltd.
900 West Jackson Boulevard, Suite 6 West
Chicago, Illinois 60607

Re:    *Kiona Joran v. R&O Aurora, Inc.*
       Case No.: 07-CV-6452

Dear Brian:

I am writing in regards to Defendant's response to Plaintiff's second set of interrogatories. Interrogatory number one seeks all of the reasons why the harasser was terminated, the identity of each individual who may have knowledge, and the knowledge that each person may have. You object on the bases that the interrogatory is neither relevant nor reasonably calculated to lead to admissible evidence as his termination occurred after Plaintiff ceased working for Defendant.

As you know, Defendant has asserted the affirmative defense that it "had in place reasonable measures to prevent and remedy sexual harassment and acted in a reasonably in preventing and remedying any harassment . . ." As I mentioned in my letter of March 28, 2008, at least one other female employee of Defendant has accused the harasser of sexual harassment. Additional allegations of sexual harassment go to whether Defendant in fact had reasonable measures in place to prevent and remedy sexual harassment.

Furthermore, other acts of sexual harassment are relevant and admissible as it goes to the harasser's *modus operandi*. Fed. R. Evid. 404(b) allows the admission of other acts if it tends to prove like intent, preparation and lack of mistake. In *Molnar v. Booth*, the Seventh Circuit held that other acts of sexual harassment by the same harasser were admissible. 229 F.3d 593, 603-604 (7th Cir. 2000).


EXHIBIT
G
Blumberg No. 5208

As such, I ask that Defendant supplement its response by May 09, 2008.


Very truly yours,

Mark Pando