# ASONYE & ASSOCIATES

LAW OFFICE
11 SOUTH LASALLE STREET
SUITE 2140
CHICAGO, ILLINOIS 60603
PHONE: 312-795-9110    FACSIMILE: 312-795-9114
www.aa-law.com

UCHE O. ASONYE
MARK PANDO

uche@aa-law.com
mark@aa-law.com

May 22, 2008

**Via E-mail and First Class Mail**
Mr. Brian Ekstron, Esq.
Hubbard & O'Connor, Ltd.
900 West Jackson Boulevard, Suite 6 West
Chicago, Illinois 60607

    Re:    *Kiona Joran v. R&O Aurora, Inc.*
            Case No.: 07-CV-6452

Dear Brian:

I am writing in response to your letter of May 20, 2008. The production of the personnel file of Lewis Gregg will resolve the discovery dispute with respect to production request 4. Said personnel file should also address interrogatory 5 and the interrogatory from the second set. I will know once the personnel file has been produced.

Although Defendant admits that Lewis Gregg was a supervisor, the title alone does not make an individual a supervisor for the purpose of Title VII. Accordingly, I will withdraw interrogatory 7 and production request 28 if Defendant stipulates in writing that it will not contest that Lewis Gregg was a supervisor under Title VII.

For interrogatory 12 and production request 8, I will await your response tomorrow. I do not believe the *Merdelin* case you cited is persuasive. The main reason that the plaintiff's motion to compel other discrimination charges and lawsuits was denied was to request being over broad. The plaintiff had requested information and documents for all discrimination charges and lawsuits including for protected categories that the plaintiff was not suing for. In our request, we have limited the request to the protected categories that Plaintiff is suing for.



For production requests 30 through 39, I withdraw the requests relating to Leslie McGinnest. Plaintiff is not in agreement with Defendant's proposal that only documents relating to Plaintiff found in the personnel files be produced. Plaintiff is entitled to the personnel files of all of the decision-makers. See the case previously cited.

For production request 45, and 49 through 51, I am in agreement of proposals made in your letter so long as the agreed protective order indicates that these documents will be produced after the close of discovery should any part of Defendant's anticipated motion for summary judgment or should Defendant fail to file a motion for summary judgment.

Plaintiff will withdraw production request 5 and 44.

Very truly yours,

Mark Pando