191 F.R.D. 590, *; 2000 U.S. Dist. LEXIS 7973, **;
46 Fed. R. Serv. 3d (Callaghan) 615

LEXSEE 2000 U.S. DIST. LEXIS 7973

STEPHANIE SCAIFE, Plaintiff, v. TRACY BOENNE and MARION KAZNIA, Defendants.

CAUSE NO. 3:99cv144RM

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, SOUTH BEND DIVISION

*191 F.R.D. 590; 2000 U.S. Dist. LEXIS 7973; 46 Fed. R. Serv. 3d (Callaghan) 615*

February 24, 2000, Decided

**DISPOSITION:** [**1] Plaintiff's motion to compel GRANTED, in part and DENIED, in part.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Plaintiff filed a motion to compel answers to interrogatories which defendant officers refused to answer on various grounds, and to compel the production of documents in plaintiff's action alleging violation of *42 U.S.C.S. § 1983* and excessive force.

**OVERVIEW:** Plaintiff brought an action against defendant officers alleging violation of *42 U.S.C.S. § 1983* and excessive force regarding defendants' arrest of plaintiff. Following commencement of discovery, plaintiff filed a motion to compel answers to interrogatories which defendant officers refused to answer on various grounds, and to compel the production of documents. The court granted plaintiff's motion in part, ordering defendants to respond to discovery requests for information relating to defendants in their professional capacities, and information relating to potential witnesses. The court denied plaintiff's motion in part, holding that personal information about defendants, and complaints against any city officers were not relevant to the allegations raised in plaintiff's complaint.

**OUTCOME:** Motion granted in part, ordering defendant officers to respond to discovery requests for information relating to defendants in their professional capacities, and information relating to potential witnesses. Motion denied in part because personal information about defendants, and complaints against any city officers were not relevant to the allegations raised in plaintiff's complaint.

**LexisNexis(R) Headnotes**

*Civil Procedure > Discovery > Privileged Matters > General Overview*
*Civil Procedure > Discovery > Relevance*
*Evidence > Relevance > General Overview*
[HN1] Parties may obtain discovery regarding any matters, not privileged, but only if those matters are relevant to the subject matter involved in the pending action; the evidence sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Fed. R. Civ. P. 26(b)(1)*.

*Civil Procedure > Discovery > Relevance*
[HN2] To determine whether information requested during discovery is relevant, and thereby discoverable, the court must examine the issues raised in the case.

*Civil Procedure > Pleading & Practice > Pleadings > Answers*
*Civil Procedure > Discovery > Methods > Interrogatories > General Overview*
[HN3] It is well established that an answer to an interrogatory must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers.

*Civil Procedure > Discovery > Disclosures > General Overview*
*Civil Procedure > Discovery > Methods > Interrogatories > General Overview*
[HN4] *Fed. R. Civ. P. 26(a)(1)(A)* requires that the name and, if known, the address and telephone number of each



Case 1:07-cv-06452   Document 17-12   Filed 06/11/2008   Page 2 of 6

Page 2
191 F.R.D. 590, *; 2000 U.S. Dist. LEXIS 7973, **;
46 Fed. R. Serv. 3d (Callaghan) 615

individual likely to have discoverable information relevant to the disputed facts be provided to the other party.

*Civil Procedure > Discovery > Methods > General Overview*
*Civil Procedure > Discovery > Relevance*
[HN5] The scope of discovery under *Fed. R. Civ. P. 26(b)(1)* is extremely broad, and parties are entitled to obtain discovery regarding any matter that may be relevant to the pending action. *Fed. R. Civ. P. 26(b)(1)*. A relevant matter is any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case.

*Constitutional Law > Bill of Rights > Fundamental Rights > Search & Seizure > Scope of Protection*
*Governments > Local Governments > Police Power*
*Torts > Intentional Torts > False Arrest > General Overview*
[HN6] The only proper frame of reference for the adjudication of excessive force arrest cases is *U.S. Const. amend. IV*'s reasonableness standard, i.e., what would the reasonable officer have done under the circumstances. Accordingly, the time consuming and controversial plunge into the past complaint records of arresting police officers is, as a general rule, unnecessary because it lacks relevance.

*Civil Procedure > Federal & State Interrelationships > General Overview*
*Civil Procedure > Discovery > General Overview*
*Civil Rights Law > Section 1983 Actions > Law Enforcement Officials > General Overview*
[HN7] When professional records are being sought, the privacy interests of those involved should be limited in a federal civil rights action brought against a police officer in view of the role played by the police officer as a public servant who must be accountable to public review. Moreover, state law does not supply the rule of decision in a discovery dispute when the principal claim is a federal claim.

*Civil Procedure > Federal & State Interrelationships > General Overview*
*Civil Procedure > Discovery > General Overview*
[HN8] State law does not supply the rule of decision in a discovery dispute when the principal claim is a federal claim.

*Civil Procedure > Federal & State Interrelationships > General Overview*

*Civil Procedure > Discovery > General Overview*
[HN9] Federal law governs and motions to compel the disclosure of citizen complaints against police officers named in federal civil rights litigation have been consistently granted by our federal courts.

*Civil Procedure > Discovery > General Overview*
[HN10] A request for citizen complaints against police officers must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system through disclosure.

**COUNSEL:** For STEPHANIE SCAIFE, plaintiff: Jeffrey L Sanford, South Bend, IN.

For TRACY BOENNE, M KAZNIA, defendants: Michelle L Engel, South Bend, IN.

**JUDGES:** Christopher A. Nuechterlein, United States Magistrate Judge.

**OPINION BY:** Christopher A. Nuechterlein

**OPINION**

[*591] **MEMORANDUM AND ORDER**

This matter has been assigned to the undersigned Magistrate Judge for the resolution of discovery disputes pursuant to *28 U.S.C. § 636(b)(1)(A)*. Presently pending before the court is a motion filed by plaintiff seeking to have the court compel answers to interrogatories which the defendants refused to answer on various grounds, and to compel the production of documents. For the reasons that follow, plaintiff's motion is granted, in part and denied, in part.

**I. Relevant Background**

The plaintiff, Stephanie Scaife, brought this action under *42 U.S.C. § 1983*, against South Bend Police Officers Marian Kaznia and Tracy Boenne. Her complaint arose out of an incident that occurred on November 23, 1997. On that occasion, Scaife was arrested by the defendants at Memorial Hospital on charges of disorderly [**2] conduct and resisting law enforcement. She is now alleging false arrest and further asserting in her complaint that the officers used excessive force in the execution of that arrest, in violation of the *Fourth Amendment*.

Scaife filed her claim in St. Joseph County Superior Court on February 19, 1999, and the matter was subsequently removed to federal [*592] court by the defendants. On September 2, 1999, plaintiff served interrogatories upon counsel for defendants Boenne and

Case 1:07-cv-06452   Document 17-12   Filed 06/11/2008   Page 3 of 6

Page 3

191 F.R.D. 590, *; 2000 U.S. Dist. LEXIS 7973, **;
46 Fed. R. Serv. 3d (Callaghan) 615

Kaznia. The defendants, in turn, served their responses on November 16, 1999; in responding to the interrogatories, the defendants failed to answer or they objected to all or parts of Interrogatory Nos. 1(d), 2, 4, 7, 12, 13, 14, 15 and 17. On October 22, 1999, plaintiff served a request for production of documents to which defendants also object. Scaife's counsel disputes the objections asserted by the defendants, and has made unsuccessful efforts to resolve the matter with the defendants' counsel. Having had no success in the resolution of the matter informally, the plaintiff now turns to the court.

## II. Discussion

By its very nature, litigation has a tendency to make public the sort of information that individuals [**3] would otherwise prefer to keep private. *Ceramic Corp. of America v. Inka Maritime Corp. Inc., 163 F.R.D. 584, 589 (C.D.Cal., 1995).* "Nonetheless, the initiation of a law suit does not, by itself, grant parties the right to rummage unnecessarily and unchecked through the private affairs of anyone they choose. A balance must be struck." *Id.*

Here, plaintiff seeks to compel what amounts to two categories of information: (1) private information about the police officer defendants and their families; and (2) information relating to the defendants in their professional capacities. Common sense alone dictates that the balance struck between the plaintiff's right to "rummage" and defendants' right to have their private affairs protected is different dependant upon the type of information which the plaintiff is seeking. The personal information is clearly entitled to greater protection.

### A. Interrogatory Nos. 1(d), 2 and 4

Included in the personal information sought by the plaintiff are the defendants' social security numbers, their current home addresses, their residences for the past ten years, and information about any children the defendants may have. Defendants [**4] object to the interrogatories, asserting that it is irrelevant to the issues raised. The parties on both sides of this action have failed to cite any authority for the entrenched positions which they hold in this discovery dispute and, in fact, the court's independent research finds no case directly on point to resolve this matter. Nonetheless, the court's research does reveal that in case after case, where a police officer's personnel files are requested by a plaintiff bringing a federal civil rights claim against a police officer, those files are only made available when the information that is now being sought by Ms. Scaife, and listed above, has been redacted. *See Sasu v. Yoshimura, 147 F.R.D. 173, 176 (N.D.Ill. 1993)*(The court granted plaintiff's motion for a protective order which made access to police officer personnel files contingent upon the redaction of personal information about an officer and his family); *Johnson v. City of Philadelphia, 1994 U.S. Dist. LEXIS 15872, 1994 WL 612785 (E.D.Pa. 1994)* (home addresses, social security numbers, names of family members were ordered redacted before copies of police personnel files were turned over to plaintiffs in a § 1983 [**5] action); *Malsh v. New York City Police Dept., 1995 U.S. Dist. LEXIS 3310, 1995 WL 115728 (S.D.N.Y.1995)* (A defendant police officer's performance evaluations were ordered to be produced, with the social security numbers redacted). In each of the cited cases, confidentiality was the reason cited for precluding access to the police officer's home address, social security number, and family information. Confidentiality and an officer's right to protect him or herself and their families are also among the reasons given here in support of defendants' opposition to the motion to compel. Based upon the cited cases, the court is convinced by defendants' argument.

Moreover, *Rule 26 of the Federal Rules of Civil Procedure* provides that [HN1] parties may obtain discovery regarding any matters, not privileged, but only if those matters are relevant to the subject matter involved in the pending action; the evidence sought need not be admissible at trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence. *Fed.R.Civ.P. 26(b)(1).* There is no relevancy in the defendants' addresses, social security numbers, and facts about the defendants' children to the allegations [**6] raised in plaintiff's complaint. Nor is there any basis on which [*593] to conclude that the sought after information would lead to the discovery of admissible evidence. Accordingly the motion to compel is DENIED with respect to Interrogatory Nos. 1(d), 2, and 4.

### B. Interrogatory Nos. 12 and 13

Interrogatory Nos. 12 and 13 also seek personal information about the named defendants. In particular, the interrogatories ask the defendants to detail any hospitalizations they underwent or any medication they have taken over the last ten years. Again, defendants refused to answer objecting on the basis of relevancy. In response, the plaintiff argues that she answered interrogatories propounded by the defendants of questionable relevance that were well in excess of those normally allowed, suggesting that is a basis for compelling defendants to do the same. The court cannot agree.

In *Emerson v. Wetherill, 1994 U.S. Dist. LEXIS 1401, 1994 WL 37747 (E.D. Pa. 1994)*, plaintiff filed a motion to compel a defendant police officer to produce medical information. *Id.* at 1. Like the present case, the officer refused. *Id.* In filing the motion to compel, the plaintiff argued that because she had to produce [**7] medical records, the defendant should do the same. *Id.*

Case 1:07-cv-06452    Document 17-12    Filed 06/11/2008    Page 4 of 6

Page 4
191 F.R.D. 590, *; 2000 U.S. Dist. LEXIS 7973, **;
46 Fed. R. Serv. 3d (Callaghan) 615

The court was unpersuaded, and denied plaintiff's motion to compel and, in doing so, made note of the fact that "unlike plaintiff, defendant has not put his physical and mental condition at issue by filing a lawsuit for damages." *Id.*

[HN2] To determine whether information requested during discovery is relevant, and thereby discoverable, the court must examine the issues raised in the case. *Audiotext Communications Network, Inc. v. U.S. Telecom, Inc. 1995 U.S. Dist. LEXIS 15416, 1995 WL 625962 (D.Kan. 1995)* (quoting *Sunbird Air Servs. v. Beech Aircraft Corp.*, No. 89-2181-V, unpublished op. at 6 (D. Kan. Nov. 10, 1992)). Here, Ms. Scaife has brought a federal civil rights claim against the defendants alleging that her rights as protected by the Constitution were violated when they arrested her on November 23, 1997. In particular, she asserts that she was subjected to excessive force. There are no issues raised in the complaint or in defendants' answer that places the defendants' physical or mental conditions at issue. Accordingly, plaintiff's motion to compel answers to Interrogatory Nos. 12 and 13 is DENIED.

### C. Interrogatory No. 7

[**8] In Interrogatory No. 7, the plaintiff shifts the focus of her questions from the personal information discussed above to questions concerning the defendants in their professional capacities. Interrogatory No. 7, served on Officer Kaznia, seeks information regarding Kaznia's training and education. This information was not provided. In response to the motion to compel, defendants assert that they "inadvertently" failed to provide the information. Officer Kaznia's training and education is clearly relevant to the issues raised in this claim. Accordingly, the court GRANTS plaintiff's motion to compel with respect to the information sought in Interrogatory No. 7. Defendants have agreed in their written objection to plaintiff's motion to compel, that they will provide Officer Kaznia's training record to the plaintiff as soon as it is received by defendants' counsel. It is ordered that if that information has not been provided by the time of this Order, it must be served on the plaintiff within ten (10) days of the date this Order.

### D. Interrogatory No. 14

Interrogatory No. 14 asks the defendants to describe the incident at issue, "including the reason for the presence of the defendant [**9] at the scene, a description of the incident as the defendant saw and experienced it; what was said to the defendant and by whom; what the defendant said and to whom; a description of the defendants' movements and actions and those of others; and a diagram of the scene." Plaintiff has no complaint concerning the answer filed by Officer Boenne in response to Interrogatory No. 14. The sole dispute concerns Officer Kaznia's answer. In his response, defendant Kaznia simply attached a copy of the arrest report that was prepared by defendant Boenne. He further asserts that the information requested in Interrogatory No. 14 was provided to the plaintiff at trial where Kaznia testified, and infers that as a result of that testimony, no further response is necessary. Officer Kaznia's position is contrary to the law.

[*594] "[HN3] It is well established that an answer to an interrogatory 'must be responsive to the question. It should be complete in itself and should not refer to the pleadings, or to depositions or other documents, or to other interrogatories, at least where such references make it impossible to determine whether an adequate answer has been given without an elaborate comparison of answers. [**10] '" *Smith v. Logansport Community School Corp.*, 139 F.R.D. 637, 650 (N.D. Ind. 1991)(citing 4A J. Moore, J. Lucas, *Moore's Federal Practice* § 33.25[1](2d ed. 1991)); *see also United States v. Dist. Council of New York City and Vicinity of United Broth. of Carpenters and Joiners of America*, 1992 U.S. Dist. LEXIS 11201, 1992 WL 188379 (S.D.N.Y. 1992)("Where the interrogating party makes a request for an answer to certain questions, a [party] responds inappropriately by merely designating documents because the interrogatory did not call for business records."); *Continental Illinois Nat. Bank & Trust Co. of Chicago v. Caton*, 136 F.R.D. 682, 686 (D.Kan. 1991) ("Incorporation by reference to a deposition is not a responsive answer."). Here, defendant attempts to answer the interrogatory in precisely the manner proscribed; he does so by referring to another document.

Equally important, the document referred to by Kaznia does not answer the question posed. Interrogatory No. 14 asks Officer Kaznia to describe what he saw and experienced in relation to the incident giving rise to Ms. Scaife's complaint. His perception of the incident is not included in the incident [**11] report prepared by co-defendant Boenne, and is, therefore, unresponsive.

Moreover, the fact that the information sought by plaintiff was the subject of Kaznia's testimony at plaintiff's prior criminal trial does not relieve him of the obligation of answering the interrogatories she has served in connection with her civil action. In *Mahoney v. Kempton*, 142 F.R.D. 32 (D. Mass. 1992), the same argument was made to and rejected by the court faced with a similar discovery dispute. There, defendants answered interrogatories by referring to the testimony they made at plaintiff's prior criminal trial. *Id. at 33.* In ruling on the propriety of such a response, the court concluded quite simply: "This response was totally improper." *Id.*

Likewise, in the instant case, Officer Kaznia's reliance on the statement of his co-defendant as contained in her incident report, and the testimony which he gave at plaintiff's criminal trial is an improper

Case 1:07-cv-06452   Document 17-12   Filed 06/11/2008   Page 5 of 6

Page 5

191 F.R.D. 590, *; 2000 U.S. Dist. LEXIS 7973, **;
46 Fed. R. Serv. 3d (Callaghan) 615

response to the interrogatory posed by the plaintiff. Consistent with that conclusion, plaintiff's motion to compel is GRANTED with respect to Interrogatory No. 14, and defendant Kaznia is ordered to answer within ten [**12] (10) days of the date of this Order.

*E. Interrogatory No. 15*

Interrogatory No. 15 requests the names, addresses, and telephone numbers of persons having knowledge of the incident giving rise to plaintiff's complaint. Commendably, the parties have resolved a substantial part of the dispute over this question on their own. The sought after information has been provided for all but one witness listed by the defendants. The remaining witness, Bernie Dobski, has been identified as having retired from the South Bend Fire Department. However, no address or phone number for Mr. Dobski has been provided to plaintiff's counsel.

[HN4] *Rule 26(a)(1)(A) of the Federal Rules of Civil Procedure* requires that the name and, if known, the address and telephone number of each individual likely to have discoverable information relevant to the disputed facts be provided to the other party. Accordingly, plaintiff's request for a means to contact Mr. Dobski is not an unreasonable one. The court now GRANTS plaintiff's motion to compel with respect to Interrogatory No. 15 and, in so doing, orders defendants to supplement the information already served, by providing plaintiff with a reasonable means of contacting [**13] the witness as requested.

*F. Interrogatory No. 17*

Interrogatory No. 17 requests that the defendants provide information about complaints that may have been filed against the named defendants, including the name or names of the individuals who may have filed any previous complaints. Defendants have resisted in providing plaintiff with the names [*595] of individuals who have lodged prior complaints, asserting that under Indiana law this is not public information, and that it is irrelevant to the issues raised by the complaint. Plaintiff's motion to compel argues that the names be provided.

[HN5] The scope of discovery under the Federal Rules of Civil Procedure is extremely broad, and parties are entitled to obtain discovery regarding any matter that may be relevant to the pending action. *Soto v. City of Concord, 162 F.R.D. 603, 610 (N.D. Cal.1995)* (citing *Fed.R.Civ.P. 26(b)(1)*). A relevant matter is "any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 351, 57 L. Ed. 2d 253, 98 S. Ct. 2380 (1978)*.

The matter before the court [**14] involves a federal civil rights claim asserting that the plaintiff was subjected to false arrest and excessive force by the named defendants. The Supreme Court in *Graham v. Connor, 490 U.S. 386, 104 L. Ed. 2d 443, 109 S. Ct. 1865 (1989)*, determined that [HN6] the only proper frame of reference for the adjudication of excessive force arrest cases was the *Fourth Amendment's* "reasonableness" standard, i.e., what would the reasonable officer have done under the circumstances. *Id. at 394-396*. Accordingly, the time consuming and controversial plunge into the past complaint records of arresting police officers is, as a general rule, unnecessary because it lacks relevance. *Martinez v. City of Stockton, 132 F.R.D. 677, 682 (E.D. Cal. 1990)*. There are, however, two caveats to the general rule; the first is that when a municipality is named in an excessive force claim, past misconduct on the part of the officers may be used against the city. The second exception to the general rule concerns allegations of punitive damages. *Id.* While the city is not a defendant in this case, the plaintiff is seeking punitive damages. Thus, the second exception to [**15] the general rule applies, making an inquiry into the past complaint records of the named defendants relevant to the issues raised.

Defendants assert that the names of the individuals who lodged past complaints against the defendants are not part of the public records pursuant to Indiana law, and are thereby not discoverable. The defendants are mistaken if they believe that the federal rules governing discovery require that information be part of the public record before it is discoverable. Unlike the discovery of the personal information discussed above, [HN7] when professional records are being sought, the privacy interests of those involved should be limited in a federal civil rights action brought against a police officer in view of the role played by the police officer as a public servant who must be accountable to public review. *King v. Conde, 121 F.R.D. 180, 191 (E.D. N.Y. 1988)*. Moreover, the Seventh Circuit has expressly ruled that [HN8] state law does not supply the rule of decision in a discovery dispute when the principal claim is a federal claim. *Memorial Hospital v. Shadur, 664 F.2d 1058, 1061 (7th Cir. 1981)*. Thus, the fact that records sought are [**16] not public records under Indiana law is not the deciding factor in this case. [HN9] Federal law governs and motions to compel the disclosure of citizen complaints against police officers named in federal civil rights litigation have been consistently granted by our federal courts. *Soto v. City of Concord, 162 F.R.D. 603 (N.D. Cal. 1995); King v. Conde, 121 F.R.D. 180 (E.D. N.Y., 1988); Scouler v. Craig, 116 F.R.D. 494 (D.N.J. 1987)*.

In *Soto v. City of Concord, 162 F.R.D. 603 (N.D. Cal. 1995)*, as in the present case, the plaintiff requested that the court compel production of citizen complaints lodged against police officers named as defendants in a civil rights action. In ruling on the request, the court concluded:

191 F.R.D. 590, *; 2000 U.S. Dist. LEXIS 7973, **;
46 Fed. R. Serv. 3d (Callaghan) 615

[HN10] A request for citizen complaints against police officers must be evaluated against the backdrop of the strong public interest in uncovering civil rights violations and enhancing public confidence in the justice system through disclosure. Accordingly, this Court finds that neither the defendant-officers' privacy interests nor the citizen complainant's privacy interests outweigh the need for disclosure [**17] of the requested records of complaints lodged against Defendants.

*Id. at 621.*

Likewise, in this case there has been no persuasive argument or authority put forth [*596] in support of defendant's refusal to disclose the names of individuals who have lodged complaints against them. As noted by the plaintiff, the defendants have readily released the names of those individuals who have commended the defendant-officers' conduct. Revealing the names of those people who have filed complaints should be no more burdensome to produce than providing the names of those who have submitted commendations. *Scouler v. Craig, 116 F.R.D. at 496-497.* Accordingly, plaintiff's motion to compel defendants to produce the names of the individual who have lodged complaints against defendants is GRANTED.

G. *Request for Production of Documents*

While prior complaints lodged against the defendant-officers are relevant to the matter before the court, the court must conclude that information regarding complaints lodged against other current or former police officers has no relevance to the case before the court. Such information would only be relevant if the City of South [**18] Bend were a defendant in this claim. The city is not a defendant. Accordingly, plaintiff's motion to compel production of "any complaint currently pending or disposed of within the last year, in which the City Attorney or any Assistant City Attorney of the City of South Bend, represents or did represent any current or former police officer employed by the Police Department of the City of South Bend, Indiana" is DENIED.

### III. Conclusion

For the foregoing reason, plaintiff's motion to compel is **GRANTED**, in part and **DENIED**, in part. Specifically, the court rules as follows:

1. Plaintiff's Motion to Compel answers to Interrogatory Nos. 1(d), 2, 4, 12, and 13 is **DENIED**.

2. Plaintiff's Motion to Compel answers to Interrogatory Nos. 7 and 14 is **GRANTED**, and defendants are **ORDERED** to provide full and complete answers within ten (10) days of the date of this Order.

3. Plaintiff's motion to compel supplemental answers to Interrogatory Nos. 15 and 17 is **GRANTED**. Defendants are hereby **ORDERED** to provide a reasonable means to contact witness Bernie Dobski within ten (10) days of this Order. Defendants are further **ORDERED** to provide plaintiff [**19] with the names of individuals who have filed complaints against the defendant-officers within ten (10) days of this Order.

4. Plaintiff's Motion to Compel production of "any complaint currently pending or disposed of within the last year, in which the City Attorney or any Assistant City Attorney of the City of South Bend, represents or did represent any current or former police officer employed by the Police Department of the City of South Bend, Indiana" is **DENIED**.

**SO ORDERED.**

Dated this 24 day of February, 2000.

Christopher A. Nuechterlein

United States Magistrate Judge