2006 U.S. Dist. LEXIS 41704, *

LEXSEE 2006 U.S. DIST. LEXIS 41704

FRANK BRUNKER, Plaintiff, v. SCHWAN'S FOOD SERVICE, INC. and SCHWAN'S HOME SERVICE, INC., Defendants.

Case No. 2:04 CV 478

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF INDIANA, HAMMOND DIVISION

*2006 U.S. Dist. LEXIS 41704*

June 21, 2006, Decided
June 21, 2006, Filed

**SUBSEQUENT HISTORY:** Motion granted by *Brunker v. Schwan's Home Serv.*, 2006 U.S. Dist. LEXIS 77556 (N.D. Ind., Oct. 23, 2006)

**COUNSEL:** [*1] For Frank Brunker, Plaintiff: Anna Marie Hearn, Blachly Tabor Bozik & Hartman, Valparaiso, IN.

For Schwan's Food Service Inc, Schwan's Home Service Inc, Defendants: Amy S Wilson, Heather L Wilson, Locke Reynolds LLP, Indianapolis, IN.

**JUDGES:** ANDREW P. RODOVICH, United States Magistrate Judge.

**OPINION BY:** ANDREW P. RODOVICH

**OPINION**

OPINION and ORDER

This matter is before the court on the Motion to Reconsider Opinion and Order Dated April 3, 2006 filed by the plaintiff, Frank Brunker, on April 25, 2006, the Objection to Defendant's Affidavit for Attorney Fees filed by Brunker on April 25, 2006, and the Motion to File Surreply filed by Brunker on June 15, 2006. For the reasons set forth below, the motion to reconsider is **GRANTED IN PART** and **DENIED IN PART**, and the objection is **OVERRULED**, and the motion to file surreply is **GRANTED**.

Background

The plaintiff, Frank Brunker, alleges that his former employer, Schwan's Home Service, discriminated and retaliated against him in violation of the Americans with Disabilities Act ("ADA"). According to Brunker, Schwan's refused to give him light duty work when he became disabled and later terminated him for the pretextual reason [*2] of failing to service customers.

On April 3, 2006, this court rejected Brunker's motions to compel discovery and rule on certain discovery objections. Brunker now seeks reconsideration of that ruling and objects to the affidavit of attorneys' fees filed by the defendant.

Discussion

I. Motion to Reconsider

Although they are frequently filed, the Court of Appeals has described a motion for reconsideration as "a motion that, strictly speaking, does not exist under the Federal Rules of Civil Procedure." *Hope v. United States*, 43 F.3d 1140, 1142 n.2 (7th Cir. 1994). See also *Talano v. Northwestern Medical Faculty Foundation, Inc.*, 273 F.3d 757, 760 n.1 (7th Cir. 2001). This type of motion "is a request that the [Court] reexamine its decision in light of additional legal arguments, a change of law, or perhaps an argument or aspect of the case which was overlooked." *Ahmed v. Ashcroft*, 388 F.3d 247, 249 (7th Cir. 2004)(internal quotation omitted). In *Frietsch v. Refco, Inc.*, 56 F.3d 825 (7th Cir. 1995), the Court of Appeals did not question the availability of a motion to reconsider but stated: [*3]

> It is not the purpose of allowing motions for reconsideration to enable a party to complete presenting his case after the court has ruled against him. Were such a procedure to be countenanced, some lawsuits really might never end, rather than just seeming endless.

*56 F.3d at 828*

See also *Oto v. Metropolitan Life Insurance Company*, 224 F.3d 601, 606 (7th Cir. 2000) ("A party may not use a motion for reconsideration to introduce new evidence



Case 1:07-cv-06452   Document 17-14   Filed 06/11/2008   Page 2 of 3

Page 2
2006 U.S. Dist. LEXIS 41704, *

that could have been presented earlier."); *Divane v. Krull Electric Company, 194 F.3d 845, 850 (7th Cir. 1999); LB Credit Corporation v. Resolution Trust Corporation, 49 F.3d 1263, 1267 (7th Cir. 1995)*. Ultimately, a motion for reconsideration is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *Global View Ltd. Venture Capital v. Great Central Basin Exploration, 288 F. Supp.2d 482, 483 (S.D.N.Y. 2003)*(internal quotation omitted)

Brunker raises no new legal arguments in his motion to reconsider and surreply. However, he has produced new evidence [*4] in his surreply that justifies reconsideration of the court's ruling on Dennis Ties' personnel file. In all other respects, the motion to reconsider and surreply present the same erroneous legal arguments contained in his previous motions to compel and rule on objections.

First, Brunker seeks the personnel file of fellow route manager Mike Devereux because the two men engaged in similar conduct, an element of the *prima facie* case for discrimination under the "indirect method" of proof. *See Radue v. Kimberly-Clark Corporation, 219 F.3d 612, 617-18 (7th Cir. 2001)*. However, the only "similar conduct" Brunker alleges is that both men had the same job and could not drive due to their disabilities. *See* Opening Brief, pg. 2. Under the "similar conduct" inquiry, the relevant conduct is the action taken by the plaintiff which led to the employer's negative decision. *See Steinhauer v. DeGolier, 359 F.3d 481, 484-85 (7th Cir. 2004), Radue, 219 F.3d at 618*. Here, that conduct is failing to service customers.

Attempting to define "similar conduct" to be "disabled" or "a route manager" is just another variation [*5] on the theme, expressly rejected by this court, that a comparator is "every employee with the same job description as the plaintiff during the entire period of the plaintiff's employment." *See* April 3, 2006 Order, pg. 5. Insofar as Brunker argues that the treatment of other disabled individuals is relevant to his *prima facie* case (in such a way that other disabled employees' personnel records are relevant), he either is collapsing the "similarly situated" element of a *prima facie* discrimination claim with the issue of pretext, or is confusing the elements of a discrimination claim with the elements of a failure to accommodate claim. These problems are addressed more fully below. For these reasons, Brunker's argument fails.

Brunker also argues that he is entitled to the personnel files of numerous employees who worked under one or more of his three supervisors. This argument simply rephrases the "all route managers" theory now twice rejected by this court. He does not attempt to distinguish which of these employees worked 1) under the particular supervisor responsible for terminating him and 2) at the time of his termination. More importantly, he makes no claim that any [*6] of these employees failed to service customers. Brunker has not shown that any of these personnel files are relevant.

Based on the new evidence presented by Brunker, he may discover the personnel file of District Manager Denny Ties. Ties supervised Brunker's supervisors, including the one who terminated him. While Brunker claims that Ties had the authority to hire and fire anyone, Ties did not fire Brunker. However, Ties did discuss terminating Brunker with Bob Mazur following discovery of Brunker's medical condition. A supervisor's personnel file is discoverable if that supervisor participated in the actions on which the plaintiff's case is based. *See, e.g., Jones v. Hamilton County Sheriff's Department, 2003 U.S. Dist. LEXIS 10100, No. IP 02-0808-C-H/K, 2003 WL 21383332, at *7 (S.D. Ind. June 12, 2003); Sykes v. Target Stores, 2002 U.S. Dist. LEXIS 6627, No. 00 C 5112, 2002 WL 554505, at *4-5 (N.D. Ill. April 15, 2002)*. Because Ties may have been more involved in Brunker's termination than initial discovery revealed, Brunker may discover those records in Ties' personnel file relating to complaints of disability discrimination or failure to accommodate.

Brunker's request for the personnel [*7] files of other disabled employees on light duty work fails. Brunker testified that he did not request light duty work. For the first time in his motion to reconsider, Brunker now argues that a doctor's note stating that he should not drive constitutes a request for light duty. This argument is waived as a grounds for discovery, as it was not raised in the first round of briefing. *See Pugel v. Board of Trustees of the University of Illinois, 378 F.3d 659, 669 (7th Cir. 2004) (quoting James v. Sheahan, 137 F.3d 1003, 1008 (7th Cir. 1998)); AT&T Wireless PCS, Inc. v. Town of Porter, 203 F. Supp.2d 985, 989 (N.D. Ind. 2002)*. Regardless, the presence of comparators is not a component of the *prima facie* case for a "failure to accommodate" claim. *See Saladino v. Envirovac, Inc., 167 Fed. Appx. 559, 561 (7th Cir. 2006)*. Even if it were, the fact that other allegedly disabled individuals were given light duty work -- individuals in the *same class* as the plaintiff -- would do nothing to establish that Schwan's discriminated against Brunker because of his disability. To the extent Brunker [*8] asserts that the records of other employees on light duty work are necessary to a discrimination claim under the-indirect method of proof, the court notes that the relevant comparators are those who failed to service customers, not those who are disabled.

Brunker continues to argue that he is entitled to the personnel files of employees who have failed to follow Schwan's uniform policy or keep accurate route books. Brunker argues that if Schwan's has limited its reasons for terminating him to his failure to service customers,

then Schwan's should not be permitted to use other disciplinary action taken against Brunker at trial or in a motion for summary judgment. Brunker has his remedies at these later stages of his case under *Federal Rule of Civil Procedure 56(f)* and the Federal Rules of Evidence, and so the court declines to address this argument on behalf of the district court at the discovery stage. Nevertheless, Brunker argues that he is entitled to these files to show pretext. Given that "pretext" relates to Schwan's stated reason for terminating Brunker (failure to service customers), and not to any other reason Brunker claims he was terminated, [*9] this argument is misplaced. *See **Raytheon Company v. Hernandez**, 540 U.S. 44, 51, 124 S. Ct. 513, 519, 157 L.Ed.2d 357 (2003)*.

Brunker argues, also for the first time in his motion to reconsider, that he is entitled to Schwan's gross sales and net income to establish that accommodating his disability would not cause Schwan's to experience an undue hardship. This argument is waived as untimely. *See **Pugel**, 378 F.3d at 669*. In any event, Schwan's has not defended this case on the theory that putting Brunker on light duty work would cause an undue hardship. Consequently, the information Brunker seeks is not relevant.

Finally, for the reasons set forth in the April 3, 2006 opinion, Brunker may not reopen the deposition of Zoltan Szabo. As stated in that opinion, "Szabo was Brunker's supervisor for three months and resigned eight months before Brunker was terminated." April 3, 2006 Opinion, pg. 6. The reasons for Szabo's termination are not relevant to the claims or defenses of any party in this case, as there is no evidence that Szabo participated in disciplining or terminating Brunker, or that his own termination had anything to do [*10] with Brunker. As far as discovery for the purpose of impeachment, Szabo has admitted that he was terminated for a dishonest statement or act under the influence of alcohol. Further information is not necessary for Brunker to impeach Szabo, and more detail may come out on the stand if Szabo testifies at trial.

II. Objection to Attorneys' Fees

On April 3, 2006, this court ordered Schwan's to file an affidavit of attorneys fees incurred in responding to Brunker's motions. Brunker objects to the entry of this sanction because he believes his arguments were substantially justified. Both originally and on reconsideration, these arguments were contrary to the law. Furthermore, while Brunker believes Schwan's discovery responses to be deficient, this court notes that Schwan's exceeded its obligation to provide information in response to many of Brunker's requests by providing legal analysis and voluntarily limiting its reasons for terminating him. Accordingly, this argument fails.

Alternatively, Brunker argues that the fees should be reduced to the amount Brunker's counsel spent preparing his motions because Schwan's has failed to establish that the attorneys' fees are reasonable. The court [*11] does not see how 17 hours at $ 170 per hour, or 7.3 hours at $ 210 per hour (for a total of 24.3 hours or $ 4,423.00) is unreasonable in this case. Brunker's original motions raised a myriad of objections under discrete legal theories. Unsurprisingly, Brunker's response to these challenges was 26 pages long and included multiple exhibits. Under these facts, the court declines to find that 24.3 hours is an unreasonably long period of time to compile a response brief in which the defendant must pull together the history and substance of its own discovery responses over a significant period of time as well as respond to various legal arguments raised by the plaintiff.

For the foregoing reasons, the Motion to Reconsider Opinion and Order Dated April 3, 2006 filed by the plaintiff, Frank Brunker, on April 25, 2006 is **GRANTED IN PART** and **DENIED IN PART**, the Objection to Defendant's Affidavit for Attorney Fees filed by Brunker on April 25, 2006 is **OVERRULED**, and the Motion to File Surreply filed by Brunker on June 15, 2006 is **GRANTED**.

ENTERED this 21 June, 2006

s/ ANDREW P. RODOVICH

United States Magistrate Judge