## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KIONA JORDAN,               )
                                 )
        Plaintiff,          )
                                 )   Civil Action No. 07 C 6452
                                 )
v.                               )   Judge: Coar
                                 )
R&O AURORA, INC,      )   Magistrate Judge: Denlow
                                 )
                                 )   <u>Jury Trial Demanded</u>
        Defendant.      )
                                 )

## <u>DEFENDANT'S RESPONSE TO PLAINTIFF'S MOTION TO COMPEL</u>

Defendant, R&O Aurora, Inc., by counsel, John O'Connor and Brian Ekstrom of Hubbard & O'Connor, Ltd., respectfully submits the following response in opposition to Plaintiff's Motion To Compel:

1.     The Plaintiff's motion to compel should be denied because it is unnecessary and premature and the Plaintiff has not complied with Fed. R. Civ. P. 37(a)(2)(A) and (B) and local rule 37.2.

2.     With respect to each of the issues raised in the Plaintiff's Motion, Defendant's counsel has either agreed to produce the disclosure prior to the filing of this motion or the parties had not yet reached in impasse in their negotiations before the filing of this motion.

3.     Federal Rules of Civil Procedure 37(a)(2)(A) and (B) and local rule 37.2 require the parties to confer in good faith in an effort to secure information or material and

resolve differences without court action and to certify that the parties were unable to reach an accord on those differences.

4.     The Plaintiff has not met the requirements of Fed. R. Civ. P. 37(a)(2)(A) and (B) and local rule 37.2 because there is in fact not any disagreement with respect to most of the issues raised in the motion, Defendant having agreed to produce documents and information pursuant to Plaintiff's discovery requests and the parties' subsequent negotiations.  In the one instance where true disagreement may exist, the parties were still in negotiations at the time this motion was filed as Defendant had recently made a compromise offer to resolve the issue.  The issue was therefore not ripe to be the subject of a motion to compel under the rules.

5.     Because the Plaintiff's motion involves issues to which there is no disagreement or which the parties have not exhausted their negotiations, the Defendant requests that the Court dismiss the motion in its entirety and require Plaintiff to comply with the requirements of Fed. R. Civ. P. 37(a)(2)(A) and (B) and local rule 37.2 before filing any subsequent motion to compel.  The Defendant also requests that the Court require the moving party to pay to the Defendant the reasonable expenses incurred in opposing this motion, including attorney's fees, under Fed. R. Civ. P. 37(a)(4)(B).

6.     The parties exchanged a significant amount of correspondence, some of which is addressed in Plaintiff's motion, in addition to conducting telephone conversations addressing the issues raised in the Plaintiff's motion.  See attached hereto **Exhibit 1**, March 28, 2008 letter from Plaintiff's counsel; **Exhibit 2**, May 1, 2008 letter from Defendant's counsel; **Exhibit 3**, May 13, 2008 email from Plaintiff's counsel; **Exhibit 4**,

May 20, 2008 letter from Defendant's counsel; **Exhibit 5**, May 22, 2008 letter from Plaintiff's counsel; and **Exhibit 6**, June 6, 2008 letter from Defendant's counsel.

7.      After the Defendant received notice on June 11, 2008 that Plaintiff had filed this motion to compel, it wrote to Plaintiff again in an effort to point out that no real disagreement existed on the issues addressed in this motion. See **Exhibit 7** attached hereto, June 13, 2008 letter from Defendant's counsel. Defendant's counsel urged Plaintiff's counsel to withdraw its motion or at least the portions to which the parties had already agreed in order to avoid wasting the Court's time on these issues. Defendant's counsel has not heard any response to this letter as of the time of filing this response and in fact has not received any communication on these issues since Plaintiff's counsel's May 22, 2008 letter to Defendant's counsel which did not indicate that the Plaintiff intended to file a motion to compel. See Exhibit 5.

8.      Following will be a brief description of the discovery negotiations the parties conducted with respect to each issue raised by Plaintiff, tracking the order they are addressed in Plaintiff's motion, and an explanation of why it is improper and unnecessary for the Plaintiff to bring a motion to compel discovery.

9.      Plaintiff first moves to compel information relating to Interrogatory No. 5. The Defendant initially objected to the production of documents relating to complaints against Lewis Gregg for the period during which he was not the Plaintiff's supervisor. See **Exhibit 8** attached hereto. After the parties exchanged correspondence negotiating this issue and Defendant's counsel produced Lewis Gregg's personnel file in an effort to resolve the matter, there is no longer any disagreement over this issue. See Exhibits 1, 2, 3, 4, 5 and 6. On May 22, 2008, Plaintiff's counsel stated that Lewis Gregg's personnel

file should satisfactorily address Interrogatory 5. See Exhibit 5. On June 6, 2008, Defendant produced Lewis Gregg's personnel file. See Exhibit 6. Without informing Defendant's counsel that the production of this personnel file was not sufficient to resolve the parties' differences on this issue and without any further correspondence or effort to negotiate a resolution to this issue and although Defendant's counsel was under the justified impression that production was complete to the Plaintiff's satisfaction, Plaintiff filed this motion on June 11, 2008. Because Plaintiff's counsel has not complied with the duty to attempt to resolve this discovery issue in good faith, the motion should be denied.

10.     With respect to Interrogatory No. 4, Plaintiff's motion seeks the last known addresses of certain individuals identified. There is no disagreement here and the Defendant has not refused to provide this information and in fact intends to provide this information. See Exhibit 2. The Plaintiff has not raised this issue since its initial letter dated March 28, 2008 addressing discovery issues. See Exhibit 1. There is no dispute here and there was never any agreement as to a timeline for when Defendant would produce this information or any indication that the Plaintiff would file a motion to compel if this information was not produced by a certain date. The Plaintiff simply ran to court to file this motion rather than making any attempt to resolve a difference with the Defendant. This action flies directly in the face of the spirit of local rule 37.2 and the court should not address this issue (or any of the other issues raised in the motion).

11.     The third issue raised in Plaintiff's motion relates to Interrogatory No. 7, requesting information about individuals employed by Defendant that were disciplined or evaluated by Lewis Gregg. Defendant initially objected to this interrogatory on various

grounds. See Exhibit 8. The parties, however, were in the process of negotiating a resolution to this issue when this motion was filed. The Plaintiff had requested that the Defendant stipulate that Mr. Gregg was a "supervisor" under the meaning of Title VII. See Exhibits 4 and 5. The Defendant had not refused the Plaintiff's proposal and sought further explanation from the Plaintiff by its May 20 and June 6, 2008 correspondence in order to determine the scope of any stipulation to which it would agree. See Exhibits 4 and 6. The Plaintiff did not respond in good faith to the Defendant's efforts to resolve this issue and instead filed this motion. This motion should therefore be denied as improper under local rule 37.2.

12.     Plaintiff next moves to compel the production of information which the Defendant has agreed to produce in full following extensive negotiations with Plaintiff. See Exhibit 6, letter from Defendant's counsel dated June 6, 2008. This information, sought by Interrogatory No. 12 and Production Request No. 8, relates to complaints by non-party employees of Defendant for a time period relating back to 2001. Defendant initially objected to this discovery but agreed to produce information relating to employees complaining of the same supervisor of which the Plaintiff complained. See Exhibit 8, pages 4 and 8. The parties exchanged correspondence on this issue, including letters dated March 28, May 1, May 20, May 22 and June 6, 2008. See Exhibits 1, 2, 4, 5 and 6. After analyzing the applicable 7th Circuit law and in the interest of cooperation, Defendant agreed to comply with this request in full on June 6, 2008. See Exhibit 6. Defendant explained that because it did not have this information compiled separately, it would need to gather it from the respective employees employed by Defendant during the time frame at issue, which would understandably take some amount of time. Plaintiff's

only response was to file this motion to compel. There was no prior attempt at communication by the Plaintiff after the Defendant agreed to produce this information. Again, this is a violation of the rules and Plaintiff's motion should not be heard.

13.    Plaintiff next seeks information relating to the job description of Defendant employee Amanda Olsen as sought in production request 38. Again, the Court should not address this issue because the Plaintiff has failed to exhaust negotiations as required under the rules. With respect to Olsen's job description, the Defendant indicated that it would be timely produced if any such responsive documents were found and further twice indicated that the Defendant does not possess job descriptions for the individual. See Exhibits 2 and 4, letters from Defendant's counsel dated May 1 and May 20, 2008. There were previously several other individuals of which the Plaintiff sought similar documents but has not mentioned in its motion to compel. Without further addressing this issue, the Plaintiff inexplicably moves to compel documents that Plaintiff knows do not exist, claiming that Defendant has yet to state whether it has job descriptions for Olsen. See Plaintiff's motion, paragraph 23. Defendant's prior statements that it would produce responsive documents and that it believed no responsive documents were in its possession would lead one to believe that such documents do not exist, which they do not. Plaintiff could have sought clarification on this issue if it so desired, but did not. Rather, we have this motion to compel, misplaced and further wasting the Court's time.

14.    Plaintiff next moves to compel the personnel file of Amanda Olsen as requested in production request 39. This has been the subject of significant negotiations. See Exhibits 1, 2, 4, 5 and 6. This is, in fact, possibly the only issue raised in Plaintiff's motion to which the parties disagree. After negotiations, the Defendant made a proposal

in an attempt to resolve the issue and cooperate to provide significant portions of the personnel file at issue and the portions thereof that would reveal any relevant information. See Exhibit 6. Rather than continue with the parties' good-faith efforts at negotiations, at which they had made significant progress, the Plaintiff's response was to file this motion to compel. Again, this is not acceptable and the Court should refuse to hear the Plaintiff's motion.

15.    In perhaps the most confusing portion of Plaintiff's motion, she brings up document requests regarding financial records. The parties have already reached agreement on these issues. See Exhibit 5, page 2, in which the Plaintiff accepts the Defendant's proposal to make financial records available sufficient to establish punitive damages if the Plaintiff is able to survive summary judgment. See Exhibit 4, pages 2-3. The issue raised in Plaintiff's motion here is not related to the agreement but rather that Defendant has not yet provided a draft protective order. This despite the fact that Defendant has never agreed to draft a protective order or that it would provide a draft to the Plaintiff by any date certain. The correspondence says nothing about any obligation of Defendant to do so. The parties had only agreed that one would be entered. See Exhibit 5. Defendant cannot fathom why Plaintiff's counsel did not ask for a draft protective order from Defendant or provide one himself before running to the Court. Further, it is not clear from the Plaintiff's motion what is being moved to compel. Is it a protective order or the financial documents regarding which the parties have already reached agreement? See Plaintiff's motion, paragraph 28. Regardless, the Court should not address this issue because the Plaintiff has not followed the rules in its obligation to make a good-faith effort at resolving any conflict.

16.    Regarding production request 62, the Defendant has agreed to produce a privilege log. See Exhibit 2. There was no deadline or timeline in place for the production of the privilege log and the Plaintiff has never raised the issue of when it is to be produced. Again, the Plaintiff's motion to compel is misplaced as she did not conform to the rules requiring a good-faith effort to resolve any discovery disputes prior to court action. Further, the case cited by the Plaintiff in paragraph 29 of its motion, *Ritacca v. Abbot Laboratories*, 2001 U.S. Dist. LEXIS 4366, (N.D. Ill. 2001) does not help Plaintiff. In that case, the Defendant failed to timely assert its privilege in its response to any specific document request and further the plaintiff there aggressively pursued the defendant for documents, which only came to defendant's attention when the plaintiff noticed missing Bates-stamped numbers, the plaintiff listed each and every missing document in its motion and the Defendant misrepresented that the missing documents were mere duplicates. This contrasts with the present case, where the Defendant has identified requests that seek potentially privileged information and the Plaintiff has not even raised the issue or asserted that Defendant provide a privilege log in any particular timeframe. The Court should not address this issue.

17.    Finally, Plaintiff raises the issue of the reason for Lewis Gregg's termination as requested in the Plaintiff's second set of interrogatories. See **Exhibit 9** attached hereto. After objection and then negotiating in an attempt to resolve the issue without court action, Defendant agreed to produce Lewis Gregg's personnel file to address the issue. See Exhibit 4. Plaintiff indicated in its May 22, 2008 letter that this personnel file should be sufficient to address this interrogatory. See Exhibit 5. Following the Defendant's production of the personnel file, however, Plaintiff apparently decided, without informing

Defendant, that it was not sufficient. Instead of trying to resolve this issue with the

Defendant, Plaintiff prematurely resorted to court action. The Court should refuse to

address this issue.

18.    In conclusion, the Court should refuse to address any of the issues raised in the

Plaintiff's motion because each issue is premature at this time. The parties have reached

agreement with regard to all but one of the issues and have not yet reached an impasse at

the time of the filing of the motion to compel with regard to the remaining issue.

Plaintiff's conduct in filing of this motion is exactly the type of conduct that Fed. R. Civ.

P. 37(a)(2)(A) and (B) and local rule 37.2 were intended to deter.

Wherefore, Defendant respectfully requests that this Court deny Plaintiff's

Motion To Compel and award Defendant the reasonable expenses incurred in opposing

the motion, including attorney's fees.

Respectfully submitted,

R & O Aurora, Inc., Defendant


 /s/ Brian Ekstrom
Attorney for Defendant

John O'Connor
Brian Ekstrom
Hubbard & O'Connor, Ltd.
900 West Jackson
Six West
Chicago, Illinois 60607
(312) 421-5960

9

## Certificate of Service

I hereby certify that on June 30, 2008, a copy of the document referenced above was filed electronically with the Clerk of Court using the ECF system.  Notice of this filing will be sent to counsel listed on the attached service list by operation of the Court's electronic case filing system.

s/      Brian Ekstrom
Attorney for the Defendant


John O'Connor
Brian Ekstrom
HUBBARD & O'CONNOR, LTD.
900 W. Jackson Blvd., Suite 6W
Chicago, IL 60607
(312) 421-5960
joconnor@hubbardoconnor.com
bekstrom@hubbardoconnor.com