# ASONYE & ASSOCIATES

### LAW OFFICE
### 11 SOUTH LASALLE STREET
### SUITE 2140
### CHICAGO, ILLINOIS 60603
PHONE: 312-795-9110    FACSIMILE: 312-795-9114

www.aa-law.com

UCHE O. ASONYE
MARK PANDO
CRAIG T. PAPKA

uche@aa-law.com
mark@aa-law.com
craig@aa-law.com

March 28, 2008

Mr. Brian Ekstron, Esq.
Hubbard & O'Connor, Ltd.
900 West Jackson Boulevard, Suite 6 West
Chicago, Illinois 60607

> Re:    *Jordan v. R&O Aurora, Inc.*
> Case No.: 07-CV-6452

Dear Brian:

I have reviewed your responses to Plaintiff's first set of discovery requests. Some of your responses to the discovery requests are insufficient. I ask that you supplement your responses for the following:

*Plaintiff's First Set of Interrogatories:*

- interrogatory number 4 asks Defendant to identify each present or former employees of Defendant who have worked in the same department as Lewis Gregg or under his supervision, and for each person identified, state his/her dates of employment and/or dates of such supervision. You object on the grounds that the interrogatory is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the interrogatory is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the identity of each present or former employees of Defendant who have worked in the same department as Lewis Gregg or under his supervision is relevant as the former employees may have observed the conduct of Lewis Gregg towards Plaintiff or themselves been subjected to the same conduct. Finally, without waiving your objections, you list a number of individuals without fully identifying them pursuant to paragraph D of the "Definitions and Instructions" of the interrogatories. Please produce the last known contact information for all non-managerial and non-supervisory employees. *See*



EXHIBIT

1

*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

> *Sciafe v. Boenne*, 2000 U.S. Dist. LEXIS 7973 **12 (N.D. Ind. 2000).

•    interrogatory number 5 asks Defendant to identify each employee, including Plaintiff, who has alleged, complained or reported that he/she was sexually discriminated against, sexually harassed or subjected to retaliatory conduct by Lewis Gregg and for each person identified, state the dates, nature and particulars of his/her allegations. You object on the grounds that the interrogatory is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the interrogatory is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the identity of each employee who has alleged, complained or reported that he/she was sexually discriminated against, sexually harassed or subjected to retaliatory conduct by Lewis Gregg is relevant as it shows Lewis Gregg's discriminatory motive, intent, preparation, and absence of mistake. *See Fed. R. Evid. 404(b); See also Molnar v. Lloyd Booth, et. al.,* 2000 U.S. App. LEXIS 24501, *603 (7th Cir. 2000). Finally, without waiving your objection, you answer by indicating that "no employee made any such allegations, complaints, or reports against [Lewis] Gregg *at or prior* to the time Plaintiff made such allegations." (*emphasis added*). This interrogatory does not specify disclosure of said allegations, complaints, or reports to a time period of at or prior to the time Plaintiff made such allegations, rather, includes the time period up to the present time period. *See Gaul v. Zep. Mfg. Co.*, 2004 U.S. Dist. LEXIS 1990 (E.D. Penn. 2004) (temporal scope of 5 years back is appropriate in Title VII case); *EEOC v. Autozone, Inc.*, 258 F.Supp. 2d 822 (W.D. Tenn. 2003) (collecting cases allowing discovery five years prior to alleged discrimination and two years post-charge investigation). It should be noted that it has come to light that another female employee has accused Lewis Gregg of sexual harassment after Plaintiff made allegations against Lewis Gregg. As such, please supplement your response with all allegations, complaints, or reports of sexual harassment against Lewis Gregg.

•    interrogatory number 7 asks Defendant to identify each person that has been disciplined or evaluated by Lewis Gregg, including but not limited to any of the following: verbal warnings or reprimands, written warnings or reprimands, suspensions or terminations, written or unwritten performance evaluations. You raise numerous objections, including the interrogatory is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence, and the information may violate the privacy rights of third party individuals. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). I am not opposed to the redaction of sensitive material of these individuals. Further, the identity of each person that has been disciplined by Lewis Gregg is relevant as you have placed the documents at issue by asserting the *Ellerth/Faragher* affirmative defense. *See Jones v. Scientific Colors, Inc.*,

*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

2001 U.S. Dist. 10753, *2 (N.D. Ill. 2001); *Quiroz v. Hartgrove Hospital,* 1998 U.S. Dist. LEXIS 7194 (N.D. Ill. April 24, 1998); *Johnson v. Rauland-Borg Corp.,* 961 F. Supp. 208, 211 (N.D. Ill. 1997); *Payton v. N.J. Turnpike Authority,* 73 FEP Cases 1149 (1997); *Pray v. New York Ballet Company,* 73 FEP Cases 1714 (S.D.N.Y. 1997); *Brownell v. Roadway Packaging System, Inc.,* 185 F.R.D. 19, 76 Empl. Prac. Dec. 46 (N.D.N.Y. 1999); *Harding v. Dana Transport, Inc.,* 914 F.Supp. 1084, 1099 (D. N.J. 1996); and *Worthington v. H. Endee,* 177 F.R.D. 113 (N.D.N.Y. 1998). Finally, you respond without waiving said objections that "during the time [Lewis] Gregg supervised Plaintiff, he did not *give Plaintiff* any discipline or evaluation." *(emphasis added).* Please note the interrogatory is not limited in scope to only Lewis Gregg's discipline to Plaintiff, rather, the interrogatory encompasses each person that has been disciplined or evaluated by Lewis Gregg.

- interrogatory number 12 asks Defendant to describe in detail all sex discrimination, harassment, and/or retaliation charge(s), lawsuit(s), and/or complaint(s), including internal complaints and grievances, made against Defendant or any of its employees from 2001 to the present. You object on the grounds that the interrogatory is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the interrogatory is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.,* 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.,* 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). The description in detail of all sex discrimination, harassment, and /or retaliation charge(s), lawsuit(s), and/or complaint(s), including internal complaints and grievances, made against Defendant or any of its employees from 2001 to the present is relevant as you have placed the documents at issue by asserting the *Ellerth/Faragher* affirmative defense. *See Jones v. Scientific Colors, Inc.,* 2001 U.S. Dist. 10753, *2 (N.D. Ill. 2001); *Quiroz v. Hartgrove Hospital,* 1998 U.S. Dist. LEXIS 7194 (N.D. Ill. April 24, 1998); *Johnson v. Rauland-Borg Corp.,* 961 F. Supp. 208, 211 (N.D. Ill. 1997); *Payton v. N.J. Turnpike Authority,* 73 FEP Cases 1149 (1997); *Pray v. New York Ballet Company,* 73 FEP Cases 1714 (S.D.N.Y. 1997); *Brownell v. Roadway Packaging System, Inc.,* 185 F.R.D. 19, 76 Empl. Prac. Dec. 46 (N.D.N.Y. 1999); *Harding v. Dana Transport, Inc.,* 914 F.Supp. 1084, 1099 (D. N.J. 1996); and *Worthington v. H. Endee,* 177 F.R.D. 113 (N.D.N.Y. 1998). Finally, you respond without waiving said objections by directing Plaintiff to see the response to interrogatory number 5. You respond to interrogatory number 5 in part by answering that "no employee made any such allegations, complaints, or reports against [Lewis] Gregg *at or prior* to the time Plaintiff made such allegations." *(emphasis added).* Please note the interrogatory is not limited in scope to only Plaintiffs allegations against Lewis Gregg, rather, the interrogatory encompasses each complaint of sexual discrimination, sexual harassment, or retaliation against Lewis Gregg and seeks information from 2001 to the present. *See Gaul v. Zep. Mfg. Co.,* 2004 U.S. Dist. LEXIS 1990 (E.D. Penn. 2004) (temporal scope of 5 years back is appropriate in Title VII case); *EEOC v. Autozone, Inc.,* 258 F.Supp. 2d 822 (W.D. Tenn. 2003) (collecting cases allowing discovery five years prior to alleged discrimination and two years post-charge investigation).

*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

*Plaintiff's First Request for Production of Documents:*

- production request number 4 seeks Lewis Gregg's entire personnel file. You object on the grounds that the request is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the production request is relevant as it goes to show the supervisory status of the harasser, and is also relevant pertaining to information of warnings or documentation of inappropriate behavior contained therein. *See Saket v. American Airlines, Inc.*, 2003 U.S. Dist. LEXIS 2797 (N.D. Ill. 2003); *Byers v. Illinois State Police*, 2002 U.S. Dist. LEXIS 9861 (N.D. Ill. 2002); *Fox-Martin v. H.J. Heinz Operations*, 2003 U.S. Dist. LEXIS 23571 (D. Kan. 2003).

- production request number 5 seeks the personnel files of any of Defendant's employees who engaged in the same or similar conduct to that for which Plaintiff was transferred, suspended and demoted for the period of 2003 to the present. You object on the grounds that the request is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the production request is relevant as it provides comparative measures and a factual basis for individuals that engaged in similar conduct as plaintiff and did not suffer any adverse action in the form of a transfer, suspension or demotion.

- production request number 8 seeks documents which relate to any sex discrimination, sexual harassment or retaliation, assault or battery lawsuit, charge or complaint, including internal grievances, made or filed against Defendant from 2001 to the present. You object on the grounds that the request is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You also direct Plaintiff to Defendant's initial disclosures. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Your initial disclosures merely identify documents relating to Plaintiff's allegations in her respective complaints. The production request, however, seeks all documents which relate to *any* sex discrimination, sexual harassment or retaliation, assault or battery lawsuit, charge or complaint, including internal grievances, made or filed against Defendant from 2001 to present. Further, this production

*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

request is relevant as it goes to Defendant's first affirmative defense claiming it had in place reasonable measures to prevent and remedy harassment.

- production request number 26 seeks job description(s) for each of the position(s) held by Plaintiff since the beginning of her employment with Defendant. You object on the grounds that the request is irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. You also direct Plaintiff to see the R-O Employee Requisition form for the "kitter" position. This information is relevant as it goes to re-but Defendant's defense that Plaintiff suffered an adverse employment action. Further, this request goes to prove Plaintiff's allegations in Count II of her complaint that states she was retalitorility transferred, suspended and demoted. Also, Defendant's direction to Plaintiff to see the R-O Employee requisition form is insufficient as Defendant has not produced all job descriptions for each of the positions held by Plaintiff since the beginning of her employment with Defendant.

- production request number 28 seeks all disciplinary actions authored, issued, signed or given by Lewis Gregg to any of Defendant's employees during his employment with Defendant. You object on the grounds that the request is unduly burdensome, irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You also direct Plaintiff to Defendant's initial disclosures. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). This request goes to the theory of liability, corresponds directly to Defendant's first affirmative defense, and Lewis Gregg's supervisory status. Further, only documents produced in your initial disclosures contain items of disciplinary actions given to Lewis Gregg. The interrogatory seeks disciplinary actions authored, issued, signed or given by Lewis Gregg to any of Defendant's employees not given to Lewis Gregg. Please supplement said interrogatory.

- production request numbers 30 through 39 seeks job descriptions and personnel files for Leslie McGinnest, Keith Cecil, Ray Abner, Bob McGee, and Amanda Olsen. You object on the grounds that the request is unduly burdensome, seeks information which would violate the privacy rights of third parties, and irrelevant and is not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). I'm not opposed to the redaction of sensitive material of these individuals. Further, the personnel files and all job descriptions of positions held by said individuals are relevant given that they may be individuals who played a key role in the retaliatory transfer, suspension and/or demotion of Plaintiff. *See Sykes v. Target Stores*, 2002 U.S. Dist. LEXIS 6627 (N.D. Ill.

*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

2002); *Brunker v. Schwan's Food Service, Inc.*, 2006 U.S. Dist. LEXIS 41704 (N.D. Ind. 2006); *Fox-Martin v. H.J. Heinz Operations*, 2003 U.S. Dist. Lexis 23571 (D. Kan. 2003).

- production request number 44 seeks all documents or other communication relating to any employment benefits offered to Defendant's employees in the period starting in 2006 to the present. You object on the grounds that the request is unduly burdensome, seeks information which would violate the privacy rights of third parties, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the documents or other communications relating to any employment benefits offered to Defendant's employees in the period starting in 2006 and running until the present is relevant as it provides comparative measures and a factual basis for similarly situated individuals who did not suffer an adverse employment actions as well as a comparative measure and factual basis for the calculation of damages.

- production request number 45 seeks Defendant's audited and unaudited financial statements and federal income tax returns including supporting schedules for the period of 2004 until the present. You object on the grounds that the request is unduly burdensome, seeks information which would violate the privacy rights of third parties, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). As you know, Plaintiff has requested punitive damages in her complaint and is entitled to the documentation as it relates to said relief. *See EEOC v. Staffing Network, L.L.C.*, 2002 U.S. Dist. LEXIS 21318, 14 (N.D. Ill. 2002). I am willing to enter into a protective order to protect the disclosure of your client's sensitive financial information.

- production requests 49 through 51 seek Defendant's quarterly tax returns (Form 941), Employer's Contribution and Wage Report (Form I-99), and Defendant's payroll records reflecting the total number of employees of Defendant from 2004 until the present. You object on the grounds that the request is unduly burdensome, seeks information which would violate the privacy rights of third parties, irrelevant and not reasonably calculated to lead to the discovery of admissible evidence. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the quarterly tax returns, Employer's Contribution and Wage Report, and Defendant's payroll records are relevant as they provide help to establish the number of employees employed by Defendant. Plaintiff is required to provide evidence to establish jurisdiction and to determine

*Jordan v. R&O Aurora, Inc.*
*Case No.: 07-CV-6452*

the cap for damages. Testimony from an employee of Defendant is not enough for Plaintiff to meet her burden. *See Mizwicki v. Gerald Helwig, D.C., P.C.*, 196 F.3d 828 (7th Cir. 1999). I am willing to enter into a protective order to protect the disclosure of your client's sensitive financial information.

- production request number 62 requests a list of documents which are being withheld from production by virtue of any privilege of non-production or for any other reasons. You object on the grounds that the request is unduly burdensome and outside the scope fo Rule 34. You fail to meet your burden of explaining how the production request is over broad and unduly burdensome as required. *See Schaap v. Executive Industries, Inc.*, 1990 U.S. Dist. LEXIS 3839, *387 (N.D. Ill. 1990); *Graham v. Casey's General Stores, Inc.*, 2002 U.S. Dist. LEXIS 4509, *254 (S.D. Ind. 2002). Further, the request for a list of documents which are being withheld from production by virtue of any privilege of non-production is not outside the scope of Rule 34. *Fed. R. Civ. P. 26(b)(5)* specifically requires the objecting party who stakes a claim of privilege to describe the nature of the documents, communications, or things not produced in a manner that, without revealing information itself privileged, will enable the other party to assess the applicability of the privilege. Failure to abide by *Fed. R. Civ. P. 26(b)(5)* may result in the waiver of the privilege. *See Ritacca v. Abbot Laboratories*, 2001 U.S. Dist. LEXIS 4366, *335 (N.D. Ill. 2001).

- production request numbers 7, 10, 15, 19, 25, are all objected to in part on the grounds that the request seeks information protected by the attorney-client privilege and work product doctrine. This objection is insufficient pursuant to *Fed. R. Civ. P. 26(b)(5)* which specifically requires the objecting party who stakes a claim of privilege to describe the nature of the documents, communications, or things not produced in a manner that, without revealing information itself privileged, will enable the other party to assess the applicability of the privilege.

I await to hear your response on the above discovery issues.

Very truly yours,

Mark Pando

MP/jdk

# HUBBARD & O'CONNOR, LTD.

**ATTORNEYS AT LAW**
900 WEST JACKSON BOULEVARD
SIX WEST
CHICAGO, ILLINOIS 60607

——
(312) 421-5960
FACSIMILE: (312) 421-5310

ELIZABETH L. HUBBARD
JOHN CAMPBELL O'CONNOR
BRIAN EKSTROM

*Via Facsimile*

May 1, 2008

Mark Pando
Asonye & Associates
11 South LaSalle Street
Suite 2140
Chicago, IL 60603
FAX: 312-795-9114

Re: **Jordan v. R&O Aurora, Inc., No. 07 C 6452**

Dear Counsel:

This letter is sent in the spirit of Local Rule 37.2 and is in response to your correspondence dated March 28, 2008.

In response to your concerns about Interrogatory No. 4, the interrogatory is overly broad and unduly burdensome and neither relevant nor reasonably calculated to lead to the discovery of admissible evidence because it does not have any temporal limitation, seeks the identity of employees who worked with Gregg when he was not a supervisor and seeks the identity of employees who may have never even worked with Gregg but were at some point in the same department. We have provided a list of employees who worked with Gregg during the relevant time period during which he was a supervisor and will supplement this response with the last known addresses for the non-supervisory employees named in our response to Interrogatory No. 4. In the event you can explain why Plaintiff would be entitled to additional information in response to this interrogatory, we are willing to further discuss the matter with you.

In response to your concerns about Interrogatory No. 5, the interrogatory is overly broad and unduly burdensome because it does not limit the time period at all or even limit complaints against Gregg to those by defendant employees and includes the Plaintiff, who is the subject of this case and defendant need not parrot the Plaintiff's allegations back to her. The only complaint against Gregg for the relevant time period is the one made by the Plaintiff. Any complaints that may have been made against Gregg after Plaintiff's discharge are not relevant to the reasons for Plaintiff's discharge or any of the allegations she has made because they could not possibly have been within Defendant's knowledge prior to their occurrence. In your letter you assert that post-discharge complaints against Gregg are relevant to "discriminatory motive, intent, preparation, and absence of mistake."

**EXHIBIT**

2

## HUBBARD & O'CONNOR, LTD.

However, you fail to explain how such matters would be relevant to these issues. With regard to your citation to *Molnar v Lloyd Booth, et al.*, 2000 U.S. App. LEXIS 24501 (7th Cir. 2000), it is not persuasive because it deals only with a former employee's allegation of harassment by a supervisor prior to the events at issue in that case. While pre-discharge complaints against Gregg may or may not be relevant in this case, any complaints against Gregg after the plaintiff was no longer within contact of Gregg could not be relevant to establish any issue relevant to this case. You cite *Gaul v. Zep Manufacturing Co.*, 2004 U.S. Dist. LEXIS 1990 (E.D. Penn. 2004) which is not persuasive because that Court was only determining how far back in time predating the liability period discovery could be conducted. That is not an issue in this case. You also cite *EEOC v. Autozone, Inc.*, 258 F.Supp. 2d 822 (W.D. Tenn. 2003), which was a class action pattern and practice case in which the plaintiffs showed ongoing discrimination over the course of years and the court there indicated that the context before and after the discrimination was important to show that the discrimination was ongoing. The court did not allow the plaintiff's discovery period up to the then-present time. As such, we do not agree to disclose any complaints against Gregg made after the departure of Plaintiff from Defendant. Again, if you can explain how such after-the-fact possible events are relevant to an issue in this case or provide citation authority for your position, we are willing to further discuss the matter with you.

Likewise, Interrogatory No. 7 is overly broad and unduly burdensome because discipline of by Gregg of employees other than Plaintiff is not relevant and Defendant should not be made to identify all individuals disciplined, including verbally reprimanded by Gregg, that have nothing to do with this case. This information would also violate the privacy of third parties not involved in this case. You have asserted that this information is relevant because defendant has asserted the *Faragher/Ellerth* defense and cited numerous cases which do not appear to address the issue or persuade us that discipline issued by Gregg to other employees is in any way relevant to the action that the defendant took in this matter pursuant to the plaintiff's alleged complaint. *Jones v. Scientific Colors, Inc.*, 2001 U.S. Dist. 10753, and each of the other cases you cite in support of your position simply support the proposition that the plaintiff's investigative file is discoverable. That is not at issue in this case and we have already produced the plaintiff's investigation file. As such, absent explanation as to how Gregg's discipline of others could lead to the discovery of admissible evidence relevant to the affirmative defense or other issues in this case, it is our position that the identities of any other individuals disciplined by Gregg other than the plaintiff is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

Interrogatory No. 12 is overly broad and unduly burdensome because it seeks information relating to complaints made by people other than Plaintiff. This information is also not relevant to plaintiff's allegations or the reasons for her termination and would violate the privacy of third parties not involved in this case. Further, you again claim that because we have asserted the *Faragher/Ellerth* defense that this information becomes relevant although you have not explained in what way such information relates to the actions taken by defendant pursuant to the plaintiff's alleged complaint. Further, the cases you cite do not support this assertion. As such, it is our position that we do not intend to disclose complaints made to Defendant other than those made by the plaintiff. Note that we have agreed to produce information regarding any complaints against Gregg prior to

2

## HUBBARD & O'CONNOR, LTD.

Plaintiff's termination. I fail to see how complaints relating to other supervisors that are not the subject of Plaintiff's complaint could possibly be relevant to her claims or our affirmative defenses. If you are willing to explain how complaints against other supervisors could possibly be relevant and provide citation authority for that proposition we are willing to further discuss the matter with you.

We objected to Document Request No. 4, which seeks Lewis Gregg's entire personnel file, on the basis that it is overly broad and unduly burdensome because it seeks documents completely unrelated to this case. We agree that certain documents related to plaintiff's allegations in this case may be contained in Gregg's file and may be relevant to this case, but not the entire file. You claim that the file is relevant to Gregg's supervisory status but it is not disputed that Gregg was the Plaintiff's supervisor during a period of time of her employment and documents reflecting this fact have been produced. You further claim that information relating to warnings or documentation of inappropriate behavior is contained therein. We are willing to produce such to the extent that they relate to the plaintiff or to any other complaints made about Gregg as a supervisor at or prior to the time he supervised Plaintiff.

Request No. 5 is overly broad and unduly burdensome and irrelevant because it would include people who are not supervised by Gregg or have any bearing on the plaintiff's claims or the affirmative defenses in this case and would violate the privacy rights of third parties not involve din this case. Further, it is unclear what job action the request is referring to with respect to the plaintiff or to what conduct of plaintiff the request is referring. If you are willing to identify the job action to which the request refers and to what conduct of plaintiff the request refers and explain how this information would be relevant we are willing to further discuss the matter with you.

Request No. 8 is overly broad and unduly burdensome because documents relating to complaints by employees other than plaintiff's do not shed light on the allegations in this case and their disclosure would violate the privacy of third parties. You assert that they are relevant to Defendant's first affirmative defense that it had in place reasonable measures to prevent and remedy harassment. The documents relating to the investigation of Plaintiff's complaints address this issue as well as other documents produced by defendant that address its policies and procedures to prevent and remedy harassment. Also, see our response to Interrogatory No. 12, above.

With respect to Request No. 26 seeking job descriptions, defendant has already produced the employee requisition form for the "kitter" position. Defendant is not aware of other responsive documents that describe any positions held by Plaintiff but if any such responsive documents are discovered in the investigation of this case, they will be timely produced.

Our position with respect to Request No. 28 is the same as with Interrogatory No. 7, addressed above, in that discipline issued by Lewis Gregg to employees other than the Plaintiff is not relevant. Your assertions that these documents go to the theory of liability, supervisory status and correspond directly to Defendant's first affirmative defense are not persuasive. As stated above, Defendant admits that Gregg was Plaintiff's supervisor for a period during her employment. In light of this fact, we fail to see how discipline issued by

3

## HUBBARD & O'CONNOR, LTD.

Gregg to individuals other than the plaintiff is relevant to any issue in this case. Again, we are willing to discuss with you any explanation as to why such information could be relevant.

Your argument that the personnel files and job descriptions sought in Requests numbered 30-39 are relevant is not persuasive because there is no indication that any documents relevant to Plaintiff's allegations or Defendant's defenses would be contained in any of the requested documents. We will agree to produce any non-privileged documents available that relate to Plaintiff's allegations that may be contained in any of the personnel files sought but will not produce the entire personnel files because the requests are overly broad, unduly burdensome, seek information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence and violate the privacy rights of other employees. Further, it is believed that defendant does not possess responsive job descriptions for the named individuals. Should responsive job descriptions be found in the course of the investigation of this case they will be timely produced. It should be noted that Leslie McGinnest is not and has never been an employee of Defendant.

Request No. 44 is overly broad and unduly burdensome because it asks for information relating to all employees, not just employees that were in similar positions and earned similar compensation to plaintiff. It would further require the production of documents relating to the benefits received by specific individuals other than Plaintiff which would violate their privacy and would have no relevance to this case. Further, Defendant has produced its Employee Manual in this case which addresses the benefits available to employees.

With respect to Request Nos. 45 and 49 through 51, we will need to get back to you on these issues with respect to sensitive company documents and would need to discuss the terms of an agreed protective order for any documents that we do agree to produce.

With respect to the issue you raised regarding privileged documents, we will provide a privilege log as required under FRCP 26(b)(5).

In the spirit of Rule 37.2, we are willing to further discuss these issues and consider any further explanations and authorities for the positions taken by Plaintiff on these issues.

Best regards,

Brian Ekstrom
HUBBARD & O'CONNOR, LTD.

BE/be
CC:    Matt Pappas
       R&O Specialties, Inc.

4

## Mark Pando

| | |
|---|---|
| **From:** | Mark Pando |
| **Sent:** | Tuesday, May 13, 2008 3:45 PM |
| **To:** | Brian Ekstrom |
| **Subject:** | case law - Jordan |

**Attachments:** Order of 09-16-2005 on Motion to Compel.pdf

Brian,

Please review the case of *Butta-Brinkman v. FCA International, Ltd*, 164 F.R.D. 475, 1995 U.S. Dist. LEXIS 17506 (N.D. Ill. 1995) which allows for the discovery of other complaints of sexual harassment. I have also attached an order in a different case where Judge McCuskey ordered the defendant to answer an interrogatory dealing with the termination of the harasser, the personnel files of the harassers, and produce any documents relating to other claims of discrimination or harassment against the harasser. See discussion of interrogatory 19 on page 3, production requests 4 and 6 on page 5, and production request 22 on page 6.

Sincerely,

Mark Pando
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110 (*t*)
312.795.9114 (*f*)
www.aa-law.com

**DO NOT read, copy or disseminate this communication** *unless you are the intended addressee. This e-mail contains confidential and/or privileged information intended only for the addressee. If you have received this communication in error, please call us immediately at (312) 795-9110 and ask to speak to the sender of the e-mail. Also, please notify the sender immediately via e-mail that you have received this communication in error.*



# HUBBARD & O'CONNOR, LTD.

ATTORNEYS AT LAW
900 WEST JACKSON BOULEVARD
SIX WEST
CHICAGO, ILLINOIS 60607

—

(312) 421-5960
FACSIMILE: (312) 421-5310

ELIZABETH L. HUBBARD
JOHN CAMPBELL O'CONNOR
BRIAN EKSTROM

*Via Facsimile and U.S. Mail*

May 20, 2008

Mark Pando
Asonye & Associates
11 South LaSalle Street
Suite 2140
Chicago, IL 60603
FAX: 312-795-9114

Re:    **Jordan v. R&O Aurora, Inc., No. 07 C 6452**

Dear Counsel:

This letter is sent in the spirit of Local Rule 37.2 in an attempt to resolve without the need for court action remaining discovery issues in this case. Based on the parties' previous correspondence and our conversation this week, we hope to reach an agreeable resolution to the remaining discovery disputes.

In the interest of compromise and after reviewing your correspondence and applicable case law from the Seventh Circuit, we will agree to produce Lewis Gregg's personnel file. Our production of this file will address the issues you raised with respect to Plaintiff's Document Request No. 4 (request for personnel file) as well as Interrogatory No. 5 (additional complaints against Gregg) and the interrogatory contained in your Second Set of Interrogatories (reasons for Gregg's termination). We hereby refer to Gregg's personnel file in response to each of those discovery requests, which we will forward to your office.

With respect to Interrogatory No. 7 and Document Request No. 28 regarding individuals disciplined or evaluated by Gregg, you indicated that you were seeking this information to establish that Gregg was a supervisor under Title VII. In Paragraph 9 of the Defendant's Answer to Complaint, the Defendant admits that Gregg was Plaintiff's supervisor during a period of her employment. You told me during our phone conversation that you would consider withdrawing these requests if you had it in writing that Gregg was a supervisor. Please confirm that the Answer is sufficient and you will withdraw Interrogatory No. 7 and Document Request No. 28.

1


EXHIBIT
4

## HUBBARD & O'CONNOR, LTD.

With respect to Interrogatory No. 12 and Document Request No. 8 regarding sexual harassment, discrimination and retaliation complaints against R&O since 2001, we maintain our objections to these requests and believe that Judge Coar would not grant a motion to compel. After reviewing the case law, it appears that we would have a strong argument against a motion to compel the production of this information. See, e.g. *Merdelin v. Johnson*, 2007 U.S. Dist. LEXIS 43638 (N.D. IL 2007), denying a plaintiff's motion to compel and noting that "many courts have held that supplying the discrimination claims of other employees will discourage future complaints of discrimination because the names of the people filing would be available to other companies and to other employees." *Merdelin*, 2007 U.S. Dist. LEXIS 43638 at *6. We are still, however, investigating this issue and will get back to you by Friday, May 23, 2008 about whether we will produce responsive information.

When we discussed Document Request No. 5, to which the Defendant objects on several grounds, you indicated that you would consider withdrawing it. Please confirm in writing that you intend to withdraw Document Request No. 5.

With respect to Document Request Nos. 30-39 relating to job descriptions and personnel files relating to certain individuals, we maintain our objections to these requests. As we discussed, Leslie McGinnest is not an employee of Defendant. Further, Defendant's investigation has not identified any job descriptions for the named individuals. Further, we believe that Judge Coar would rule in our favor on any motion to compel that you may bring based on our review of the 7th Circuit case law. In the interest of resolving this issue, however, we are willing to produce all documents contained in the personnel files of the named employees that relate to the Plaintiff Kiona Jordan. We believe that this is a legitimate compromise to this issue and should provide Plaintiff with any and all relevant information sought by these requests. Please let us know if you are agreeable to this compromise.

With respect to Document Request No. 44 regarding benefits, to which we object on several grounds, we have nonetheless already provided the Plaintiff with a complete copy of the applicable Employee Manual which addresses the benefits received by Defendant employees. When we spoke you indicated that you wanted Defendant to produce any additional information relating to benefits, such as information about Defendant 401(k) plan. We object to producing any further documents responsive to this request. The Plaintiff did not allege that she was terminated or that she was constructively discharged or that she suffered any reduction in compensation or benefits of any kind as a result of any action by the Defendant. At the time she quit her job she was not receiving any less compensation or benefits than at any point during her employment with Defendant. The Plaintiff therefore has no legitimate claim for back pay or lost benefits, making Request No. 44 irrelevant to any issue in this case. We will not provide any further information responsive to Request No. 44.

With respect to Document Request No. 45 regarding Defendant's financial statements from 2004, to which we object, you indicated that you are seeking this

## HUBBARD & O'CONNOR, LTD.

information in regard to punitive damages. As we discussed, because of the sensitive nature of any such information, we would require any responsive information to be covered under a protective order and it would not be necessary for Defendant to provide any responsive information until and if the Plaintiff is able to withstand Defendant's summary judgment motion. With this in mind and in the interest of cooperation, we would be agreeable to provide information regarding Defendant's finances sufficient to establish a punitive damages award in the event Plaintiff survives summary judgment and an appropriate protective order is entered. Please let us know whether you will agree to this arrangement.

With respect to Document Request Nos. 49-51 relating to quarterly tax returns, employer contribution and wage reports and payroll records, you have indicated that you are seeking this information to establish the number of employees at Defendant. We object to these requests but are willing to stipulate to the number of employees at Defendant upon the completion of our investigation into this issue. If the number is below 500 we will also agree to produce information sufficient to establish the number of employees in the event Plaintiff survives summary judgment and an appropriate protective order is entered.

Please address these issues by Friday, May 23, 2008 and call if you wish to discuss this matter.

Best regards,

Brian Ekstrom
HUBBARD & O'CONNOR, LTD.

BE/be
CC:    Matt Pappas
       R&O Specialties, Inc.

3

MAY. -20'08(THU) 11:50                                                          P. 001

```
** CONFIRMATION REPORT **


TRANSMISSION
TRANSACTION(S) COMPLETED


NO.   DATE/TIME   DESTINATION              DURATION PGS    STATUS   MODE

945   MAY. 20 11:42              7959114 0' 07' 29' 004     OK     NORMAL
```



**FAX COVER SHEET**

**TO: Mark Pando**

**FROM:   Brian Ekstrom**

**CLIENT / MATTER: Jordan v. R&O Austin, Inc.**

**DATE: May 20, 2008**

**FAX NUMBER:   312-795-9114**

**TOTAL PAGES INCLUDING COVER SHEET: 4**

<u>**COMMENTS**</u> :

**This Message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable laws. If the reader of this message is not the intended recipient, or the employer or agent responsible for delivering the message to the intended recipient**

# ASONYE & ASSOCIATES

### LAW OFFICE
### 11 SOUTH LASALLE STREET
### SUITE 2140
### CHICAGO, ILLINOIS 60603
PHONE: 312-795-9110   FACSIMILE: 312-795-9114

www.aa-law.com

UCHE O. ASONYE
MARK PANDO

uche@aa-law.com
mark@aa-law.com

May 22, 2008

**Via E-mail and First Class Mail**
Mr. Brian Ekstron, Esq.
Hubbard & O'Connor, Ltd.
900 West Jackson Boulevard, Suite 6 West
Chicago, Illinois 60607

      *Re:*   *Kiona Joran v. R&O Aurora, Inc.*
           Case No.: 07-CV-6452

Dear Brian:

I am writing in response to your letter of May 20, 2008. The production of the personnel file of Lewis Gregg will resolve the discovery dispute with respect to production request 4. Said personnel file should also address interrogatory 5 and the interrogatory from the second set. I will know once the personnel file has been produced.

Although Defendant admits that Lewis Gregg was a supervisor, the title alone does not make an individual a supervisor for the purpose of Title VII. Accordingly, I will withdraw interrogatory 7 and production request 28 if Defendant stipulates in writing that it will not contest that Lewis Gregg was a supervisor under Title VII.

For interrogatory 12 and production request 8, I will await your response tomorrow. I do not believe the *Merdelin* case you cited is persuasive. The main reason that the plaintiff's motion to compel other discrimination charges and lawsuits was denied was to request being over broad. The plaintiff had requested information and documents for all discrimination charges and lawsuits including for protected categories that the plaintiff was not suing for. In our request, we have limited the request to the protected categories that Plaintiff is suing for.

EXHIBIT
5

For production requests 30 through 39, I withdraw the requests relating to Leslie McGinnest. Plaintiff is not in agreement with Defendant's proposal that only documents relating to Plaintiff found in the personnel files be produced. Plaintiff is entitled to the personnel files of all of the decision-makers. See the case previously cited.

For production request 45, and 49 through 51, I am in agreement of proposals made in your letter so long as the agreed protective order indicates that these documents will be produced after the close of discovery should any part of Defendant's anticipated motion for summary judgment or should Defendant fail to file a motion for summary judgment.

Plaintiff will withdraw production request 5 and 44.

Very truly yours,

Mark Pando

# HUBBARD & O'CONNOR, LTD.

ATTORNEYS AT LAW
900 WEST JACKSON BOULEVARD
SIX WEST
CHICAGO, ILLINOIS 60607

(312) 421-5960
FACSIMILE: (312) 421-5310

ELIZABETH L. HUBBARD
JOHN CAMPBELL O'CONNOR
BRIAN EKSTROM                                  June 6, 2008

*Via Facsimile and U.S. Mail*

Mark Pando
Asonye & Associates
11 South LaSalle Street
Suite 2140
Chicago, IL 60603
FAX: 312-795-9114

Re:    **Jordan v. R&O Aurora, Inc., No. 07 C 6452**

Dear Counsel:

This letter is sent in the spirit of Local Rule 37.2, in an effort to resolve without the need for court action the remaining discovery issues with regard to the Defendant's responses to discovery issued by Plaintiff.

First, with regard to Interrogatory 7 and Request 28 relating to Lewis Gregg's status as a supervisor for purposes of Title VII, we will continue to agree that Gregg was Plaintiff's supervisor during a period of the Plaintiff's employment during which Gregg was a supervisor and Plaintiff worked under Gregg, but we are not sure what you want in regard to being a supervisor for purposes of Title VII. Could you please explain what exactly this relates to and what the purposes of any stipulation would be?

With regard to Interrogatory 12 and Request 8, we will agree to the production of charges of sexual harassment, discrimination and retaliation from 2001 at R&O. This information is not separately compiled and it will take some time to go through all the personnel files and put it together. As such, we will get back to you by next week about when we will be able to get this information and get it to you.

With respect to the personnel files sought in Requests 30 through 39, Amanda Olson is the only decision-maker with respect to either the suspension or transfer to first shift of the Plaintiff. We will agree to produce any documents from Olson's personnel file relating to performance matters with respect to EEO matters and human resources matters. This should address your concerns with respect to these Requests.



EXHIBIT
6

## HUBBARD & O'CONNOR, LTD.

In addition, please find enclosed documents Bates-stamped RO-J000127 through RO-J000176, which contain Lewis Gregg's personnel file.

Best regards,

Brian Ekstrom
HUBBARD & O'CONNOR, LTD.

Enclosure
BE/be
CC:     Matt Pappas
        R&O Specialties, Inc.

# HUBBARD & O'CONNOR, LTD.

**ATTORNEYS AT LAW**
**900 WEST JACKSON BOULEVARD**
**SIX WEST**
**CHICAGO, ILLINOIS 60607**

---

(312) 421-5960
FACSIMILE: (312) 421-5310

ELIZABETH L. HUBBARD
JOHN CAMPBELL O'CONNOR
BRIAN EKSTROM

*Via Facsimile and U.S. Mail*

June 13, 2008

Mark Pando, Esq.
Asonye & Associates
11 South LaSalle Street
Suite 2140
Chicago, IL 60603
FAX: 312-795-9114

Re:   **Jordan v. R&O Aurora, Inc., No. 07 C 6452**

Dear Counsel:

We are in receipt of your motion to compel filed with the District Court on June 11, 2008. We are surprised by your motion because it addresses issues on which we have either reached agreement or were working to reach agreement. In our view, court action is not necessary to resolve these issues. As you presumably know, Local Rule 37.2 requires that before the court hears a motion to compel the parties must conduct good faith negotiations to reach an accord on discovery disputes. The issues you raise in your motion have either been agreed upon, are new issues that you have not previously raised or are issues on which the parties have not yet reached an impasse in negotiations. We therefore request that you withdraw your motion to compel by Monday, June 16 to avoid wasting the court's time on these issues. I will briefly address each of the issues you raise in your motion and why we believe your motion is improper.

You have moved to compel the production of the contact information of employees who have complained of Lewis Gregg's conduct. This after you received Gregg's personnel file which we had agreed to produce. You have not previously raised this issue with us. It is a clear violation of Local Rule 37.2 to move to compel this information without at least making an attempt to engage in a consultation on this issue.

You moved that we produce the contact information of people who worked with Lewis Gregg. We previously provided the names of non-supervisors who worked with Gregg and agreed that we would provide their last known addresses. This is not a discovery dispute and there is no reason to compel the production of this information.

1

EXHIBIT
7

## HUBBARD & O'CONNOR, LTD.

Regarding Lewis Gregg's "supervisor" status and people disciplined by Gregg, we have not reached an impasse in our negotiations on this issue. My letter from last week sought further information from you about what exactly it was that you wanted with regard to this issue and for what purpose. We had not refused to provide a stipulation on this issue as you had requested but were attempting to find out the appropriate scope of any stipulation to which we would agree. A motion to compel is improper on this issue because the parties' efforts at reaching an accord were not exhausted.

You moved to compel information relating to other complaints against Defendant even though we agreed last week to produce this information. It is inappropriate for you to move to compel right after we reached an agreement on that very issue. It is unlikely that Judge Coar will be happy to hear a motion on this "dispute" when no dispute in fact exists.

Regarding Amanda Olsen, I indicated in my letters from May 1 and May 20, 2008 that Defendant does not have a job description for her position but you have moved to compel anyway. Obviously, your motion on that issue will be fruitless and should be withdrawn because no job description exists. With respect to Olsen's personnel file, we had not yet reached an impasse in our negotiations. We made a compromise proposal last week to which we have not heard a response other than your motion to compel. This is an inappropriate response given that you have not exhausted negotiations on this issue. Your motion should be withdrawn on this issue.

You have moved to compel financial records which we have already agreed to produce because we have not given you a protective order. This does not make any sense. We did agree to enter into a protective order but we had not established who was to draft the order or a timeline for when it was to be completed or entered. You have never raised this issue and there is no dispute. This is not a proper issue to bring to the court's attention.

Regarding the privilege log, you have not previously raised this issue after we had agreed to produce a log and there is no "dispute." Your motion to compel is unnecessary and improper.

Finally, you have moved to compel the Defendant to provide a further answer to interrogatory no. 1 after you reviewed Gregg's personnel file. You did not raise this issue prior to your motion to compel as you are required under Rule 37.2. You should withdraw your motion on this issue.

Because in our view you have not followed the requirements of Local Rule 37.2, Judge Coar will most likely refuse to address the issues you have raised in your motion. We request that you withdraw your motion or identify the portion thereof you intend to withdraw by Monday, June 16, 2008 or call me if you wish to discuss this matter.

# HUBBARD & O'CONNOR, LTD.

Best regards,

Brian Ekstrom
HUBBARD & O'CONNOR, LTD.

BE/be
CC:    Matt Pappas
       R&O Specialties, Inc.

3

JUN. -13' 08 (SUN) 14:59                                                    P. 001

```
** CONFIRMATION REPORT **


TRANSMISSION
TRANSACTION(S) COMPLETED


NO.  DATE/TIME    DESTINATION           DURATION PGS    STATUS   MODE

005  JUN. 13 14:55              7959114  0° 03' 29"  004    OK       NORMAL
```

# FAX COVERSHEET
## HUBBARD & O'CONNOR LTD.
### 900 WEST JACKSON BOULEVARD SUITE SIX WEST
### CHICAGO, ILLINOIS 60607
### TELEPHONE: (312) 421-5960
### FACSIMILE: (312) 421-5310

**TO:**   Uche Asonye and Mark Pando – Asonye & Associates

**FROM:**   Brian Ekstrom

**CLIENT / MATTER:** Jordan v. R&O Aurora
                     Case # 07 C 6452

**DATE:**        June 13, 2008

**FAX NUMBER: 312-795-9114**

**TOTAL PAGES INCLUDING COVER SHEET:    4**

### *COMMENTS*:

This Message is intended only for the use of the individual or entity to which it is addressed, and may contain information that is privileged, confidential and exempt from disclosure under applicable law. If the reader of this message is not the intended recipient, or the employer or agent responsible for delivering the message to the intended recipient, you are hereby notified that any dissemination, distribution or copying of this communication is strictly prohibited. If you have received this message

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

KIONA JORDAN,                )    Case No.: 07-CV-6452
    Plaintiff,               )
                             )    Judge: David H. Coar
    v.                       )
                             )    Magistrate Judge: Morton Denlow
R&O AURORA, INC.,            )
    Defendant.               )

## DEFENDANT'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES DIRECTED TO DEFENDANT

Defendant, R&O Aurora, Inc. ("R&O"), by and through its attorneys, John O'Connor and

Brian Ekstrom of Hubbard & O'Connor, Ltd. and Matthew Pappas of Pappas & Schnell, hereby

answer Plaintiff Kiona Jordan's ("Jordan" or "Plaintiff") First Set of Interrogatories Directed to

Defendant as follows:

## GENERAL OBJECTIONS

Defendant has the following general objections to Plaintiff's First Set of Interrogatories

Directed to Defendant:

1.     Defendant objects to Plaintiff's First Set of Interrogatories to the extent they are

vague, ambiguous, overbroad, unduly burdensome, call for a legal conclusion and seek

information that is confidential, unlikely to lead to the discovery of admissible evidence,

irrelevant, privileged, the subject of attorney client privilege and attorney work product, an

improper subject of inquiry under Federal Rules of Civil Procedure 26 and 33 or in Plaintiff's

possession or otherwise equally available to Plaintiff.

−1−



EXHIBIT
8

2.      Defendant objects to Defendant's First Set of Interrogatories to the extent they seek to violate privacy and other rights of third parties.

These General Objections are applicable to each and every one of the following answers and objections, and failure to repeat a General Objection in response to a specific interrogatory shall not be deemed a waiver of the objection.

## ANSWERS

1.      Identify each person who supervised Plaintiff, to whom Plaintiff reported, or who gave directions to Plaintiff during her employment with Defendant.

**Answer:** Defendant objects to interrogatory no. 1 on the basis that it seeks information that is overly broad and irrelevant and not reasonably calculated to lead to the discovery of admissible evidence and seeks information already in Plaintiff's possession. Without waiving said objections, Plaintiff was supervised at various times by Ray Ebner, Lewis Gregg and Norma Vargas. Pursuant to FRCP 33, see also the documentation identified in Defendant's Rule 26(a) Disclosures. Investigation continues and this answer will be supplemented when further information becomes available.

2.      For each person identified in response to number 1 above, state the time period during which each such person supervised Plaintiff.

**Answer:** Defendant objects to interrogatory no. 1 on the basis that it seeks information that is overly broad and irrelevant and not reasonably calculated to lead to the discovery of admissible

evidence and already in Defendant's possession. Without waiving said objections, Ray Ebner

supervised Plaintiff from her date of hire, December 7, 2005, until on or about June 26, 2006.

Lewis Gregg supervised Plaintiff from on or about June 26, 2006 until on or about July 5, 2006.

Norma Vargas supervised Plaintiff from on or about July 5, 2006 until she resigned, her last day

of work being on or about July 26, 2006. Pursuant to FRCP 33, see also the documentation

identified in Defendant's Rule 26(a) Disclosures. Investigation continues and this answer will be

supplemented when further information becomes available.

3.      Identify each person who supervised Louis Greg ("Greg"), to whom Greg reported, or

        who gave directions to Greg during his employment with Defendant and for each person

        identified, state the time period of said supervision.

**Answer:** Defendant objects to interrogatory no. 3 on the basis that it seeks information that is

not relevant and is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections, Lewis Gregg was supervised by Don Chapman during the

period he supervised Plaintiff.

4.      Identify each present or former employees of Defendant who have worked in the same

        department as Greg or under his supervision, and for each person identified, state his/her

        dates of employment and/or dates of such supervision.

**Answer:** Defendant objects to interrogatory no. 4 on the basis that it is overly broad and unduly

burdensome, seeks information that is not relevant and it is not reasonably calculated to lead to

the discovery of admissible evidence.  Subject to and without waiving these objections, pursuant

to FRCP 33, see also the information and documentation identified in Defendant's Rule 26(a)

Disclosures.  As of July 2006, the following individuals reported to Lewis Gregg:  Angela Haros,

Clarissa James, Marlen Limon, Taquilla Stephens, Francis Frigo, Allen Helm, Jon Johnson,

Christopher Perry, Terri Lane, Lou Autman, Percy Dukes, Angel Gonzalez, Agustin Matamoros,

Gerardo Calderon, Richard Heft, Stanley Keen, Crescencio Martines and Charles Martin.

Investigation continues and this answer will be supplemented when further information becomes

available.


5.    Identify each employee, including Plaintiff, who has alleged, complained or reported that

       he/she was sexually discriminated against, sexually harassed or subjected to retaliatory

       conduct by Greg and for each person identified, state the dates, nature and particulars of

       his/her allegations.

**Answer:**  Defendant objects to interrogatory no. 5 on the basis that it is overly broad and unduly

burdensome, seeks information that is not relevant, is not reasonably calculated to lead to the

discovery of admissible evidence and seeks information already within the possession of

Plaintiff's counsel.  Subject to and without waiving these objections, no employee made any such

allegations, complaints or reports against Gregg at or prior to the time Plaintiff made such

allegations.  See documents identified in Defendant's Rule 26(a)(1) disclosures.

6.    Identify each position held by Greg during his employment with Defendant and for each

position identified, state the dates, his job duties, his supervisor and subordinates while in

said position.

**Answer:** Defendant objects to interrogatory no. 6 on the basis that it is overly broad and unduly

burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the

discovery of admissible evidence. Without waiving these objections, Gregg was a forklift driver

from the time of his hire on or about April 18, 2005 until on or about June 26, 2006, during

which time he was supervised at various times by Sam Stockton, Norma Vargas and Juanita

Hernandez. Starting on or about June 26, 2006 he held the position of supervisor in the kitter

department during the relevant time period that he supervised Plaintiff. Gregg supervised the

kitters, whose job duties included ordering materials, picking up parts, building kits and driving

fork lifts. Gregg's supervisor was Don Chapman.

7.    Identify each person that has been disciplined or evaluated by Greg, including but not

limited to any of the following: verbal warnings or reprimands, written warnings or

reprimands, suspensions or terminations, written or unwritten performance evaluations.

**Answer:** Defendant objects to interrogatory no. 7 on the basis that it is overly broad and unduly

burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the

discovery of admissible evidence. Defendant further objects on the grounds that interrogatory

no. 7 seeks information that may violate the privacy rights of third parties. Without waiving

these objections, during the time Gregg supervised Plaintiff, he did not give Plaintiff any

–5–

discipline or evaluation.

8.    Identify each class and/or position held by Plaintiff, the dates that she held each such

position, the name of each person who participated in the decision to place her in said

class or position, and each fact supporting each reason that she was place [sic] in said

class and/or position.

**Answer:** Defendant objects to interrogatory no. 8 on the basis that it is overly broad, unduly

burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the

discovery of admissible evidence and seeks information already in Plaintiff's possession.

Without waiving these objections, Plaintiff was hired by Defendant as a "floater" on December 7,

2005, she was moved to a "kitter" position on or about January 30, 2006 but may have been

performing kitter duties before that.  On or about July 5, 2006, Plaintiff was moved to a "repack"

position by human resources director Amanda Olson and project manager Don Chapman in order

to move her away from Lewis Gregg and accommodate her request.  Pursuant to FRCP 33, see

also documents Bates-stamped Nos. 1 to 93.

Investigation continues.

9.    For each position or class identified in number 9 [sic] above, describe the duties of each

such position or class, the location where Plaintiff worked in said position and identify

each person who may be aware of any facts relating to the decision to place Plaintiff in

said class or position.

**Answer:** Defendant objects to interrogatory no. 9 on the basis that it is overly broad, unduly burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence and seeks information already in Plaintiff's possession. Without waiving these objections, pursuant to FRCP 33, see documents identified in Defendant's Rule 26 Disclosures Bates-stamped 1-93, and kitter job information identified in response to Plaintiff's document requests.

Investigation continues.

10. Describe each disciplinary action and/or counseling issued to Plaintiff during her employment with Defendant and for each incident identified, describe the dates, nature of discipline, the individuals who participated in the decision to issue said discipline, and each fact supporting the reasons for each such discipline.

**Answer:** Defendant objects to interrogatory no. 10 on the basis that it is overly broad, unduly burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, pursuant to FRCP 33, see documents identified in Defendant's Rule 26(a) disclosures Bates-stamped 1-93.

11. If Plaintiff was transferred, demoted, or suspended at any time during her employment, describe with specificity, the date each such action, the decision makers in connection with each such action, each reason for each such action and all facts supporting each reason for each such action.

**Answer:** Defendant objects to interrogatory no. 11 on the basis that it is overly broad, unduly burdensome, seeks information that is not relevant and seeks information that is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, pursuant to FRCP 33, see documents identified in Defendant's Rule 26(a) disclosures Bates-stamped 1-93.

12.     Describe in detail all sex discrimination, harassment, and/or retaliation charge(s), lawsuit(s), and/or complaint(s), including internal complaints and grievances, made against Defendant or any of its employees from 2001 to the present. In your description of each such matter, state:

    a.      the name of the complaining party, charging party or plaintiff;
    b.      the name of the agency or court with whom the charge or suit was filed;
    c.      the charge number, case number or any other identifying number of each such claim;
    d.      the acts of discrimination alleged; and
    e.      the disposition of the matter.

**Answer:** Defendant objects to interrogatory no. 12 on the basis that it is overly broad, unduly burdensome, seeks information that is not relevant and is not reasonably calculated to lead to the discovery of admissible evidence. Without waiving these objections, see response to interrogatory no. 5.

13.     Identify each person(s) who Defendant believe [sic] has any information or knowledge of

facts relating to Plaintiff's charge, complaint allegations or Defendant's defense to such,

and for each person identified, state each fact that he/she may be aware of.

**Answer:** Defendant objects to interrogatory no. 13 on the basis that it is overly broad, unduly

burdensome. Without waiving these objections, pursuant to FRCP 33 Defendant directs Plaintiff

to in Defendant's Rule 26(a) disclosures and documents Bates-stamped 42-93. Individuals

having knowledge of the facts relating to Plaintiff's charge, complaint, allegations and

Defendant's defenses to such may include human resources director Amanda Olsen, Lewis Gregg

and Don Chapman.   See also Defendant's Rule 26(a)(1) disclosures.

Investigation continues.



14.    Identify each individual who was counseled or disciplined as a result of Plaintiff's

allegations or complaint of discrimination or harassment, and describe the dates and

nature of each discipline issued.

**Answer:** Defendant objects to interrogatory no. 14 on the basis that it seeks information that is

irrelevant and it is not reasonably calculated to lead to the discovery of admissible evidence.

Without waiving these objections, pursuant to FRCP 33, please see documents Bates-stamped

42-93.



15.    Identify each person whom Defendant will or may call as an expert witness at the trial of

–9–

this case, and with respect to each such person, describe the nature and subject of his or her testimony.

**Answer:** Defendant has not yet determined whether it will call an expert witness or the identity of any such expert witness but will identify any expert witness under FRCP 26.   Investigation continues.

16.   Identify each person who was interviewed by Defendant in connection with its investigation of Plaintiff's allegations and for each person identified, describe in detail each statement given by him or her in connection with the investigation.

**Answer:** See documents produced by Defendant Bates-stamped 42-93.

17.   Identify each person who participated in Defendant's investigation of Plaintiff's complaint and for each person identified, state the nature of such participation, identifying each person who may have been interviewed, the dates and facts gathered from of each such interview.

**Answer:** Defendant objects to interrogatory no. 17 to the extent that it seeks information protected by attorney-client privilege. Without waiving this objection, see documents produced by Defendant Bates-stamped 42-93.

18.    State each fact and/or witness that may support Defendant's defense that Plaintiff's

potential recovery is barred in whole or in part because Defendant exercised reasonable

care to prevent and correct promptly any harassing, discriminatory, or retaliatory behavior

and Plaintiff unreasonably failed to take advantage of preventive and corrective

opportunities provided by Defendant or to avoid harm otherwise.

**Answer:** See Defendant's Rule 26(a) Disclosures and documents produced generally and

documents Bates-stamped 1-93. See also Plaintiff's Complaint and charge. Facts supporting

Defendant's defenses include, among others, Defendant's sexual harassment policy, Defendant's

sexual harassment training procedures, the investigation conducted by Defendant pursuant to

Plaintiff's complaint, the discipline of accused harasser Lewis Gregg and the transfer of Plaintiff

at her request to another shift.

Investigation continues.

Respectfully Submitted,
R&O Aurora, Inc.,


One of Its Attorneys

–11–

John O'Connor
Brian Ekstrom
Hubbard & O'Connor, Ltd.
900 West Jackson Boulevard
Six West
Chicago, Illinois 60607
(312) 421.5960

Matthew P. Pappas
PAPPAS & SCHNELL, P.C.
1617 Second Avenue, Suite 300
Rock Island, IL 61201
Telephone: (309) 788-7110

## CERTIFICATE OF SERVICE

TO:    Uche O. Asonye
       Mark Pando
       Asonye and Associates
       11 S. LaSalle St.
       Suite 2140
       Chicago, IL 60603
       (312) 795-9110


   I, Brian Ekstrom, certify that I caused to be served on the foregoing **Defendant's Response to Plaintiff's First Set of Interrogatories Directed to Defendant** by and First-Class U.S. Mail, proper postage prepaid, upon the above-named counsel for Plaintiff, on this 3rd day of March, 2008, by depositing same in the U.S. Mail located at 901 West Jackson Boulevard, Chicago, Illinois 60607.


HUBBARD & O'CONNOR, LTD.
John O'Connor
Brian Ekstrom
900 W. Jackson Blvd., Suite 6 West
Chicago, IL 60607
(312) 421-5960

−13−

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

KIONA JORDAN,                          )
                                       )
            Plaintiff,                 )
                                       )  Civil Action No. 07 C 6452
                                       )
v.                                     )  Judge: Coar
                                       )
R&O AURORA, INC,                       )  Magistrate Judge: Denlow
                                       )
                                       )
            Defendant.                 )
                                       )

## DEFENDANT'S ANSWER TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

Defendant, R&O Aurora, Inc. ("R&O"), by and through its attorneys, John O'Connor and Brian Ekstrom of Hubbard & O'Connor, Ltd. and Matthew Pappas of Pappas & Schnell, hereby answer Plaintiff Kiona Jordan's ("Jordan" or "Plaintiff") Second Set of Interrogatories Directed to Defendant as follows:

## ANSWER TO INTERROGATORIES

1.      State the date and each reason why Louis Greg was terminated from Defendant, identify each individual who may have knowledge of any facts regarding such, and identify what knowledge each such person may have.

**ANSWER:** Defendant objects to Interrogatory No. 1 on the basis that it is neither relevant nor reasonably calculated to lead to the discovery of admissible evidence



EXHIBIT
9

because Mr. Greg was terminated after Plaintiff Kiona Jordan left the employment of

Defendant.

                                        Respectfully Submitted,
                                        R&O Aurora, Inc.,

                                        One of Its Attorneys

John O'Connor
Brian Ekstrom
HUBBARD & O'CONNOR, LTD.
900 West Jackson Boulevard
Six West
Chicago, Illinois 60607
(312) 421.5960

Matthew P. Pappas
PAPPAS & SCHNELL, P.C.
1617 Second Avenue, Suite 300
Rock Island, IL 61201
Telephone: (309) 788-7110

## **VERIFICATION**

Under penalties as provided by law pursuant to 28 U.S.C. §1746, the undersigned certifies that she is the director of human resources of R & O Aurora, Inc.; that she has read the foregoing Defendant's Answer to Plaintiff's Second Set of Interrogatories; that she knows the contents thereof; and that said Answer is true and correct to the best of her knowledge and belief.

Amanda Olson

## CERTIFICATE OF SERVICE

TO:  Uche O. Asonye
     Mark Pando
     Asonye and Associates
     11 S. LaSalle St., Suite 2140
     Chicago, IL 60603

 

 

I, Brian Ekstrom, certify that I caused to be served on the foregoing **Defendant's Answer to Plaintiff's Second Set of Interrogatories** by First-Class U.S. Mail, proper postage prepaid, upon the above-named counsel for Plaintiff, on this 28th day of April, 2008, by depositing same in the U.S. Mail located at 901 West Jackson Boulevard, Chicago, Illinois 60607.

John O'Connor
Brian Ekstrom
HUBBARD & O'CONNOR, LTD.
900 W. Jackson Blvd., Suite 6 West
Chicago, IL  60607
(312) 421-5960