IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KIONA JORDAN,<br>    Plaintiff, | Case No.: 07-CV-6452 |
| | Judge: David H. Coar |
| v. | |
| | Magistrate Judge: Morton Denlow |
| R&O AURORA, INC.,<br>    Defendant. | |

## AGREED PROTECTIVE ORDER

The parties, by their respective counsel, stipulate and agree to the following Order:

WHEREAS, On November 14, 2007 Plaintiff Kiona Jordan ("Plaintiff") filed this action alleging violations of Title VII of the Civil Rights Act of 1964, as amended (42 U.S.C. § 2000e *et seq.*) against Defendant R&O Aurora. Inc. ("R&O"), arising from her employment with R&O.

WHEREAS. Plaintiff has propounded certain discovery to R&O requesting it produce certain documents, including confidential financial records;

WHEREAS, R&O treats this information and these documents as highly confidential and strictly limits access to this information or these documents; and

WHEREAS, good cause exists to protect the confidentiality or Defendant's financial information;

WHEREAS, the Plaintiff is seeking punitive damages in certain of her counts in the case under Title VII;

WHEREAS, the Parties have agreed that in the event that any of the Plaintiff's claims for which she is seeking punitive damages survive summary judgment or Defendant does not file a summary judgment motion, the Defendant will produce financial records relating to the financial status of the Defendant in order to determine the appropriate amount of punitive damages, if any, to be awarded to the Plaintiff in the event the Plaintiff is successful at trial on any of the claims for which she seeks punitive damages.

1. All financial information, if any, produced by Defendant R&O, sufficient to show the financial status of the Defendant in order to determine the appropriate amount of punitive damages, if any, to be awarded to the Plaintiff in the event the Plaintiff is successful at trial on any of the claims for which she seeks punitive damages, shall be deemed confidential.

2. The documents specified in pamgraph 1 above shall be collectively referred to herein as "Confidential Material" and shall be conspicuously stamped "Confidential."

3. In the event that any of the Plaintiff's claims for which the Plaintiff seeks punitive damages survives summary judgment or the Defendant does not in fact file a motion for summary judgment, the Defendant shall provide to the Plaintiff the confidential material identified in Paragraph 1 above within a reasonable time before trial after the District Court Judge rules

on all claims at issue in the Defendant's summary judgment motion, if any, or within a reasonable time before trial after the last date on which the Defendant is allowed to move for summary judgment in the event Defendant chooses not to do so.

4. The confidential material shall be disclosed only to the parties, their counsel, and any employees of or experts retained by their counsel, and only for the purposes of assisting in the conduct of the above-referenced litigation. Each party will designate "confidential" material as such upon production of such material.

5. All confidential material shall be used only for the purpose of the proceedings in this action and shall not be used in any other lawsuit, claim or cause of action or in any other way unless ordered by a court of competent jurisdiction.

6. All confidential material shall not be divulged by Plaintiff or her counsel to anyone, except for purposes of this litigation.

7. All such persons to whom confidential material is disclosed shall be shown a copy of this Agreed Protective Order and shall be bound by its terms, except for purposes of a hearing or trial in this action. Such persons shall execute a nondisclosure agreement in the form attached hereto as Exhibit A.

8. Deposition testimony dealing with material protected by this Order may be designated

"Confidential" by so advising the court reporter. The court reporter shall separately transcribe those portions of the testimony so designated and shall mark the cover page of such transcript accordingly.

9. In the event any confidential material is used in any proceeding herein prior to the trial of this case, it shall not lose its confidential status through such use and the parties shall take all steps reasonably required to proteel against misuse or disclosure of such confidential material.

10. Upon conclusion of this litigation, whether by decision, settlement, or otherwise, counsel of record and each party, person, and entity who obtained confidential material or information claimed to be confidential shall return the originah and all copies of the confidential material, except that all materials constituting work product of counsel of record shall be immediately destroyed or maintained as confidential under this order so long as it exists. No originals, copies, summaries or other embodiment of any such confidential material will be retained by any person or entity to whom disclosure was made.

IT IS SO ORDERED

SIGNED THIS 6th day of August, 2008.

*Morton Denlow*
_____
Hon. Judge Denlow

EXHIBIT A
NON-DISCLOSURE AGREEMENT

    I, _____, having received and review a copy of the Protective Order entered in Kiona Jordan v. R&O Aurora, Inc., No. 07 C 6452, governing the confidentiality of documents and other confidential material, and I agree to be bound by the terms thereof.  I further agree that I will not disclose to third parties any material or information that is designated by any party as confidential, except as provided in the Protective Order.

DATED: _____    _____