IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIONA JORDAN, | ) | Case No.: 07-CV-6452 |
|     Plaintiff, | ) | |
| | ) | Judge: David H. Coar |
| v. | ) | |
| | ) | Magistrate Judge: Morton Denlow |
| R&O AURORA, INC., | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S MOTION TO BAR DEFENDANT FROM ASSERTING CERTAIN DEFENSES AND FILING A MOTION FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, Kiona Jordan, by her undersigned attorney, and for her motion to bar Defendant from asserting certain defenses and filing a motion for summary judgment, states as follows:

1. That Plaintiff served her first set of production requests upon Defendant on January 23, 2008.

2. That Plaintiff's production request number 8 requested "All documents which relate to any sex discrimination, sexual harassment or retaliation, assault or battery lawsuit, charge or complaint, including internal grievances, made or filed against Defendant from 2001 to the present."

3. That on June 11, 2008, Plaintiff filed a motion to compel requesting, among other things, that Defendant produce documents responsive to production request number 8. (D. 17).

4. That the honorable Magistrate Judge Denlow ordered Defendant to produce documents responsive to Plaintiff's production request number 8 in open court on July 2, 2008. (D. 23).

5. That on July 23, 2008, the Defendant had not complied with Magistrate Judge Denlow's order of July 2, 2008, having turned over no documents responsive to Plaintiff's production

request number 8.

6. That on July 23, 2008, Plaintiff brought a motion to enforce Magistrate Judge Denlow's order of July 2, 2008. (D. 27).

7. That at the hearing on Plaintiff's motion to enforce on July 30, 2008, Defendant's counsel requested additional time to produce documents responsive to Plaintiff's production request number 8 as these documents were not at Defendant's Joliet facility and that they had to review thousands of personnel files to obtain the documents. Based on these representations to the court, Magistrate Denlow dismissed Plaintiff's motion to enforce without prejudice and granted Defendant until September 3, 2008, to produce documents responsive to Plaintiff's production request number 8.

8. That on August 19, 2008, during the deposition of Michael Saltzmen, Defendant's human resources manager, he stated that he had turned over documents responsive to Plaintiff's production request number 8 to Terri Fildes of the law firm of Pappas and Schnell, P.C. in June of 2008.[1] (Exhibit 1- Dep. of Saltzman p. 14).

9. That during the deposition of Michael Saltzman, it was determined that an individual by the name of Lewanda Hamilton had filed a charge of sexual harassment and retaliation against the Defendant in August of 2007 and that he had turned over all documents relating to that investigation to Defendant's counsel in June of 2008.

10. On August 21, 2008, Plaintiff's counsel requested that Defendant's counsel turn over all documents related to Lewanda Hamilton's charge of discrimination and investigation of

---

[1]That Terri Fildes and Pappas and Schnell, P.C. represent Defendant in this matter and are operating as co-counsel on the case. (See Exhibit 2, pp. 4, 6).

same. (See Exhibit 3).

11. That in an effort to speed up the process, Plaintiff's counsel also sent this request directly to Terri Fildes asking that she turn over said documents to Plaintiff directly on August 21, 2008. Instead, Terri informed Plaintiff's counsel that she provided them to her co-counsel Ms. Hubbard who would forward them to Plaintiff's counsel. (Exhibitit 4).

12. That five days later on August 26, 2008, Defendant's counsel e-mailed an unsigned copy of Lewanda Hamilton's IDHR charge, notice of dismissal for lack of substantial evidence, IDHR investigation report, and response to the investigator's official evidence request. However, Defendant did not provide Plaintiff with its position statement in the Hamilton matter. After requests by Plaintiff's counsel, Defendants' counsel sent Plaintiff's counsel a signed copy of Lewanda Hamilton's charge on August 28, 2008, and its position statement on September 3, 2008. Such is evidence that Defendant has implemented a consistent strategy of only turning over responsive documents on an as-caught basis.

13. On August 22, 2008, Defendant's counsel sent Plaintiff's counsel 22 pages, bates numbered RO-J 000431 to RO-J 000453, of separation notices of employees that had been terminated for harassment and creating a hostile work environment from October 2004 through October 2006. These responsive documents were actually prepared for the Lewanda Hamilton case and submitted by Defendant's attorneys to the IDHR in that case on June 12, 2008. (Exhibit 5). As such, Defendant's counsel was in possession of these responsive documents since June, well before Plaintiff's filing of her motion to enforce.

14. That on August 22, 2008, Defendant's counsel also sent Plaintiff's counsel various documents related to prior sexual harassment complaints. Defendant produced separation

    notices and other termination documents for employees terminated for harassment or creating a hostile work environment. That for at least 18 of these employees, Defendant only provided the termination documents and no other documentation, such as investigation reports, e-mails, notes or complaints of harassment. As for the rest of the individuals terminated for harassment or creating a hostile work environment, Defendant only provided termination documents and "conversation forms". It is unclear from the documents produced whether any e-mails, written notes, underlying complaints, investigatory documents, or subsequent charges of discrimination are missing as Defendant only turned over separation notices, unemployment documentation, and these "conversation forms."

15. That the documents produced by Respondent indicate that three individuals, Charla Ellis, Ysavel Ramirez, and Thiasha Coleman made complaints of harassment shortly before they were investigated and terminated for various infractions. Defendant produced some documents related to the investigation directed at Ellis, Ramirez, and Coleman after their complaints, but Defendants have not turned over documents related to theses individuals' underlying complaints of discrimination, witness statements, investigation and/or discipline resulting from their original complaints.

16. That the deadline for filing motions for summary judgment has been set for September 15, 2008. (D. 15).

17. That Defendant's dilatory tactics and failure to produce responsive documents has severely prejudiced Plaintiff in her ability not only to bring a motion for summary judgment, but to defend against one as well.

18. Indeed, these termination documents withheld for so long by Defendant should have been

produced pursuant to Rule 26 as they directly relate to Defendant's affirmative defense. Plaintiff should not have to so labor to obtain them. These termination documents will be used to support Defendant's claim that it took reasonable steps to prevent and correct promptly any sexual harassment by terminating offenders. At the same time however, Defendant has not turned over the underlying internal complaints or investigatory documentation that would allow Plaintiff to challenge said assertion.

19. That Plaintiff did not have any of the documents relating to other claims of harassment and hostile work environment for the depositions of human resources manager Michael Saltzman on August 19, 2008, and director of human resources Amanda Olson on August 7, 2008, even though Defendant's counsel had said documents in its possession and had been previously ordered by Magistrate Denlow to turn them over.

20. That Plaintiff will need to redepose Michael Satlzman and Amanda Olson with the subsequently produced documents concerning employees who had engaged in harassment and created a hostile work environment as the investigation and disposition of these complaints by Saltzman and Olson go directly to the Ellerth/Faragher affirmative defense asserted by Defendant, i.e. that Defendant took reasonable steps to prevent and correct promptly *any* sexual harassment.

21. That, however, the Court's calendar will not likely provide sufficient time to redepose Amanda Olson and Michael Saltzam as same can not be done without moving the trial date.

22. That without further testimony from Michael Saltzman and Amanda Olson regarding these other investigations into harassment and hostile work environment and without all documents related to these investigations, Plaintiff's ability to bring a motion for summary

judgment as to the availability of Defendant's Ellerth/Faragher affirmative defense will be severely limited. Further, without these documents and the ability to question Defendant's human resources representatives on same, Plaintiff will be greatly prejudiced in defending against Defendant's assertion of the Ellerth/Faragher affirmative defense in its motion for summary judgment.

23. That at the time Plaintiff's motion to enforce was being heard, Defendant's attorneys had responsive documents in their possession and refused to turn them over to Plaintiff. Defendants have turned over responsive documents only on an as-caught basis significantly prejudicing Plaintiff. Instead of spending time producing these documents Magistrate Denlow ordered Defendant to produce, Defendant has made it clear that it is planning to bring a motion for summary judgment. (Exhibit 6). Defendant must not be allowed to proceed with its motion for summary judgment while at the same time blocking Plaintiff from filing her own by non-compliance with court orders and withholding relevant documents from the Plaintiff.

WHEREFORE, Plaintiff respectfully requests that the Honorable Court enter an order baring Defendant from filing a motion for summary judgment, asserting the Ellerth/Faragher affirmative defense and granting such other and further relief as the Court deems appropriate.

Respectfully Submitted,
Kiona Jordan,

/s Uche O. Asonye
One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 8th day of August 2008, served a true and accurate copy of the foregoing *PLAINTIFF'S MOTION TO BAR DEFENDANT FROM ASSERTING CERTAIN DEFENSES AND FILING A MOTION FOR SUMMARY JUDGMENT*, upon the following by electronically filing it with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brian Ekstrom, Esq.
Hubbard & O'Conner, Ltd.
900 West Jackson Boulevard, Six West
Chicago, Illinois 60607

          Respectfully Submitted,
          Kiona Jordan,


          /s Uche O. Asonye
          One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110