IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIONA JORDAN, | ) | Case No.: 07-CV-6452 |
|     Plaintiff, | ) | |
| | ) | Judge: David H. Coar |
| v. | ) | |
| | ) | Magistrate Judge: Sidney I. Schenkier |
| R&O AURORA, INC., | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S MOTION TO ENFORCE THE
ORDERS OF JULY 02, 2008 AND JULY 30, 2008**

NOW COMES Plaintiff, Kiona Jordan, by her undersigned attorney, and for her motion to enforce the orders of July 02, 2008 and July 30, 2008 compelling the Defendant, R&O Aurora, to provide supplemental discovery responses, states as follows:

1. That on July 02, 2008 a hearing was held on Plaintiff's motion to compel. (See Document 17).

2. That pursuant to the July 02, 2008 hearing, Defendant was to provide supplemental discovery response to production request 8 by July 16, 2008. (See Document 23).

3. That Defendant failed to provide supplemental response by July 16, 2008.

4. That as a result, Plaintiff filed a motion to enforce on July 23, 2008. (See Document 27). The motion was heard on July 30, 2008. The Court denied the motion without prejudice and

allowed Defendant until September 03, 2008 to supplement its response. (See Document 30).

5. That on August 19, 2008, Defendant's agent Mike Saltzman testified that he turned over some responsive documents to Defendant's attorneys in June 2008.

6. That Plaintiff's attorney exchange e-mails and had a telephone conference with Defendant's attorneys regarding the documents which Defendant's attorney were in possession of since June 2008.

7. That Defendant's attorneys produced responsive documents on August 22, 2008, August 26, 2008, August 28, 2008, and September 03, 2008.

8. That Defendant has failed to provide complete responsive to production request number 8.

9. That Defendant's response remains insufficient due to the following reasons:

   a) Defendant has provided separation notices of at least 30 individuals terminated for creating hostile work environment;

   b) However, Defendant did not produce all of the underlying documents such as the internal complaints made by the victims, any statements from witnesses, or documents generated by Defendant as a result of its investigations into the harassment such as e-mails and investigation notes;

    c)    Defendant provided the separation notices and some documents relating to alleged harassment by Charla Ellis, Ysavel Ramirez, and Thiasha Coleman. These three individuals complained of harassment themselves just prior to their terminations. Plaintiff seeks the same documents as in paragraph 9(b) above and wrote Defendant's attorney on September 08, 2008. (See Exhibit A). Plaintiff's attorney has not heard from Defendant's attorney and does not know if its attorney intends to comply.

    d)    Defendant has not provided documents of individuals who complained of harassment that did not result in the termination of the harasser; and

    e)    Defendant has only produced two charges of discrimination one of which its counsel had since June 2006. Defendant provided no documents relating to any lawsuits filed.

10.    That on September 05, 2008, Plaintiff sent a letter to Defendant's counsel regarding the aforementioned deficiencies. (Attached as Exhibit B).

11.    That Defendant's failure to produce the documents it had since June 2006 in a timely fashion and the failure to provide complete supplementation has prejudiced Plaintiff in that she is unable to file a motion for partial summary judgment precluding Defendant from asserting its *Ellerth/Faragher* affirmative defense as motions for summary judgment are due on September 15, 2008.[1] Furthermore, Plaintiff will be unable to adequately respond to a

---

[1] Judge Coar denied Defendant's unopposed motion to extend the deadline in which to file dispositive motions. See Document 37.

motion for summary judgment based on its *Ellerth/Faragher* affirmative defense.[2]

12. That upon full compliance by Defendant, Plaintiff should be allowed to redepose Mike Saltzman and Amanda Olsen to inquire about the recently produced documents at Defendant's expense. These two individuals were charged with investigating claims of harassment and enforcement of Defendant's harassment policy and such testimony would go to Defendant's *Ellerth/Faragher* affirmative defense.

WHEREFORE, Plaintiff respectfully requests that the Honorable Court enforce the order of July 02, 2008 compelling Defendant to provide supplemental discovery responses to Plaintiff, award Plaintiff costs in bringing this motion, and grant such other and further relief as the Court deems appropriate.

                      Respectfully Submitted,
                      Kiona Jordan,

                      /s Mark Pando
                      One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110

---

[2] Plaintiff filed her motion to bar Defendant from asserting certain defenses and filing a motion for summary judgment in front of Judge Coar today.

## CERTIFICATE OF SERVICE

     I hereby certify that I have on this 08th day of September 2008, served a true and accurate copy of the foregoing *Plaintiff's Motion To Enforce the Orders of July 02, 2008 and July 30, 2008*, to Defendant's counsel upon the following by electronically filing it with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

    Brian Ekstrom, Esq.
    Hubbard & O'Conner, Ltd.
    900 West Jackson Boulevard, Six West
    Chicago, Illinois 60607

                                             Respectfully Submitted,
                                           Kiona Jordan,

                                           /s Mark Pando
                                           One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110