**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| KIONA JORDAN, | ) | Case No.: 07-CV-6452 |
| Plaintiff, | ) | |
| | ) | Judge: David H. Coar |
| v. | ) | |
| | ) | Magistrate Judge: Morton Denlow |
| R&O AURORA, INC., | ) | |
| Defendant. | ) | |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF HER MOTION TO BAR
DEFENDANT FROM ASSERTING CERTAIN DEFENSES AND FILING A MOTION
FOR SUMMARY JUDGMENT**

NOW COMES Plaintiff, Kiona Jordan, by her undersigned attorney, and for her supplemental brief in support of her motion to bar Defendant from asserting certain defenses and filing a motion for summary judgment, states as follows:

1.  Defendant is attempting to manipulate the Court's scheduling order, which is typically fixed, to work undue prejudice on Plaintiff by precluding her from bringing a motion for summary judgment, putting on a competent defense to Defendant's motion for summary judgment, creating significant additional work for Plaintiff, and interfering with Plaintiff's litigation strategy and plan.

2.  That the Defendant was ordered to fully supplement its responses to Plaintiff's production request number 8 by September 3, 2008. In answering production request number 8, Defendant must search its records for and provide Plaintiff's counsel all documents which relate to any sex discrimination, sexual harassment or retaliation, assault or battery lawsuit, charge or complaint, including internal grievances, made or filed against Defendant from 2001 to the present. (D. 30).

3.   That on September 03, 2008, Defendant's counsel sent Plaintiff's counsel and e-mail stating that Defendant had fully complied with Magistrate Judge Denlow's order of July 30, 2008. (Exhibit 7).

4.   That after reviewing documents produced by Defendant , it became clear that Defendant had not turned over relevant documents related to at least three individuals. On September 8, 2008 at 11:07 a.m., Plaintiff's counsel e-mailed Defendant's counsel regarding these individuals requesting that they supplement their production. (Exhibit 8).

5.   That on September 8, 2008, at 4:35 p.m., Plaintiff's counsel filed the instant motion to bar Defendant from filing summary judgment and asserting the Ellerth/Faragher affirmative defense.  Plaintiff's counsel also filed a motion to enforce the orders of July 2, 2008, and July 30, 2008, in front of Magistrate Judge Denlow[1].

6.   That on September 8, 2008, at 6:11 p.m., Defendant's counsel sent an e-mail to Plaintiff's counsel with documents relating to charges of discrimination filed by Charla Ellis and Ysavel Ramirez. (Exhibit 9). These documents included Ysavel Ramirez's charge of sex discrimination, sexual harassment, *and* retaliation filed with the Illinois Department of Human Rights on March 16, 2006. (Exhibit 10). Along with Ramirez's charge, Defendant produced its verified answer and position statement. Both of these forms were prepared by

---

[1]Magistrate Judge Denlow forced Plaintiff to withdraw this motion at hearing on September 9, 2008, to provide Plaintiff time to review the 212 pages of documents submitted by Defendant the prior evening. That Magistrate Judge Denlow will not be able to hear any motions before the summary judgment deadline as he will not be available from September 15, 2008 through September 17, 2008.

Defendant's counsel at Pappas and Schnell in 2006. (Exhibit 11).

7.    That Ysavel Ramirez's charge of discrimination and all related documents fall unequivocally within the scope of production request number 8 as Ramirez had filed a charge for sex discrimination, sexual harassment and retaliation in 2006. However, once again, Defendant's counsel did not turn over these documents until they were caught by Plaintiff's counsel's discovery of their possible existence through detailed analysis of the documents produced and specific request relating to those individuals. Even then, its not clear that Defendant's counsel would have produced said documents if Plaintiff had not filed the instant motion approximately an hour and half before these documents were produced. In any event, as of September 3, 2008, one thing is for certain, Defendant had not fully complied with Judge Denlow's order of July 30, 2008.

8.    That Defendant's counsel is openly operating on a piecemeal and as-caught basis. Defendant's counsel stated to Plaintiff's counsel that he should identify the individuals that have made complaints of sex discrimination, harassment and retaliation by name when requesting additional documents. (Exhibit 12). This in effect places the burden on Plaintiff to catch Defendant's failures to disclose individual harassers or complainants before Defendant will produce the relevant documents. Plaintiff's counsel informed Defendant that such is utterly unreasonable as Plaintiff does not know the identity of these individuals. (Exhibit 13). Defendant is in control of these records and it is Defendant's duty to search its records thoroughly and comply with the Court's orders.

9.    That on September 9, 2008, during a telephone conference between Plaintiff's counsel Uche Asonye and Defendant's counsel Libby Hubbard, Defendant's counsel raised a relevance

objection to Plaintiff's production request number 8. After a motion to compel was granted and Plaintiff's motion to enforce was withdrawn on Defendant's contention that it would comply with the Magistrate's order is no time to be raising relevance objections. It appears that Defendant's counsel has no intention of complying with Magistrate Denlow's orders and that Defendant still has relevant documents not yet produced.

10.     That Defendant's conduct equates with the conduct of the Forest Preserve of Cook County sanctioned by the Honorable Arlander Keys in *Spina v. Forest Preserve Cook County*, 2001 U.S. Dist. LEXIS 19146 (N.D. Ill. 2001). In that case, the Defendant withheld relevant documents in its possession well past the close of discovery only to produce them on the eve of trial.[2] *Id* at *10-13. The court determined that it was apparent that the defendant withheld many documents until they were identified by witnesses or other documents. *Id.* at *12-13. The court sanctioned the Defendant by, among other sanctions, not requiring the plaintiff to prove any allegations that relied in part on the documents not produced. *Id.* at *14. This is exactly what the Defendant is doing in the instant case, turning over relevant documents it had been ordered to produce and had in their possession only after they had been identified by witnesses or through other documents.

11.     Whether by design or negligence, Plaintiff has been severely prejudiced by Defendant's conduct. Defendant's conduct has completely disoriented Plaintiff's discovery plan and overall case strategy. Plaintiff will be required to redepose Michael Saltzman and Amanda Olson in order to bring her own motion for summary judgment and defend against

---

[2]Note that in *Spina*, the defendants belated discovery responses and particular mode of turning over documentation, similar to those employed by Defendant in the instant matter, resulted in the trial date having to be reset twice. *Spina*, 2001 U.S. Dist. at *11 n.5.

Defendant's motion for summary judgment and use of the Ellerth/Faragher affirmative defense. However, Plaintiff will not likely have time to accomplish this before the deadline for bringing summary judgment motions.

WHEREFORE, Plaintiff respectfully requests that the Honorable Court enter an order barring Defendant from filing a motion for summary judgment, asserting the Ellerth/Faragher affirmative defense and granting such other and further relief as the Court deems appropriate.

Respectfully Submitted,
Kiona Jordan,

/s Uche O. Asonye
One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 10th day of August 2008, served a true and accurate copy of the foregoing *PLAINTIFF'S SUPPLEMENTAL BRIEF IN SUPPORT OF HER MOTION TO BAR DEFENDANT FROM ASSERTING CERTAIN DEFENSES AND FILING A MOTION FOR SUMMARY JUDGMENT*, upon the following by electronically filing it with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brian Ekstrom, Esq.
Hubbard & O'Conner, Ltd.
900 West Jackson Boulevard, Six West
Chicago, Illinois 60607

Respectfully Submitted,
Kiona Jordan,

/s Uche O. Asonye
One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Scott Fanning - 6292790
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110