

# Pappas & Schnell, PC
Attorneys at Law

**\*Matthew P. Pappas**
mpappas@pappasandschnell.com

June 6, 2006

**Via Facsimile (           ) & U.S. Mail**

ILLINOIS DEPARTMENT OF HUMAN RIGHTS
CASE ASSIGNMENT UNIT
100 West Randolph Street
Suite 10-100
Chicago, IL 60601

RE:  DHR Charge No.:   2006CF2556
     Complainant:      Ysabel Ramirez
     Respondent:       R & O

Dear Investigator:

This letter is the position statement of R & O in response to the Charge of Discrimination filed by Ysabel Ramirez ("Complainant"), which was received by R & O on April 7, 2006. R & O does not intend this position statement to be used as evidence in any formal proceeding that might result from any of Complainant's allegations. R & O does not consent to the use of this document as evidence in any form. Rather, we provide this information in good faith and in an effort to effectuate a prompt resolution. In addition, our investigation continues, and if required, an updated and amended position statement may be submitted.

\*Matthew P. Pappas
\*Molly O'Meara Schnell
†Patrick J. Flynn
\*Terri L. Martin
\*Karen J. Barrows
‡Melissa A. Hancock

Counsel to the firm
\*Roy W. Van Der Kamp
Stuart R. Lefstein

\*Also admitted in Iowa
†Also admitted in Iowa, Minnesota and Tennessee
‡Also admitted in Iowa and Wisconsin

1617 Second Avenue, Suite 300   P.O. Box 5408
Rock Island, Illinois 61204-5408
P 309.788.7110   F 309.788.2773
www.pappasandschnell.com



EXHIBIT 11


**Pappas & Schnell, PC**
Attorneys at Law

Department of Human Rights
June 6, 2006

## Position Statement

Complainant, Ysabel[1] Ramirez, has made numerous discrimination and retaliation allegations in her charge with the Department of Human Rights, none of which bear any truth. Her allegations are such a complete distortion of events that, rather than addressing each claim, an accurate detail of her work history and termination will better serve to present R & O's position.

### About R & O Specialties

R & O is a minority owned and operated business with a facility in Joliet, Illinois. R & O's facility is physically housed within the Caterpillar plant in Joliet, Illinois. R & O provides logistic services for Caterpillar.

R & O takes a firm stance against discrimination and harassment. But what is equally important and pertinent to Complainant is that R & O takes a firm stance against any threat of workplace violence. R & O is a zero tolerance workplace and Complainant was terminated for making a threat of physical violence.

Work performance was never an issue with Complainant. She was never disciplined for poor performance and she was not terminated for poor performance. Quite opposite, she received a very good performance evaluation from the supervisor that she now alleges was discriminating against her.

### Complainant's Work History

R & O hired Complainant on June 10, 2004. She was hired as a *masker* in the paint area. Initially, her supervisor was Ray Lindley, but in May 2005, Juanita Hernandez became her new supervisor in the paint area.

---

[1] The Charge states Complainant's name as Ysabel Ramirez, but Complainant's name as it appears on her Resident Alien card is Ysavel Ramirez.



## Pappas & Schnell, PC
Attorneys at Law

Department of Human Rights
June 6, 2006

In August 2005, Complainant received a quite favorable performance evaluation, which was authored by Hernandez. Shortly thereafter and upon Complainant's request, Hernandez made Complainant a *painter*.

Despite these quite favorable events that are directly attributable to Hernandez, Complainant went to Don Chapman, Project Manager (who is Hernandez's supervisor), and complained that Hernandez was watching her more than the other employees in the area. Complainant felt that Hernandez was always looking at her and kept closer tabs on her.

In response, a meeting was held by Chapman with Hernandez, Complainant and Mark Beltran (to be Complainant's interpreter) present. In this meeting it was explained that Hernandez's role as a supervisor requires her to know the whereabouts of all of her employees and that she was not being singled out. At the conclusion of this meeting, Complainant appeared to be okay with everything.

No other complaint was made by Complainant. Importantly, Complainant never made a complaint of harassment or discrimination.

**Complainant's Transfer**

In November 2005, Complainant asked Don Chapman, the Project Manager (the boss for the entire area) to be transferred to the *washtank* area, which is a different area than *paint*. Complainant never explained why she wanted to transfer.

There is no formal procedure for requesting a transfer and no written request is required. Employees simply ask the Project Manager, who in this instance was Don Chapman. Whenever an employee wishes to transfer to another department, the employee will normally get his or her wish as soon as a position opens and when someone is available to fill the vacancy the transferring employee would cause. Because there is always someone who wants to be a painter, there was no problem on



**Pappas & Schnell, PC**
Attorneys at Law

Department of Human Rights
June 6, 2006

that end for Complainant. So, Complainant was given her transfer almost immediately.[2]

The *washtank* position is less strenuous than the *painter* position. As a painter, an individual must wear a hooded mask and body suit and hold a paint spray gun up for 5-1/2 to 6 hours at a time. This is not easy work. Whereas working in the washtank area, an employee simply puts parts in large tank along with detergent. Typically these are small parts. When the parts a larger, there is a hoist available.

Don Chapman saw Complainant daily and she never complained about her work or said she was in any sort of pain. It simply is not that type of work.

**Complainant's Termination**

On February 9, 2006, Complainant made a physical threat to Hernandez in front of Don Chapman and other witnesses.

On February 9, Complainant went to the paint area, where she had no business and should not have been, to visit with some men who did work in that area. This "visiting" was routine with Complainant. Daily, she would go to the paint area. Hernandez never approached Complainant about this, but instead would call Complainant's supervisor, Lou Vajko. By the time Vajko arrived Complainant was always gone. However, on February 9, 2006, Complainant did not just visit with her guy friends, she came up to Hernandez, slammed a water bottle on her desk, and demanded to know if she was "happy now."

Hernandez told Complainant she could not talk to Complainant without her own supervisor – Don Chapman – present. Immediately, Hernandez called Chapman to the area. Meanwhile, Complainant brought over Theresa Montelongo, another supervisor at R & O who is also Complainant's niece, to translate for her.

---

[2] R & O provides on the job training. Therefore, it does not require that an employee possess certain skills before transferring; R & O will teach those skills.


**Pappas & Schnell, PC**
Attorneys at Law

Department of Human Rights
June 6, 2006

By the time Complainant approached Hernandez again, Don Chapman had arrived. Complainant was agitated and was asking if Hernandez was happy now that she had all of the guys to herself. Lou Vajko happened to be passing through the area at this time and became a witness to the events.

Chapman told Complainant to go back to her area and calm down. Not heeding his advice, Complainant continued to yell at Hernandez. Chapman, again, told Complainant to go back to her area to calm down. And again, Complainant ignored this advice. Instead of going back to her area and calming down, Complainant continued to yell at Hernandez. The incident climaxed when Complainant told Hernandez that she "would see her outside." R & O has a zero tolerance policy for any sort of threat or hostile work environment and as soon as Chapman heard this threat, he terminated Complainant and escorted her out of the building.

This all occurred in a high traffic area within the plant, about the worst place for any highly charged individual to make a scene. While any number of individuals may have witnessed the scene, the individuals who were a "party" to the incident were Don Chapman (Project Manager), Lou Vajko (her Supervisor), Hernandez, and Theresa Montelongo (her niece).

Immediately after her termination, Complainant went to the office of Mike Saltzman, Assistant Human Resource Manager. This office is located outside of the plant where Complainant worked. Complainant stated that she felt she should not have been terminated, however, Complainant never stated she believed her termination was discriminatory or done in retaliation for anything.

**No Claim of Illegal Discrimination or Harassment Ever Made by Complainant**

R & O takes a firm stand against discrimination and harassment in its workplace. This is explained quite clearly in its anti-harassment policy and also enforced in practice. R & O's policy prohibiting illegal discrimination is explained clearly within the Employee Manual provided to all employees, including Complainant. This policy directs employees to immediately report any such activity to the Human Resources Manager. See attached Exhibits 1 & 2; Exhibit 2 replaced Exhibit 1 in January 2006.



**Pappas & Schnell, PC**
Attorneys at Law

Department of Human Rights
June 6, 2006

R & O investigates each and every claim of discrimination or harassment. Complainant never made a complaint to R & O alleging that she was being discriminated against or that she believed her supervisor, Hernandez, favored men. The only "complaint" made by the Complainant was to the Project Manager, Chapman, where she complained that she believed Hernandez was keeping closer tabs on her than Hernandez did on the other employees, male or female. Never did Complainant allege that she believed this was due to any protected status. Never did Complainant allege she was not receiving necessary equipment. Never did Complainant allege false rumors were being spread about her.

## CONCLUSION

Complainant, Ysabel Ramirez, is a disgruntled former employee. She was terminated for making a physical threat to Juanita Hernandez and now has re-created history in an attempt to get even. Complainant simply did not like her supervisor, Juanita Hernandez. But *never* did Complainant allege that Hernandez was discriminating against her because she was a female.

Should you need further information, documents or would like to speak to any employee, please contact us. If you need no further information, we request that you conclude your investigation and issue a recommendation that no probable cause exists and the Charge of Discrimination be dismissed.

Regards,

PAPPAS & SCHNELL, P.C.


Matthew P. Pappas

MPP:kjb
enclosures
cc: Kim Fox

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF: )
 )
YSABEL RAMIREZ )
 )
      Complainant, )
 ) CHARGE NO: 2006CF2556
and )
 )
R & O, )
 )
      Respondent. )

**VERIFIED RESPONSE TO CHARGE OF DISCRIMINATION**

Respondent, R & O answers the Charge of Discrimination filed against it by the Complainant, YSABEL RAMIREZ, as follows:

I.    **A. ISSUE/BASIS**

UNEQUAL TERMS AND CONDITIONS OF EMPLOYMENT – SEPTEMBER 17, 2006 [SIC], TO FEBRUARY 9, 2006/DUE TO SEX, FEMALE

**ANSWER:** Respondent denies all allegations contained in this paragraph.

**B. PRIMA FACIE ALLEGATIONS**

1.    My sex is female.

**ANSWER:** Respondent admits the allegation contained in this paragraph.

2.    My performance as a painter was satisfactory.

**ANSWER:** Respondent admits the allegation contained in this paragraph.

3. From at least September 17, 2005 to February 17, 2006, I was subjected to unequal terms and conditions of employment by Juanita Hernandez, Supervisor, who refused to give me the equipment I needed to perform my duties in a satisfactory manner, and later criticized my performance.

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

4. Male employees were given the equipment they needed to perform their duties in a satisfactory manner.

**ANSWER:** **Respondent admits that all employees are provided the equipment needed to perform their work satisfactorily, but denies all remaining allegations contained in this paragraph.**

## II. A. ISSUE/BASIS

HARASSMENT – SEPTEMBER 17, 2005 TO FEBRUARY 9, 2006/ DUE TO SEX, FEMALE

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

### B. PRIMA FACIE ALLEGATIONS

1. My sex is female.

**ANSWER:** **Respondent admits the allegation contained in this paragraph.**

2. My performance as a painter was satisfactory.

**ANSWER:** **Respondent admits the allegation contained in this paragraph.**

2

3.  From at least September 17, 2006 [sic] to February 9, 2006, I was harassed by Juanita Hernandez, Supervisor, who followed me around; spread false rumors about me; gave Respondent's upper management negative reports about my conduct based on the false rumors she spread about me; gave Respondent false information about my performance; and ignored me whenever I tried to talk to her.

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

4.  Male employees were not harassed in this manner.

**ANSWER:** **Respondent denies there was any harassment and therefore denies all allegations contained in this paragraph.**

III.  A. ISSUE/BASIS

HARASSMENT – SEPTEMBER 17, 2005 TO FEBRUARY 9, 2006/IN RETALIATION FOR OPPOSING UNLAWFUL DISCRIMINATION

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

B. PRIMA FACIE ALLEGATIONS

1.  In mid 2005, I opposed unlawful discrimination by complaining to Respondent's upper management about the way in which Juanita Hernandez, Supervisor, discriminated against me due to my sex, female.

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

2.  From at least September 17, 2006 [sic] to February 9, 2006, I was harassed by

3

Juanita Hernandez, Supervisor, who followed me around; spread false rumors about me; gave Respondent's upper management negative reports about my conduct based on the false rumors she spread about me; gave Respondent false information about my performance; and ignored me whenever I tried to talk to her.

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

3. Respondent harassed me more after I opposed unlawful discrimination, thereby, raising an inference of retaliatory motivation.

**ANSWER:** **Respondent denies any harassment occurred and therefore denies all allegations contained in this paragraph.**

IV. A. ISSUE/BASIS

TRANSFER – NOVMBER 8, 2005/IN RETALIATION FOR OPPOSING UNLAWFUL DISCRIMINATION

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

B. PRIMA FACIE ALLEGATIONS

1. In mid 2005, I opposed unlawful discrimination by complaining to Respondent's upper management about the way in which Juanita Hernandez, Supervisor, discriminated against me due to my sex, female.

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

4

2.      On or around November 8, 2005, Don Chapman, Project Manager, transferred me to another work area. The reason given was the complaint I had made about Hernandez.

**ANSWER:    Respondent admits Complainant transferred to another position, but Respondent denies all remaining allegations contained in this paragraph.**

3.      I was transferred from a position in which I had experience, and I could and actually did a very good job, to a position in which I had no experience, and which required an excessive amount of strength. More strength than I had. As a result of this, since then, until this date, I have been in constant pain, especially my left arm. Even very strong employees who performed those duties were, according to them, in constant pain.

**ANSWER:    Respondent admits Complainant transferred to another position and admits the Complainant was performing her work well, but Respondent denies all remaining allegations contained in this paragraph.**

4.      Respondent transferred me to an exceedingly difficult position after I opposed unlawful discrimination, thereby raising an inference of retaliatory motivation.

**ANSWER:    Respondent denies all allegations contained in this paragraph.**

V.   A. ISSUE/BASIS

DISCHARGE – FEBRAURY 9, 2006/IN RETALIATION FOR OPPOSING UNLAWFUL DISCRIMINATION

**ANSWER:    Respondent denies all allegations contained in this paragraph.**

5

### B. PRIMA FACIE ALLEGATIONS

1. In mid 2005, I opposed unlawful discrimination by complaining to Respondent's upper management about the way in which Juanita Hernandez, Supervisor, discriminated against me due to my sex, female.

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

2. On February 9, 2006, Don Chapman, Project Manager, discharged me. The reason given was misconduct.

**ANSWER:** **Respondent admits that Complainant was discharged by Don Chapman on February 9, 2006 for making a threat of violence, but Respondent denies all remaining allegations contained in this paragraph.**

3. I was discharged based on the false allegations made once more against me by Hernandez. I did nothing to deserve a discharge.

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

4. Respondent discharged me after I opposed unlawful discrimination, thereby, raising an inference of retaliatory motivation.

**ANSWER:** **Respondent denies all allegations contained in this paragraph.**

6

## ADDITIONAL DEFENSES

1. Complainant has failed to state a claim upon which relief may be granted.

2. Complainant has failed to establish a cause of action for unlawful discrimination under the Illinois Human Rights Act, 775 ILCS 5 § 1-101, et seq. or under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

3. Complainant unreasonably failed to take advantage of any preventive or corrective opportunities that are readily available and to otherwise avoid harm and therefore prevented Respondent's ability to investigate her allegations of sex discrimination and retaliation.

4. Complainant failed to mitigate her damages.

5. Respondent took action for nondiscriminatory reasons.

WHEREFORE, Respondent R & O denies that Complainant is entitled to any relief whatsoever and respectfully requests that the Illinois Department of Human Rights dismiss the Charge with prejudice and award Respondent R & O all of its costs and attorneys' fees in this matter.

                                    Respectfully submitted,

                                    R & O, Respondent


                                    By: _____
                                        Matthew P. Pappas
                                        PAPPAS & SCHNELL, P.C.
                                        Attorneys for Respondent

PAPPAS & SCHNELL, P.C.
1617 Second Avenue, Suite 300
Rock Island, IL 61201
Phone: (309) 788-7110
Fax: (309) 788-2773

Dated: June _____, 2006

7

STATE OF ILLINOIS
DEPARTMENT OF HUMAN RIGHTS

IN THE MATTER OF: )
)
YSABEL RAMIREZ, )
)
    Complainant, )
) CHARGE NO: 2006CF2556
and )
)
R & O, )
)
    Respondent. )

## VERIFICATION

Kim Fox, having been first duly sworn, states that she is Vice President of Human Resources for Respondent, R & O, that she has read the foregoing **VERIFIED RESPONSE TO CHARGE OF DISCRIMINATION**, and that the answers contained therein are true and correct to the best of her knowledge, information and belief.

                                                        Kim Fox
                                                        Vice President of Human Resources
                                                        R & O

**SIGNED AND SWORN** to before me,
a Notary Public, this _____ day of June, 2006.

_____
    Notary Public

8

## CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing Verified Response to the Charge of Discrimination was served upon:

>Ysabel Ramirez
>526 Algonquin
>Apt. #1
>Joliet, IL 60432

by depositing same in the U. S. Mail at Rock Island, Illinois 61201 on the ____ day of June, 2006.

_____

cc: CASE ASSIGNMENT UNIT
Illinois Department of Human Rights
100 West Randolph St.
Suite 10-100
Chicago, IL 60601