IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIONA JORDAN, | ) | Case No.: 07-CV-6452 |
|     Plaintiff, | ) | |
| | ) | Judge: David H. Coar |
| v. | ) | |
| | ) | Magistrate Judge: Morton Denlow |
| R&O AURORA, INC., | ) | |
|     Defendant. | ) | |

**PLAINTIFF'S SECOND RENEWED MOTION TO ENFORCE THE ORDERS OF JULY 02, 2008 AND JULY30, 2008**

NOW COMES Plaintiff, Kiona Jordan, by her undersigned attorney, and for her second renewed motion to enforce the orders of July 02, 2008 and July 30, 2008 compelling the Defendant, R&O Aurora, to provide supplemental discovery responses, states as follows:

**BACKGROUND**

This is case of sexual harassment and retaliation. Plaintiff claims that she was sexually harassed and that after she complained to Defendant, Defendant fabricated allegations against her, demoted and transferred her to an inferior position in retaliation for making a complaint. Defendant asserts that it has a zero tolerance policy and that it took reasonable care to prevent and correct promptly any sexual harassment. In other words, the Defendant is relying upon the Ellerth/Faragher affirmative defense. (D. 51, pp. 8-12).

**PLAINTIFF'S MOTION TO COMPEL FILED ON JUNE 11, 2008**

At issue is Plaintiff's production request number 8 requesting that Defendant produce "All documents which relate to any sex discrimination, sexual harassment or retaliation, assault or battery

lawsuit, charge or complaint, including internal grievances, made or filed against Defendant from 2001 to the present." (D. 17-2, p. 10). Said discovery request was served on Defendant on January 23, 2008. After Rule 37.2 conferences failed to resolve this matter, plaintiff brought a motion to compel production of said documents along with others on June 11, 2008. (D.17).

At the hearing on Plaintiff's motion to compel, the Court asked the parties to meet outside the courtroom to see if the disputes can be resolved. The parties did and returned and placed the agreement on the record. (Exhibit A, pp. 2-10) Prior, the Court had instructed that "And if the defendant disagrees, please... so state...silence will be deemed an affirmation" of the statement on the record. (Exhibit A, p. 3, lns. 12-25). The parties then stated on the record that "Production Request Number 8 . . . , Defendant will provide supplementation within 14 days." Defendant stated no objection, reservation or limitation at all. (Exhibit A, p. 4-5).

### PLAINTIFF'S ORIGINAL MOTION TO ENFORCE COMPLIANCE WITH ORDER OF JULY 2, 2008.

After the expiration of 14 days, Defendant failed to comply as ordered. On July 23, 2008, Plaintiff filed her first motion to enforce said order. (D. 27). At the hearing, the court asked what additional discovery responses were still outstanding and Defendant's counsel responded "Complaints against defendant going back to 2001." (Exhibit B, p. 3 lns. 3-7). He proceeded to explain that Defendant had to review thousands of personnel files. (Exhibit B, p. 3 lns. 8-10 ). Counsel represented that he had traveled to Aurora, Illinois and the documents were not there and that he would have to travel to the Quad Cities to review the personnel files. (Exhibit B, p. 3 lns. 19-25 to p.4 ln. 1). Based on this representation, the Court permitted counsel five weeks or until September 3, 2008, to obtain and produce said documents. (Exhibit B, p. 4). At no time during the

two hearings did Defense counsel indicate that there was any limitation to its responses to the production requests.

In the interim, during the deposition of Defendant's human resources officer, Michael Saltzman, Plaintiff learned that Saltzman had given some of the responsive documents to Defendant's co-counsel, Terri Fildes, at Pappas & Schnell. Defendant's co-counsel apparently had these documents as far back as June 2008 and had not produced them. (See Plaintiff's Motion to Bar, D. 40 ¶¶ 9-13). Plaintiff then began to seek to obtain these documents directly from Defendant's co-counsel.[1]  (Exhibit C).

After a series of e-mail exchanges during which Defendant turned over the documents held by Ms. Fildes slowly, sporadically, in piece-meal fashion, and only as identified by Plaintiff, it became clear that Defendant was not turning over responsive documents unless Plaintiff had learned of their existence through other means or a thorough review, investigation and analysis of documents previously produced.

### PLAINTIFF'S RENEWED MOTION TO ENFORCE ORDERS OF JULY 2, 2008 AND JULY 30, 2008

On September 3, 2008, the deadline for compliance with the order of July 30, 2008, after the close of business, Defendant sent Plaintiff's counsel an e-mail attaching documents that it claimed "constitutes compliance with Magistrate Judge Denlow's July 30th Order." (Exhibit D).  After reviewing said documents, it became clear to Plaintiff that Defendant was still withholding responsive documents, including some that counsel may have had as far back as June 2008.

---

[1] Summary judgment motions were to be submitted on September 15, 2008, and the Honorable Judge Coar had rejected a motion to extend the deadline. Plaintiff suggested that Defendant expedite the document production of the documents already in possession of Defense counsel.

Plaintiff's counsel wrote defense counsel about these deficiencies on the morning of September 8, 2008. After receiving no response to Plaintiff's e-mail, Plaintiff's filed her renewed motion to Enforce the Order of July 30, 2008 at approximately 4:35 p.m. (D. 43) along with a motion to bar Defendant from filing a motion for summary judgement and asserting the Ellerth/Faragher affirmative defense. (D. 40).

At around 6:11p.m. on September 8, 2008, Defendant e-mailed Plaintiff's counsel additional responsive documents, including a charge of discrimination filed with the Illinois Department of Human Rights for sexual harassment, discrimination and retaliation. (See Plaintiff's Supplemental Brief in Support of Motion to Bar, D. 51 ¶ 6). The next day at the hearing on Plaintiff's motion to enforce, Defendant's counsel advised the Honorable Judge Denlow that it had tendered additional responsive documents the evening of September 8, 2008. Based on said representation, the Court withdrew Plaintiff's motion to enforce pending a review of the documents tendered on September 8, 2008.

## DEFENDANT'S REFUSAL TO PROVIDE A FULL RESPONSE TO REQUEST NUMBER 8

After reviewing Defendant's documents produced on September 8, 2008, Plaintiff was able to ascertain that the majority, if not all, of the documents that were turned over were those held by defense co-counsel since at least June, 2008, and possibly earlier. (D. 40 ¶¶ 9-13; D. 51, ¶ 6). Plaintiff could also gather that Defendant only turned over documents that Plaintiff has specifically identified and the termination notices of employees that it claimed were terminated as a result of creating a hostile work environment. Defendant also turned over some documents related to the termination documents.

Defendant has failed and refuses to produce documents related to complaints of harassment

or retaliation where the perpetrator was not terminated or disciplined. In essence, Defendant has produced two sets of responsive documents. First, those that Plaintiff was able to specifically identify. Second, termination notices of those allegedly terminated for creating a hostile work environment, presumably to support its claim of zero tolerance and the Ellerth/ Farragher affirmative defense.

      Defendant has refused to provide responsive documents with respect to instances where no discipline or termination was issued to the perpetrator and where no actual charge or lawsuit of discrimination was filed such as internal complaints. Without these documents, Plaintiff is unable to effectively challenge Defendant's claim that it practiced a zero-tolerance policy and its Ellerth/Faragher affirmative defense.

      Defendant now claims, for the first time, that it never agreed to fully respond to production request number 8 and has refused to do so. (Exhibit E). It is unclear whether Defense counsel ever went to the Quad Cities to review any personnel files as the Court was advised as it appears its co-counsel had been in possession of the produced documents for several months while the motion to compel and to enforce were litigated and extensions sought.

      It is clear however, that Defendant has not made any search of their records as represented to the Judge. (Exhibit E). Defendant admittedly limited its compliance to only charges of sexual harassment, discrimination, and retaliation from 2001 against R&O. (Exhibit E, p. 2). Defendant has stated that it has not conducted a search "for all documents of anyone who was possibly accused of some type of sexual conduct since 2001 to the present." (Exhibit E, p.2).

      During the hearing on Plaintiff's motion to bar in front of Judge Coar, Defendant's counsel went as far as to claim that on June 6, 2008, the parties agreed to limit the scope of production

request number 8 to only charges of sexual harassment, discrimination and retaliation. (Exhibit F, p. 3 ln. 23 to p. 4 ln. 6). There was no such agreement and Defendant could not produce any documents showing that any such agreement was made. More telling is the fact that Defendant failed to mention this important and supposedly agreed upon limitation to the Court during the hearing on Plaintiff's motion to compel on July 2, 2008. (Exhibit A, p. 4-5).

In sum, Defendant has admitted that they have not produced all documents responsive to production request number 8 and have not even conducted a search for such documents in violation of the Court's orders of July 2, 2008 and July 30, 2008.

### DEFENDANT'S SUMMARY JUDGMENT MOTION FILED SEPTEMBER 15, 2008

On September 15, 2008, Defendant brought a motion for summary judgment on Plaintiff's claims, on the basis of its claimed zero tolerance policy to support its invocation of the Ellerth/Faragher affirmative defense. (D. 51, p. 9).

### CONCLUSION AND REQUEST FOR FEES AND COSTS

Based on the foregoing, Defendant should be required to fully comply with the order of July 30, 2008. In fact, under rule 26(a) Defendant should have produced these documents at the outset of the litigation or seasonably supplement as required. Defendant's motion for summary judgment demonstrates that these documents support and are related to its defenses to Plaintiff's complaint.

Automatic disclosure was required of Defendant without subjecting Plaintiff to the laborious task of investigating Defendant's documents for completeness, bringing these motions, and conducting critical depositions without benefits of documents relating to Defendant's defenses. Plaintiff thus requests that Defendant be ordered to comply with the order at issue and be held

responsible for Plaintiff's fees and costs for bringing these motions and redeposing Michael Saltzman and Amanda Olson.

                Respectfully Submitted,
                Kiona Jordan,

                /s Uche O. Asonye
                One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110

## CERTIFICATE OF SERVICE

I hereby certify that I have on this 16th day of September 2008, served a true and accurate copy of the foregoing *PLAINTIFF'S SECOND RENEWED MOTION TO ENFORCE THE ORDERS OF JULY 02, 2008 AND JULY30, 2008* , upon the following by electronically filing it with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Brian Ekstrom, Esq.
Hubbard & O'Conner, Ltd.
900 West Jackson Boulevard, Six West
Chicago, Illinois 60607

                Respectfully Submitted,
                Kiona Jordan,

                /s Uche O. Asonye
                One of Her Attorneys

Uche O. Asonye - 6209522
Mark Pando - 6283693
Scott Fanning - 6292790

Asonye & Associates
11 South LaSalle Street, Suite 2140
Chicago, Illinois 60603
312.795.9110