**Scott Fanning**

**From:** Uche Asonye
**Sent:** Thursday, August 21, 2008 12:31 PM
**To:** Mark Pando
**Subject:** FW: Jordan v. R & O Aurora - Production of Documents

---

**From:** Terri L Fildes [mailto:tfildes@pappasandschnell.com]
**Sent:** Thursday, August 21, 2008 12:27 PM
**To:** Uche Asonye
**Cc:** Elizabeth Hubbard - External; Brian Ekstrom; Nicole Olvera-Fout
**Subject:** RE: Jordan v. R & O Aurora - Production of Documents

Dear Mr. Asonye,

I have provided Ms. Hubbard with the documents regarding Ms. Hamilton for the time period of October 30, 2004 – October 30, 2006. Ms. Hubbard will be in touch with you regarding these documents.

# Terri L. Fildes

**Terri L. Fildes**
**Attorney at Law**
**Pappas & Schnell, P.C.**
**1617 Second Avenue, Suite 300**
**P. O. Box 5408**
**Rock Island, Illinois 61204-5408**
**309.788.7110 phone**
**309.788.2773 fax**

CONFIDENTIAL NOTE: THIS E-MAIL TRANSMISSION AND ANY ATTACHMENTS HERETO CONTAIN INFORMATION FROM THE LAW FIRM OF PAPPAS & SCHNELL, P.C.WHICH IS PRIVILEGED AND CONFIDENTIAL. THE INFORMATION IS INTENDED FOR THE SOLE USE OF THE INDIVIDUAL OR ENTITY TO WHOM IT IS ADDRESSED. IF YOU ARE NOT THE INTENDED RECIPIENT, YOUR USE, DISSEMINATION, FORWARDING, PRINTING OR COPYING OF THIS INFORMATION IS PROHIBITED. IF YOU HAVE RECEIVED THIS E-MAIL IN ERROR, PLEASE NOTIFY US BY TELEPHONE IMMEDIATELY SO THAT WE CAN ARRANGE FOR THE RETRIEVAL OF THE INFORMATION AT NO COST TO YOU.

---

**From:** Uche Asonye [mailto:uasonye@aa-law.com]
**Sent:** Thursday, August 21, 2008 12:12 PM
**To:** Terri L Fildes
**Cc:** Elizabeth Hubbard - External
**Subject:** FW: Jordan v. R & O Aurora - Production of Documents

Dear Ms. Fildes:

I am forwarding this e-mail to you as Mr. Saltzman claims to have given the documents directly to you. I will also fax same to you to ensure receipt.

EXHIBIT C

9/8/2008

**From:** Uche Asonye
**Sent:** Thursday, August 21, 2008 10:55 AM
**To:** 'ehubbard@hubbardoconnor.com'
**Cc:** 'mark@aa-law.com'; 'mpappas@pappasandschnell.com'; 'bekstrom@hubbardoconnor.com'
**Subject:** Jordan v. R & O Aurora - Production of Documents

Dear Ms. Hubbard:

This follows up on my message to you today. We received Judge's Coar's ruling denying an extended summary judgment briefing schedule, thus creating a crunch for all. By this letter, I request that you provide certain documents that Plaintiffs are likely to need for a response expeditiously. Plaintiff also needs these documents to evaluate and possibly support a motion for summary judgment.

You will recall that Defendant requested until September to produce some of these documents that formed the basis of Plaintiff's motion to compel and subsequent motion to enforce the order after compliance failed. Based on the testimony of Mike Saltzman, it seems that the production of at least some of the documents at issue would be relatively easy and can be done soon and prior to the September 3 date.

### Sexual Harassment Documents - Lawanda Hamilton
Mr. Saltzman testified that he tendered all of the documents related to these as far back as June 2008. He specifically testified that he gave all of the documents to your co-counsel at Pappas and Schnell in June 2008. There is no reason those documents should not have been turned over given that they have been in counsel's possession for approximately 2 months while the parties litigated Plaintiff's motion to compel and enforce. Mr. Saltzman, if asked, could probably turn the documents around immediately. A motion to enforce was not necessary with respect to these documents.

### Robert Dillon - Retaliation Claim Documents
I know that we have an agreement that these would be turned over asap. Please confirm what date we would have them.

### Documents Related to 5-10 Sexual Harassment Investigations by Mike Saltzman
Mr. Saltzman also testified that for the 3 years in the position, he had participated in 5-10 sexual harassment investigations. He stated that he may have e-mails to determine the names of the parties involved and get the requested documents. Pursuant to Rule 26 and our discovery requests, we ask that you provide us all e-mails related to these investigations. We also also ask that you provide e-mails of Ms. Olson as well as those others who participated in these investigations. This would not only comply with Rule 26, but will likely eliminate the need for an inspection of Mr. Saltzman's as well as Ms. Olson's computers and e-mail systems. It appears that Mr. Saltzman can provide responsive documents within a relatively short period of time. He testified that a search of his e-mails may reveal the names of parties involved whose personnel files will contain the documents at issue.

### Elcario Lopez - Documents Related to Investigations And Suspensions Pending Investigation
From what we have learned during the depositions, it appears that a brief review of Elcario Lopez's personnel file will expose all of the responsive documents related to his investigation and suspension. Please have Mr. Saltzman do so immediately. Ms. Olson also testified that there is another person who was suspended pending investigation in the summer of 2007 whose name she could not remember. She testified that Mr. Saltzman is aware of this individual and likely related documents. Can you check with him also to review and provide responsive documents along with the others.

### Felicia Wright's Investigation and Termination Documents
It appears that Ms. Wright was investigated and ultimately terminated allegedly pursuant to Defendant's sexual harassment policy. Responsive documents should also be easily obtained by Saltzam in a matter of hours from his description of the file storage process.

You have indicated several times that you are preparing a summary judgment motion. I also informed you that we are likely to bring a motion for
summary judgment as well. It is important that we receive these documents, at least the ones that have been

9/8/2008

available to counsel, immediately so that we would be able to respond to Defendant's summary judgment motion as well we evaluate the propriety of Plaintiff's. Waiting until September 3 to produce all of these documents will result in significant prejudice to Plaintiff.

I know that we have discussed re-deposing witnesses and such thereafter. However, Judge Coar's timeline may not permit Plaintiff enough time to do so prior to responding to the motion. In any event, judicial intervention should not be necessary given that Defendant has had the ability to produce a substantial number of the disputed documents for a while. I thus request that you produce them by the end of this week.

As such, we would have no choice but to seek appropriate relief in light of Defendant's failure to produce the documents that it had on a timely basis. We would be obligated to do so in order prevent significant prejudice to Plaintiff's case because Defendant should be not permitted to seek summary judgment on its affirmative defense while withholding documents that relate directly to Plaintiff's rebuttal of same. Please call me to discuss this matter at your earliest convenience.

Very Truly Yours,


Uche O. Asonye
Attorney at Law
Asonye & Associates
Attorney For Plaintiff
11 South LaSalle Street  #2140
Chicago, Ill   60603
(312) 795-9110
(312) 208-9110 (cell)
(312) 795-9114 (f)
uche@aa-law.com
uche_asonye@yahoo.com
www.aa-law.com

9/8/2008