IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| KIONA JORDAN, | ) | No. 07 C 6452 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Chicago, Illinois |
| | ) | September 15, 2008 |
| R & O AURORA, INC., | ) | 9:00 a.m. |
| | ) | |
| Defendant. | ) | Motion |

TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE DAVID H. COAR

APPEARANCES:

For the Plaintiff: ASONYE and ASSOCIATES
11 South LaSalle Street
Suite 2140
Chicago, Illinois 60603
BY: MR. UCHE O. ASONYE

For the Defendant: HUBBARD & O'CONNOR, LTD.
900 West Jackson Boulevard
Six West
Chicago, Illinois 60607
BY: MS. ELIZABETH HUBBARD

TRACEY DANA McCULLOUGH, CSR, RPR
Official Court Reporter
219 South Dearborn Street
Room 1420
Chicago, Illinois 60604
(312) 922-3716



THE CLERK: 07 C 6452, Jordan versus R & O Aurora, plaintiff's motion to bar defendant from asserting certain defenses and filing a motion for summary judgment.

MR. ASONYE: Good morning, Your Honor. Uche Asonye. I'm here on behalf of the plaintiff.

MS. HUBBARD: Good morning, Your Honor. Elizabeth Hubbard on behalf of the defendant.

THE COURT: All right. What's the defendant's response to the motion?

MS. HUBBARD: The defendant's response to the motion is that the documents which were agreed to under 37.2 have been submitted in total to the plaintiff. The plaintiff has now decided that he wants additional documents which we have made every effort to give to him.

The defendant does not track its suspension forms on the basis of category. Certain forms were turned over to the plaintiff that had been submitted to the IDHR in another case. They talk about how certain employees have been disciplined for what the company calls hostile environment. In fact, it is not legally correct that these situations are hostile environment within the eyes of the law.

THE COURT: I'm sorry. What has that do with discovery under the federal rules?

MS. HUBBARD: We have made every effort to comply with everything that the plaintiff --

THE COURT: Yes, ma'am, but what has the fact that it doesn't constitute a hostile environment under the law have to do with your obligation to produce information that might lead to the discovery of relevant --

MS. HUBBARD: Nothing.

THE COURT: -- material?

MS. HUBBARD: It has nothing to do --

THE COURT: Then why would you mention that?

MS. HUBBARD: Because of the fact that I think the plaintiff believes that what we're giving him is, in fact, legally actionable suspension forms as a hostile environment. That is not the case. That situation has, in fact, been -- I mean, the documents have been produced to the plaintiff. And, in fact, the circumstances of how these hostile environment forms came into existence really has been explained to him. I would be happy to brief this if Your Honor is entertaining granting this motion.

THE COURT: Oh, I am most certainly entertaining granting the motion with sanctions.

MS. HUBBARD: Well, you need to have then a full understanding.

THE COURT: Then give it to me.

MS. HUBBARD: Okay. On June 6th, 2008, we had a 37.2 exchange of correspondence with the plaintiff's counsel in which we agreed to produce all charges of sexual harassment,

discrimination, and retaliation. This, in fact, was agreed to. And on June 11th, 2008 the plaintiff filed a motion in which they are referring to their request No. 8 for information of documents as to all sexual harassment charges and lawsuits. That was the framework in which our documentation production proceeded.

We have now submitted additional documents to the plaintiff, which are exclusive of the 37.2 agreement that we reached with him. Apparently the plaintiff's counsel has now changed his mind and backed out of our 37.2 agreement and wants additional documentation --

THE COURT: Was that agreement reduced to writing?

MS. HUBBARD: It's in their motion. Yes, and our submission to him is in writing. That's why if you want to entertain this, you need to see these documents because it is --

THE COURT: Ma'am, don't tell me what I need to do --

MS. HUBBARD: Okay.

THE COURT: -- in order to rule on the case. If you have the documents, I'll take a look at them, but don't tell me how to do my job.

MS. HUBBARD: Your Honor, I am not sure I brought the e-mail exchange that went to the plaintiff's lawyer with me in court.

THE COURT: This matter is referred to the magistrate

judge.

MS. HUBBARD: All right.

THE COURT: Renotice your motion up before the magistrate judge. If the defendant's going to file an answer, the answer needs to be filed by Thursday.

MS. HUBBARD: Your Honor, our summary judgment motion is due to be filed today. We are prepared to file it.

THE COURT: Then you need to file it today.

MS. HUBBARD: We will, yes.

MR. ASONYE: Your Honor, if I may respond to counsel's --

THE COURT: No, ma'am -- no, sir. It's referred to the magistrate judge. We've spent enough time on this thing, and I'm referring it to the magistrate judge.

MS. HUBBARD: Okay.

MR. ASONYE: Thank you, Your Honor.

MS. HUBBARD: We will file our motion for summary judgment today.

THE COURT: Ma'am, thank you. I don't need that information.

CERTIFICATE

I HEREBY CERTIFY that the foregoing is a true, correct and complete transcript of the proceedings had at the hearing of the aforementioned cause on the day and date hereof.

*/s/TRACEY D. McCULLOUGH* *September 16, 2008*

Official Court Reporter Date
United States District Court
Northern District of Illinois
Eastern Division