# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| KIONA JORDAN, | ) |
| | ) |
| Plaintiff, | ) |
| | ) No.  06 C 6452 |
| v. | ) |
| R&O AURORA, INC. | ) JUDGE DAVID H. COAR |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

At issue are two motions from Plaintiff Kiona Jordan.  First, Plaintiff asks the Court to set aside Magistrate Judge Denlow's orders of September 22, 2008 denying Plaintiff's motions to enforce earlier orders and to bar Defendant R&O Aurora, Inc., from asserting certain affirmative defenses.  The second motion is related to the first: Plaintiff moves for relief under Fed. R. Civ. P. 56(f) to continue Defendant's Motion for Summary Judgment so that Plaintiff can obtain additional discovery and conduct additional depositions.  The additional discovery would seek the same evidence that was the subject of Judge Denlow's orders.  For the reasons stated below, Plaintiff's motion to set aside Magistrate Judge Denlow's orders is **DENIED**.  Plaintiff's Rule 56(f) motion is **DENIED**.

1. Background

This is case of sexual harassment and retaliation. Plaintiff claims that she was sexually harassed by another employee at her workplace, and that after she complained to Defendant, Defendant fabricated allegations against her, demoted and transferred her to an inferior position in retaliation for making a complaint.  Defendant contends that the allegations of sexual harassment were untruthful.  Defendant also asserts, as an affirmative defense, that it has a zero

tolerance sexual harassment policy and that it took reasonable care to prevent and correct promptly any sexual harassment (the "*Ellerth/Faragher* affirmative defense"). *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 765 (1998); *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998); *Jackson v. County of Racine*, 474 F.3d 493, 501 (7th Cir. 2007).

Plaintiff's production request No. 8, served upon Defendant on January 23, 2008, asks for "[a]ll documents which relate to any sex discrimination, sexual harassment or retaliation, assault or battery lawsuit, charge or complaint, including internal grievances, made or filed against Defendant from 2001 to the present." Defendant objected to this request as, *inter alia*, overly broad and unduly burdensome. Pursuant to Local Rule 37.2, the parties agreed in June 2008 that Defendant would produce documentation of "*charges* of sexual harassment, discrimination, and retaliation from 2001 at R&O." Letter from Brian Ekstrom to Mark Pando (June 6, 2008) (emphasis added).

On June 11, 2008, Plaintiff filed a motion to compel the production pursuant to production request No. 8. Following hearings before Magistrate Judge Denlow on July 2 and 30, 2008, Defendant agreed to produce documents responsive to production request No. 8. Defendants then produced only documentation of *formal charges* of sexual harassment, sex discrimination, and retaliation filed with administrative agencies. However, in addition to the formal charges and complaints, Plaintiff sought all internal grievances and complaints dating from 2001, and filed a second renewed motion to enforce. On September 22, 2008, Magistrate Judge Denlow denied this request as unduly burdensome. He also denied Plaintiff's motion to bar Defendant from asserting the *Ellerth/Faragher* defense and filing a motion for summary judgment. Defendant filed its summary judgment motion on September 15, 2008. Plaintiff's Motion to Set Aside Magistrate Judge Denlow's Order challenges these denials.

## 2. Analysis

### a. Plaintiff's Motion to Set Aside Magistrate Judge Denlow's Orders

When reviewing a magistrate judge's decision with respect to a nondispositive pretrial matter, a district court judge may modify or set aside any part of the order that is clearly erroneous or contrary to law. Fed. R. Civ. P. 72. The clear error standard means that the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made. *Sommerfield v. City of Chicago*, 252 F.R.D. 407, 409 (N.D. Ill. 2008) (citing *Weeks v. Samsung Heavy Indus. Co.,* 126 F.3d 926, 943 (7th Cir. 1997)). Because magistrate judges are afforded broad discretion in the resolution of discovery disputes, several courts have concluded that Rule 72 requires the district court to employ an abuse of discretion standard of review. *Sommerfield*, 252 F.R.D. at 409.

Plaintiff asserts that a defendant may use its implementation of an effective sexual harassment policy in the workplace to satisfy an element of the *Ellerth/Faragher* affirmative defense, and that evidence of internal grievances and complaints is relevant to whether that sexual harassment policy was actually effective. Therefore, Plaintiff concludes, Magistrate Judge Denlow clearly erred by denying Plaintiff's motion to compel the production of documentation of internal grievances and complaints of sexual harassment, sex discrimination, and retaliation, because Defendant's withholding of those documents prevents Plaintiff from challenging Defendant's affirmative defense. As a corollary, Plaintiff additionally contends that Magistrate Judge Denlow clearly erred by denying Plaintiff her motion to bar Defendant from asserting the affirmative defense and filing a motion for summary judgment.

Magistrate Judge Denlow did not commit clear error by denying either of these motions. Plaintiff's arguments misconstrue the *Ellerth/Faragher* affirmative defense. As the Supreme

Court stated in *Ellerth*, in certain circumstances, an employer defending against a sexual harassment claim may

> may raise an affirmative defense to liability or damages . . . compris[ing] two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any sexually harassing behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise.

524 U.S. at 745. The first element of the defense can be satisfied in part if the employer can demonstrate that it has promulgated an antiharassment policy with a complaint procedure suitable to the employment circumstances. *Id.* Proof that the plaintiff failed to use the complaint procedure provided by the employer will normally suffice to satisfy the employer's burden of showing the plaintiff's failure to fulfill her obligation of reasonable care to avoid harm under the second element of the defense. *Id.*

Plaintiff does not dispute that Defendant had promulgated an antiharassment policy. Instead, she argues that *Ellerth/Faragher* requires a showing of the *effectiveness* of that policy as applied to other employees. Presumably, evidence that other employees of R&O Aurora had previously complained of harassment would demonstrate that the antiharassment policy was ineffective. Generally, the *Ellerth/Faragher* formulation above does not contemplate such an inquiry—it requires only the existence of a reasonable policy and a showing that the individual plaintiff in the present case failed to follow its procedures—but Plaintiff cites several lower court interpretations of the affirmative defense to support her position. These citations are inapposite for several reasons. First, Plaintiff's reading of these cases misinterprets the "effectiveness" of an antiharassment policy as its success in *preventing* sexual harassment rather than the reasonableness of its provisions and procedures. *Episcopo v. GMC*, 128 Fed. Appx. 519, 523 (7th Cir. 2005) (a policy is effective if it is not procedurally defective, as in case of policy that fails to

designate a person to receives complaints of harassment) (citing *Gentry v. Export Packaging Co.*, 283 F.3d 842, 847 (7th Cir. 2001)). Second, even in cases where courts have determined that evidence of previous internal grievances or complaints of sexual harassment is relevant to the first prong of the *Ellerth/Faragher* affirmative defense, that evidence has been restricted to sexual harassment complaints against the same employee or supervisor. Here, Plaintiff seeks *all* internal complaints of sexual harassment, sex discrimination, or retaliation, not restricted to the employee who allegedly harassed her. Magistrate Judge Denlow correctly determined that the low probative value of such evidence would be outweighed by the burden to Defendant of combing through seven years of personnel files for internal complaints of sexual harassment, especially when Defendant had already produced formal sexual harassment charges and complaints. A court may limit discovery that is unreasonably cumulative, duplicative, or burdensome, Fed. R. Civ. P. 26(b)(2), and Magistrate Judge Denlow's restriction on discovery was not clearly erroneous.

### b. Plaintiff's Motion for Relief Under Fed. R. Civ. P. 56(f)

Fed. R. Civ. P. 56(f) provides that if a party opposing a summary judgment motion shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition, the court may order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken. Plaintiff invokes Rule 56(f) and requests that Defendant's Motion for Summary Judgment be continued so that Plaintiff can obtain additional discovery: (1) documentation of internal grievances and complaints of sexual harassment, as discussed above, and (2) the redepositions of witnesses Mike Saltzman and Amanda Olson.

Because Magistrate Judge Denlow has already denied Plaintiff's request for the production of internal grievances or complaints of sexual harassment, and that denial was not

clearly erroneous for the reasons discussed above, Plaintiff's Rule 56(f) motion is denied as it relates to those documents. With respect to the depositions, while Defendant did not produce documents responsive to Plaintiff's production request No. 8 until September 3, 2008, discovery had already been extended to October 15, 2008, and Plaintiff had an additional six weeks after the production of those documents to redepose the two witnesses. Therefore, Plaintiff's Rule 56(f) motion is also denied with respect to redeposing Saltzman and Olson.

### 3. Conclusion

For the foregoing reasons, Plaintiff's Motion to Set Aside Magistrate Judge Denlow's Orders is **DENIED**. Plaintiff's Rule 56(f) motion is **DENIED**. Plaintiff is directed to file a response to Defendant's Motion for Summary Judgment by November 12, 2008, and Defendant shall reply by December 2, 2008.

Enter:

/s/ David H. Coar
David H. Coar
United States District Judge

Dated: **October 28, 2008**